LATHAM & WATKINS LLP
Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Serrin Turner (*pro hac vice*)
*serrin.turner@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendants Gen Digital Inc. and Jumpshot Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

GRACE LAU, CHRISTOPHER KARWOWSKI, MELODY KLEIN, MICHAEL MCBRIDE, and AIMEN HALIM, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GEN DIGITAL INC., a corporation, and JUMPSHOT INC., a corporation,

Defendants.

Case No.: 3:22-cv-08981-RFL

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

Hearing: March 5, 2024
Time: 10:00 a.m.
Location: Courtroom 15—18th Floor
Judge: Hon. Rita F. Lin

## I. INTRODUCTION

Defendants Gen Digital Inc. and Jumpshot Inc. (collectively "Defendants") respectfully request that the Court consider the following documents attached to the Declaration of Michael H. Rubin (the "Rubin Declaration"), and submitted in connection with Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint ("FAC"):

1. **Exhibit A**: screenshot of the notification appearing when a customer attempts to download Avast's "Avast Online Security & Privacy" browser extension with Google Chrome from the Google Chrome Web Store.

2. **Exhibit B**: screenshot of the notification appearing when a customer attempts to download Avast's "Avast Online Security & Privacy" browser extension with Microsoft Edge from the Microsoft Edge Web Store.

These documents are properly considered by the Court because they are incorporated by reference into the FAC and/or are subject to judicial notice under Rule 201 of the Federal Rules of Evidence. First, Exhibits A and B go to the heart of Plaintiffs' claims, which depend on Plaintiffs' central allegation that they "did not know of or consent to Gen Digital and Avast's interception of the details about visitors' access to and activities on such websites and Internet search engines." FAC ¶ 209. They are each therefore incorporated into the FAC and, as explained below, are subject to review by this Court in deciding Defendants' motion to dismiss. Second, both Exhibits are also properly subject to judicial notice under Federal Rule of Evidence 201 because each of these webpages is a matter of public record or available in the public domain, and each is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

## II. LEGAL STANDARD

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint and consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

A document is incorporated by reference in a pleading "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *Id.* (citations omitted). The Ninth Circuit has extended this doctrine to situations in which "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties to do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The doctrine "applies with equal force to internet pages as it does to printed material." *Id.* A court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja*, 899 F.3d at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

Additionally, judicial notice is proper where the information at issue is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also id.* at (c) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."). Thus, in considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court may consider judicially noticeable material without converting the motion into one for summary judgment. *See, e.g., Khoja*, 899 F.3d at 999; *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

## III. ARGUMENT

### A. Exhibits A and B Are Incorporated By Reference in the Complaint and Properly Subject to Judicial Notice

Exhibits A and B are true and correct copies of screenshots of privacy prompts displayed to users seeking to download Avast Online Security & Privacy ("AOSP") from the Google Chrome Web Store and Microsoft Edge Web Store, respectively. Each prompt shows that, before downloading AOSP from either store, a user is advised that the extension "can [r]ead and change all your data on all websites," and is given the option to "Add extension" or "Cancel."

Google Chrome Store




Microsoft Edge Store




Notably, Plaintiffs allege that "AOSP is available to consumers for download from the Google Chrome Web Store and the Microsoft Edge Web Store," FAC ¶ 36, and that all five named Plaintiffs downloaded the Avast extensions "on the Chrome web browser," *id.* ¶¶ 135, 139, 143, 150, 156.

Although the FAC does not specifically cite these privacy notices, "plaintiff's claim depends on [their] contents," making the exhibits appropriate for consideration by this Court. *Knievel*, 393 F.3d at 1076. That is because Plaintiffs' claims here necessarily depend on Plaintiffs' lack of consent to the "interception" complained of, and Plaintiffs have placed their allegation that they "never consented to having Gen Digital and Avast intercept" browser communications at the center of their FAC. FAC ¶ 14. If Plaintiffs in fact consented to that interception—as Defendants contend they did by clicking "Add extension" after being told that the browser extensions could "[r]ead and change all your data on all websites"—they have no viable claim.

Where, as here, Plaintiffs' claims are fundamentally premised on whether they consented to Defendants' alleged conduct, judicial notice of the agreements in which Plaintiffs so consented is proper. In this regard, *Garcia v. Enterprise Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015), is particularly instructive. There, a plaintiff based his wiretapping claim on an allegation "den[ying] having conferred his consent" to the acquisition of certain information, while carefully omitting any mention in his complaint of the defendant's privacy policy and terms of service that disproved that allegation. *Id.* The court held that those documents were nonetheless incorporated by reference: "Because Plaintiff's claim necessarily depends on the application of Zimride's policies—which relate directly to the issue of consent—the Court finds that these documents may appropriately be considered on a motion to dismiss." *Id.* The court explained that, even though not

mentioned in the plaintiff's complaint, the privacy policies were "'crucial' or 'essential' to the plaintiff's claims" and thus could be considered alongside the plaintiff's bare denial of consent. *Id.* at 1136–37 (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)). So too in *Silver v. Stripe Inc.*, which held that because a wiretapping claim "depend[s] on consent," and "a reasonably prudent user would have been aware of Instacart's privacy policy when placing an order," consideration of consent and privacy policies was "appropriate on a motion to dismiss." 2021 WL 3191752, at *2–3 (N.D. Cal. July 28, 2021).

Additionally, Exhibits A and B are subject to judicial notice, because they consist of screenshots of "publicly accessible websites whose accuracy and authenticity is not subject to dispute." *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (citations omitted), *rev'd on other grounds*, *In re Facebook, Inc. Sec. Litig.,* 85 F.4th 844 (9th Cir. 2023). Courts routinely take judicial notice of the existence and contents of terms of use and privacy policies akin to the notices here. *See, e.g.*, *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (observing that "three publicly available Google webpages" and "four versions of Google's Privacy Policy" "appear on publicly available websites and are thus proper subjects for judicial notice"); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking notice of, e.g., various Google privacy policies and terms of service because "[t]hese documents appear on publicly available websites and are thus proper subjects for judicial notice"); *Letizia v. Facebook Inc.,* 267 F. Supp. 3d 1235, 1241–42 (N.D. Cal. 2017) (taking judicial notice of Facebook's Payment Terms and Self-Serve Ad Terms); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1069 n.3 (N.D. Cal. 2016) (taking judicial notice of the Yelp Privacy Policies); *In re Google, Inc. Priv. Policy Litig.*, No. C-12-01382-PSG, 2012 WL 6738343, at *3-4 (N.D. Cal. Dec. 28, 2012) (taking judicial notice of "past and present Terms of Service and Privacy Policies" as "matter[s] of public record").

Accordingly, the Court may take judicial notice of the fact that these privacy notices exist, and that they state that AOSP "can [r]ead and change all your data on all websites." Exs. A, B.

## IV. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A and B in connection with its review of Defendants' motion to dismiss.

Dated: December 4, 2023

Respectfully submitted,

LATHAM & WATKINS LLP

By */s/ Michael H. Rubin*

Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Serrin Turner (*pro hac vice*)
*serrin.turner@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendants Gen Digital Inc. and Jumpshot Inc.*