LATHAM & WATKINS LLP
Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Serrin Turner (*pro hac vice*)
*serrin.turner@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendants Gen Digital Inc. and Jumpshot Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GRACE LAU, CHRISTOPHER KARWOWSKI, MELODY KLEIN, MICHAEL MCBRIDE, and AIMEN HALIM, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GEN DIGITAL INC. a corporation, and JUMPSHOT INC., a corporation,

Defendants.

Case No. 3:22-cv-08981-RFL

**DEFENDANTS GEN DIGITAL INC. AND JUMPSHOT INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT**

**<u>JURY TRIAL DEMANDED</u>**

**ANSWER TO AMENDED CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Defendants Gen Digital Inc. and Jumpshot Inc., by and through their undersigned counsel, hereby answer and assert defenses to the claims and allegations made by Plaintiffs Grace Lau, Christopher Karwowski, Melody Klein, Michael McBride, and Aimen Halim in their Amended Class Action Complaint. Defendants deny all allegations in the Complaint except as expressly admitted herein. Defendants' allegations herein are made upon information and belief and may change subject to further investigation. Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint.

**INTRODUCTION[1]**

1. Defendants deny the allegations in paragraph 1.

2. Defendants deny the allegations in paragraph 2.

3. On April 3, 2024, the Court granted Defendants' motion to dismiss in part and dismissed all claims brought under the Electronic Communications Privacy Act ("federal wiretap claim"), California Invasion of Privacy Act ("state wiretap claim"), California's Unfair Competition Law ("UCL claim"), and California's larceny statutes. *See* Order Granting in Part and Denying in Part Mot. to Dismiss, ECF No. 64 ("MTD Order"). Therefore, no responsive pleading is required as to these claims (the "Dismissed Claims"). Defendants otherwise deny the allegations in paragraph 3.

**THE SCHEME**

4. Defendants admit that Gen Digital is a computer software company, formerly known as Symantec Corp. (1982-2019) and NortonLifeLock Inc. (2019-2022), and that NortonLifeLock Inc. merged with Avast PLC in 2022. Defendants otherwise deny the allegations in paragraph 4.

---

[1] The Complaint contains section titles and other organizational headings to which no response is required. To the extent any such section titles or other organizational headings in the Complaint are construed to contain substantive allegations to which a response is required, they are hereby denied. To the extent Defendants use terms defined in the Complaint in this Answer, such use is not an acknowledgement or admission of any characterization Plaintiffs seek to associate with any such defined term.

5. Defendants admit that Avast "continues to operate in much the same way as it did prior to its acquisition" and that Avast develops software that makes it safer and more secure for users to browse the Internet. Defendants otherwise deny the allegations in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit that Avast describes AOSP as a product that can prevent third-party websites from "tracking and collecting" and selling users' personal information and protect against malicious websites. Defendants otherwise deny the allegations in paragraph 8.

9. Defendants admit that Avast markets AOSP as having certain privacy and security functions, but otherwise deny the allegations in paragraph 9 as stated and refers to AOSP's marketing statements themselves for an accurate recitation of their contents.

10. Defendants deny the allegations in paragraph 10.

11. Defendants admit that Avast and Jumpshot entered into a licensing agreement for the sharing of data between them, and that Jumpshot sold some of that data to third-party customers. Defendants otherwise deny the allegations in paragraph 11.[2]

12. Defendants admit that beginning in October 2019, news outlets published reports discussing Avast's licensing of data to its subsidiary, Jumpshot, and that Avast acknowledged this business relationship and shut down Jumpshot in January 2020. Defendants otherwise deny the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14.

15. No responsive pleading is required as to the Dismissed Claims. Defendants otherwise deny the allegations in paragraph 15.

---

[2] Defendants note that the MTD Order dismissed all of Plaintiffs' claims based on the alleged Jumpshot conduct. In answering any allegations relating to the Jumpshot conduct, Defendants do not intend to imply and that any of Plaintiffs' claims based on the Jumpshot conduct are timely or that any allegations related to the Jumpshot conduct are otherwise relevant.

**THE PARTIES**

16. Defendants are informed and believe that Grace Lau is, and has been, an individual and resident of Alameda, California.

17. Defendants are informed and believe that Christopher Karwowski is, and has been, an individual and resident of Los Angeles, California.

18. Defendants are informed and believe that Melody Klein is, and has been, an individual and resident of Arvada, Colorado.

19. Defendants are informed and believe that Michael McBride is, and has been, an individual and resident of Camino, California.

20. Defendants are informed and believe that Aimen Halim is, and has been, an individual and resident of Chicago, Illinois.

21. Defendants admit the allegations in paragraph 21.

22. Defendants admit the allegations in paragraph 22.

**JURISDICTION AND VENUE**

23. The allegations in paragraph 23 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants admit that Plaintiffs purport to plead jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Defendants otherwise deny the allegations in paragraph 23.

24. The allegations in paragraph 24 are legal conclusions and characterizations, to which no responsive pleading is required.

25. The allegations in paragraph 25 are legal conclusions and characterizations, to which no responsive pleading is required.

26. The allegations in paragraph 26 are legal conclusions and characterizations, to which no responsive pleading is required.

27. The allegations in paragraph 27 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants admit the allegations in paragraph 27.

28. The allegations in paragraph 28 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants admit the allegations in paragraph in 28.

29. The allegations in paragraph 29 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants admit that Avast has sponsored and advised the UC Irvine high-school cybersecurity curriculum program. Defendants otherwise deny the allegations in paragraph 29.

30. Defendants admit the allegations in paragraph 30.

31. Defendants admit the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. The allegations in paragraph 33 are legal conclusions and characterizations, to which no responsive pleading is required.

34. The allegations in paragraph 34 are legal conclusions and characterizations, to which no responsive pleading is required.

35. The allegations in paragraph 35 are legal conclusions and characterizations, to which no responsive pleading is required.

## GENERAL ALLEGATIONS

### I. Gen Digital and Avast promise consumers privacy but intercept, collect, store, use, and share consumers' private data without disclosing this misconduct.

36. Defendants admit the allegations in paragraph 36.

37. Defendants admit the allegations in paragraph 37.

38. Defendants deny Plaintiffs' characterization of AOSP's Privacy Features as "purported." Defendants admit the remaining allegations.

39. Defendants admit the allegations in paragraph 39.

40. Defendants admit that AOSP can access, process, and store the URLs visited on a browser on which it installed, which the software requires in order to operate. Defendants otherwise deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

**II. Avast has an established history of intercepting, collecting, storing, and selling its users' data to third parties without user consent.**

43. Defendants admit that Avast and Jumpshot entered into a licensing agreement for the sharing of data between them, and that Jumpshot sold some of that data to third-party customers. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and, on that basis, deny them.

44. Defendants admit that Avast acquired Jumpshot on September 24, 2013. Defendants otherwise deny the allegations in paragraph 44 as stated and refer to the announcement of the acquisition itself for an accurate recitation of its contents.

45. Defendants admit the allegations in paragraph 45.

46. Defendants admit that Avast and Jumpshot entered into a licensing agreement for the sharing of data between them, and that Jumpshot paid a fee to Avast for this data. Defendants otherwise deny the allegations in paragraph 46.

47. Defendants admit the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations that Avast did not disclose to its users that their data was being sold by Jumpshot. Defendants otherwise deny the allegations in paragraph 48 as stated and refer to the cited statements themselves for an accurate recitation of their contents.

50. Defendants admit the allegations in paragraph 50.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and, on that basis, deny them.

52. Plaintiffs purport to cite publicly available materials, which speak for themselves. Defendants otherwise deny the allegations in paragraph 52.

53. Defendants admit that cybersecurity journalist Wladimir Palant published an article regarding Avast's relationship with Jumpshot in October 2019. Defendants otherwise deny the allegations in paragraph 53 as stated and refer to the article itself for an accurate recitation of its contents.

54. Defendants deny the allegations in paragraph 54 as stated and refer to the cited article itself for an accurate recitation of its contents.

55. Defendants deny the allegations in paragraph 55 as stated and refer to the cited article itself for an accurate recitation of its contents.

56. Defendants admit that Mozilla temporarily removed four Avast security extensions from its browser store in December 2019. Defendants otherwise deny the allegations in paragraph 56.

57. Defendants admit that Vice published an article about Avast on January 27, 2020. Defendants otherwise deny the allegations in paragraph 57 as stated and refer to the article itself for an accurate recitation of its contents.

58. Defendants deny the allegations in paragraph 58 as stated and refer to the cited article itself for an accurate recitation of its contents.

59. Defendants deny the allegations in paragraph 59 as stated and refer to the cited article itself for an accurate recitation of its contents.

60. Defendants deny the allegations in paragraph 60 as stated and refer to the cited article itself and the cited Jumpshot report for an accurate recitation of their contents.

61. Defendants admit that Jumpshot's website included a reference to "[t]he most precise way to unlock human behavior online." Defendants otherwise deny the allegations in paragraph 61.

62. Defendants admit that Mozilla, Opera, and Google temporarily removed certain browser extensions from their web stores in December 2019. Defendants otherwise deny the allegations of paragraph 62.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and, on that basis, deny them.

64. Defendants admit that the data Avast transferred was de-identified and aggregated. Defendants otherwise deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65 as stated and refer to the cited study itself for an accurate recitation of its contents.

66. Defendants deny the allegations in paragraph 66 as stated and refer to the cited study itself for an accurate recitation of its contents.

67. Defendants admit that Avast issued a press release on January 30, 2020, addressing its relationship with Jumpshot, and refer to the press release itself for an accurate recitation of its contents. Defendants otherwise deny the allegations in paragraph 67.

68. Defendants admit the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69 as stated and refer to the cited statement by Senator Wyden itself for an accurate recitation of its contents.

**III. Gen Digital and Avast continue to intercept, collect, store, use, and share their users' private data through AOSP, in a manner that is unnecessary for and contrary to the extension's stated purpose.**

70. Defendants admit that Avast shut down Jumpshot in January 2020. Defendants otherwise deny the allegations in paragraph 70.

71. Defendants admit that AOSP can access, process, and store the URLs visited on a browser on which it installed, which the software requires in order to operate. Defendants otherwise deny the allegations in paragraph 71.

72. Defendants admit that AOSP can access, process, and store the URLs visited on a browser on which it installed, which the software requires in order to operate. Defendants otherwise deny the allegations in paragraph 72.

73. Defendants admit that AOSP can access, process, and store the URLs visited on a browser on which it installed, which the software requires in order to operate. Defendants otherwise deny the allegations in paragraph 73.

74. Defendants admit that AOSP can access, process, and store the URLs visited on a browser on which it installed, which the software requires in order to operate. Defendants otherwise deny the allegations in paragraph 74.

75. Defendants admit that AOSP can access, process, and store the URLs visited on a browser on which it installed, which the software requires in order to operate. Defendants otherwise deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants deny that AOSP uses advertising cookies and thus deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

83. Defendants admit that Norton is owned and operated by Gen Digital. Defendants otherwise deny the allegations in paragraph 83.

84. Defendants deny the allegations in paragraph 84.

**IV. The private data stolen by Gen Digital and Avast includes highly sensitive and personally identifiable PHI from Kaiser Permanente members.**

85. The allegations in paragraph 85 are legal conclusions and characterizations, to which no responsive pleading is required.

86. The allegations in paragraph 86 are legal conclusions and characterizations, to which no responsive pleading is required.

87. Plaintiffs purport to characterize publicly available materials, which speak for themselves. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and, on that basis, deny them.

88. Plaintiffs purport to characterize publicly available materials, which speak for themselves. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and, on that basis, deny them.

89. Defendants admit that AOSP can access, process, and store the URLs visited on a browser on which it installed, which the software requires in order to operate. Defendants otherwise deny the allegations in paragraph 89.

90. Plaintiffs purport to characterize publicly available materials, which speak for themselves. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and, on that basis, deny them.

91. Defendants admit that AOSP can access, process, and store the URLs visited on a browser on which it installed, which the software requires in order to operate. Defendants otherwise deny the allegations in paragraph 91.

92. Plaintiffs purport to characterize publicly available materials, which speak for themselves. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and, on that basis, deny them.

93. Plaintiffs purport to characterize publicly available materials, which speak for themselves. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and, on that basis, deny them.

94. Defendants admit that AOSP can access, process, and store the URLs visited on a browser on which it installed, which the software requires in order to operate. Defendants otherwise deny the allegations in paragraph 94.

95. Plaintiffs purport to characterize publicly available materials, which speak for themselves. Defendants admit that AOSP can access, process, and store the URLs visited on a browser on which it installed, which the software requires in order to operate. Defendants otherwise deny the allegations in paragraph 95.

96. The allegations in paragraph 96 are legal conclusions and characterizations, to which no responsive pleading is required.

97. Defendants deny that AOSP uses advertising cookies and thus deny the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98.

99. Defendants deny that AOSP uses advertising cookies and thus deny the allegations in paragraph 99.

**V. The private data stolen by Gen Digital and Avast includes sensitive video viewing information from Hulu.**

100. Plaintiffs purport to characterize publicly available materials, which speak for themselves. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and, on that basis, deny them.

101. Defendants admit that AOSP can access, process, and store the URLs visited on a browser on which it installed, which the software requires in order to operate. Defendants otherwise deny the allegations in paragraph 101.

102. Defendants deny that AOSP uses advertising cookies and thus deny the allegations in paragraph 102.

103. Defendants deny the allegations in paragraph 103.

**VI. The private data stolen by Gen Digital and Avast has economic value, and there is a market for such private data.**

104. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 and, on that basis, deny them.

105. Plaintiffs purport to characterize and quote publicly available materials, which speak for themselves.

106. Plaintiffs purport to characterize publicly available materials, which speak for themselves. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and, on that basis, deny them.

107. Plaintiffs purport to characterize and quote publicly available materials, which speak for themselves.

108. Plaintiffs purport to characterize and quote publicly available materials, which speak for themselves.

109. Plaintiffs purport to quote publicly available materials, which speak for themselves.

110. Plaintiffs purport to characterize publicly available materials, which speak for themselves. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and, on that basis, deny them.

111. Plaintiffs purport to characterize publicly available materials, which speak for themselves. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and, on that basis, deny them.

112. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 and, on that basis, deny them.

113. Plaintiffs purport to quote publicly available materials, which speak for themselves.

114. Plaintiffs purport to quote publicly available materials, which speak for themselves. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 and, on that basis, deny them.

115. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 and, on that basis, deny them.

116. Plaintiffs purport to characterize publicly available materials, which speak for themselves. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 and, on that basis, deny them.

117. Defendants deny the allegations in paragraph 117.

118. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 and, on that basis, deny them.

**VII. Plaintiffs and Class and Subclass members suffered an economic injury.**

119. The allegations in paragraph 119 are legal conclusions and characterizations, to which no responsive pleading is required.

120. The allegations in paragraph 120 are legal conclusions and characterizations, to which no responsive pleading is required.

121. The allegations in paragraph 121 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 121.

122. The allegations in paragraph 122 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 122.

123. The allegations in paragraph 123 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 123.

124. The allegations in paragraph 124 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 124.

125. The allegations in paragraph 125 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 125.

126. The allegations in paragraph 126 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 126.

127. The allegations in paragraph 127 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 127.

128. The allegations in paragraph 128 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 128.

129. The allegations in paragraph 129 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 129.

130. The allegations in paragraph 130 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 130.

131. The allegations in paragraph 131 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 131.

132. The allegations in paragraph 132 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 132.

133. The allegations in paragraph 133 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 133.

134. The allegations in paragraph 134 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 134.

**NAMED PLAINTIFFS ALLEGATIONS**

135. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 as to whether Plaintiff Lau used AOSP or what she believed about it, and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 135.

136. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 as to whether Plaintiff Lau has participated in market research studies or reward programs and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 136.

137. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 as to whether Plaintiff Lau would like to continue to use AOSP and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 137.

138. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 as to whether Plaintiff Lau would like to continue to use AOSP and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 138.

139. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 as to whether Plaintiff Karwowski used AOSP or what he believed about it, and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 139.

140. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 as to whether Plaintiff Karwowski has provided any information in exchange for any discounts and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 140.

141. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 as to whether Plaintiff Karwowski would like to continue to use AOSP and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 141.

142. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 as to whether Plaintiff Karwowski would like to continue to use AOSP and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 142.

143. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 as to whether Plaintiff Klein used AOSP or what she believed about it, and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 143.

144. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 and, on that basis, deny them.

145. Defendants deny the allegations in paragraph 145.

146. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 as to whether Plaintiff Klein has participated in consumer surveys or market research studies and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 146.

147. Defendants deny the allegations in paragraph 147.

148. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 as to whether Plaintiff Klein would like to continue to use AOSP and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 148.

149. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 as to whether Plaintiff Klein would like to continue to use AOSP and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 149.

150. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 as to whether Plaintiff McBride used AOSP or what he believed about it, and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 150.

151. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 and, on that basis, deny them.

152. Defendants deny the allegations in paragraph 152.

153. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153 as to whether Plaintiff McBride has participated in consumer surveys, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 153.

154. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 as to whether Plaintiff McBride would like to continue to use AOSP and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 154.

155. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 as to whether Plaintiff McBride would like to continue to use AOSP and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 155.

156. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 as to whether Plaintiff Halim used AOSP or what he believed about it, and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 156.

157. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 and, on that basis, deny them.

158. Defendants deny the allegations in paragraph 158.

159. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 and, on that basis, deny them.

160. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 as to whether Plaintiff Halim would like to continue to use AOSP and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 160.

161. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 as to whether Plaintiff Halim would like to continue to use AOSP and, on that basis, deny them. Defendants otherwise deny the allegations of paragraph 161.

## CHOICE OF LAW

162. The allegations in paragraph 162 are legal conclusions and characterizations, to which no responsive pleading is required.

163. Defendants admit that Jumpshot was headquartered in California. The remaining allegations in paragraph 163 are legal conclusions and characterizations, to which no responsive pleading is required. Defendants otherwise deny the allegations in paragraph 163.

164. Defendants deny that Avast utilizes physical servers located in California for the operation of AOSP. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Kaiser Website "operated through physical servers located in California" and, on that basis, deny them. The remaining allegations in paragraph 164 are legal conclusions and characterizations, to which no responsive pleading is required.

165. The allegations in paragraph 165 are legal conclusions and characterizations, to which no responsive pleading is required.

## DISCOVERY RULE, TOLLING AND FRAUDULENT CONCEALMENT

166. The allegations in paragraph 166 are legal conclusions and characterizations, to which no responsive pleading is required. Defendants otherwise deny that they engaged in any wrongful conduct, and thus deny the allegations in paragraph 166, which rest on the premise that wrongful conduct was hidden from Plaintiffs.

167. The allegations in paragraph 167 are legal conclusions and characterizations, to which no responsive pleading is required. Defendants otherwise deny that they engaged in any wrongful conduct, and thus deny the allegations in paragraph 167, which rest on the premise that wrongful conduct was hidden from Plaintiffs.

168. Defendants admit that the software at issue was named "Avast Online Security & Privacy" and that Avast's website states that AOSP will help "[b]rowse with more privacy," "[b]lock online trackers," and "keep . . . online activities private and anonymous." Defendants otherwise deny the allegations in paragraph 168.

169. The allegations in paragraph 169 are legal conclusions and characterizations, to which no responsive pleading is required. Defendants otherwise deny that they engaged in any wrongful conduct, and thus deny the allegations in paragraph 169, which rest on the premise that wrongful conduct was hidden from Plaintiffs.

170. Defendants deny the allegations in paragraph 170.

171. The allegations in paragraph 171 are legal conclusions and characterizations, to which no responsive pleading is required.

172. Defendants deny the allegations in paragraph 172.

173. Defendants deny the allegations in paragraph 173.

174. Defendants admit that in January 2020, Avast announced that it would wind down Jumpshot and that the Avast CEO Ondrej Vlcek issued a press release announcing the closure of Jumpshot that stated, "Avast's core mission is to keep its users safe online and to give users control over their privacy . . . . The bottom line is that any practices that jeopardize user trust are unacceptable to Avast. We are vigilant about our users' privacy," and that "Avast is focused on innovating to enhance our products for the benefit of our users and the protection of their privacy." Defendants otherwise deny the allegations in paragraph 174.

175. Defendants deny the allegations in paragraph 175.

176. Defendants admit that Avast's website for AOSP advertises it as a tool that can protect users' privacy and personal data and block spyware. Defendants otherwise deny the allegations in paragraph 176.

177. Defendants deny the allegations in paragraph 177.

178. Defendants deny the allegations in paragraph 178.

179. The allegations in paragraph 179 as to the existence of a duty are legal conclusions and characterizations, to which no responsive pleading is required. Defendants otherwise deny the allegations in paragraph 179.

180. Defendants admit that AOSP can access, process, and store the URLs visited on a browser on which it installed, which the software requires in order to operate. Otherwise, Defendants deny the allegations in paragraph 180.

181. Defendants deny the allegations in paragraph 181.

182. Defendants deny the allegations in paragraph 182.

## CLASS ACTION ALLEGATIONS

183. Defendants hereby incorporate by reference its answers to paragraphs 1 through 182 of the Complaint.

184. The allegations in paragraph 184 are legal conclusions and characterizations, to which no responsive pleading is required.

185. The allegations in paragraph 185 are legal conclusions and characterizations, to which no responsive pleading is required.

186. The allegations in paragraph 186 are legal conclusions and characterizations, to which no responsive pleading is required.

187. The allegations in paragraph 187 are legal conclusions and characterizations, to which no responsive pleading is required.

188. Defendants refer to the cited reports for an accurate recitation of their contents. Otherwise, the allegations in paragraph 188 are legal conclusions and characterizations, to which no responsive pleading is required.

189. The allegations in paragraph 189 are legal conclusions and characterizations, to which no responsive pleading is required.

190. The allegations in paragraph 190 are legal conclusions and characterizations, to which no responsive pleading is required.

191. The allegations in paragraph 191 are legal conclusions and characterizations, to which no responsive pleading is required.

192. The allegations in paragraph 192 are legal conclusions and characterizations, to which no responsive pleading is required.

193. The allegations in paragraph 193 are legal conclusions and characterizations, to which no responsive pleading is required.

194. The allegations in paragraph 194 are legal conclusions and characterizations, to which no responsive pleading is required.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq. Against Defendant Gen Digital)**

195. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

196. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

197. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

198. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

199. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

200. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

201. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

202. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

203. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

204. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

205. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

206. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

207. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

208. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

209. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

210. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

## SECOND CAUSE OF ACTION

**(Violation of the California Invasion of Privacy Act, California Penal Code §§ 630 et seq. Against Defendant Gen Digital)**

211. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

212. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

213. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

214. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

215. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

216. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

217. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

218. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

219. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

220. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

221. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

222. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

223. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

224. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

**THIRD CAUSE OF ACTION**

**(Invasion of Privacy Under Article I, Section 1 of the California Constitution Against All Defendants)**

225. Defendants reassert and hereby incorporate by reference their responses to each paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

226. The allegations in paragraph 226 are legal conclusions and characterizations, to which no responsive pleading is required.

227. The allegations in paragraph 227 are legal conclusions and characterizations, to which no responsive pleading is required.

228. The allegations in paragraph 228 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 228.

229. The allegations in paragraph 229 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 229.

230. The allegations in paragraph 230 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 230.

231. The allegations in paragraph 231 are legal conclusions and characterizations, to which no responsive pleading is required.

232. The allegations in paragraph 232 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 232.

233. The allegations in paragraph 233 are legal conclusions and characterizations, to which no responsive pleading is required.

234. The allegations in paragraph 234 are legal conclusions and characterizations, to which no responsive pleading is required.

235. The allegations in paragraph 235 are legal conclusions and characterizations, to which no responsive pleading is required.

236. The allegations in paragraph 236 are legal conclusions and characterizations, to which no responsive pleading is required.

237. The allegations in paragraph 237 are legal conclusions and characterizations, to which no responsive pleading is required.

238. The allegations in paragraph 238 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 238.

239. The allegations in paragraph 239 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 239.

**FOURTH CAUSE OF ACTION**

**(Intrusion Upon Seclusion Against All Defendants)**

240. Defendants reassert and hereby incorporate by reference their responses to each paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

241. The allegations in paragraph 241 are legal conclusions and characterizations, to which no responsive pleading is required.

242. The allegations in paragraph 242 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 242.

243. The allegations in paragraph 243 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 243.

244. The allegations in paragraph 244 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 244.

245. The allegations in paragraph 245 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 245.

246. The allegations in paragraph 246 are legal conclusions and characterizations, to which no responsive pleading is required.

247. The allegations in paragraph 247 are legal conclusions and characterizations, to which no responsive pleading is required.

248. The allegations in paragraph 248 are legal conclusions and characterizations, to which no responsive pleading is required.

249. The allegations in paragraph 249 are legal conclusions and characterizations, to which no responsive pleading is required.

250. The allegations in paragraph 250 are legal conclusions and characterizations, to which no responsive pleading is required.

251. The allegations in paragraph 251 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 251.

252. The allegations in paragraph 252 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 252.

## FIFTH CAUSE OF ACTION

**(Statutory Larceny, California Penal Code §§ 484 and 496 Against All Defendants)**

253. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

254. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

255. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

256. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

257. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

258. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

259. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

260. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

261. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

262. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

263. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

264. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

265. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

266. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

267. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

268. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

269. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

270. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

## SIXTH CAUSE OF ACTION

**(Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. Against All Defendants)**

271. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

272. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

273. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

274. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

275. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

276. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

277. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

278. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

279. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

280. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

281. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

282. This paragraph concerns one of the Dismissed Claims, to which no responsive pleading is required.

**SEVENTH CAUSE OF ACTION**

**(Unjust Enrichment Against All Defendants)**

283. Defendants reassert and hereby incorporate by reference their responses to each paragraph of Plaintiffs' Amended Complaint, as though fully set forth herein.

284. The allegations in paragraph 284 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 284.

285. The allegations in paragraph 285 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 285.

286. The allegations in paragraph 286 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 286.

287. The allegations in paragraph 287 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 287.

288. The allegations in paragraph 288 are legal conclusions and characterizations, to which no responsive pleading is required. To the extent any responsive pleading is required, Defendants deny the allegations in paragraph 288.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested by the paragraphs and sub-paragraphs referencing Plaintiffs' judgment demands.

## DEFENDANTS' DEFENSES

Defendants assert the following separate affirmative defenses to Plaintiffs' Amended Class Action Complaint, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiffs. Defendants reserve the right to supplement or amend these defenses as discovery is conducted, and do not knowingly or intentionally waive any applicable affirmative defense.

## FIRST DEFENSE

**(Failure to State a Claim)**

The Amended Complaint, and each and every claim alleged therein, fail, in whole or in part, to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND DEFENSE

**(Statute of Limitations)**

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations applicable to their respective claims.

**THIRD DEFENSE**

**(Lack of Standing)**

Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs lack standing to assert any or all of the claims alleged in the Amended Complaint.

**FOURTH DEFENSE**

**(No Injury)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have neither sustained nor are threatened by any injury in fact or cognizable injury that can be fairly be traced to the acts, omissions, or practices complained of.

**FIFTH DEFENSE**

**(Consent)**

Plaintiffs' claims are barred, in whole or in part, because they have expressly and/or implicitly consented to Defendants' alleged conduct.

**SIXTH DEFENSE**

**(Laches)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**SEVENTH DEFENSE**

**(Waiver/Estoppel)**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**EIGHTH DEFENSE**

**(Ratification/Agreement/Acquiescence/Authorization)**

Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' ratification, agreement, acquiescence, or authorization to Defendants' alleged conduct.

**NINTH DEFENSE**

**(Failure to Mitigate)**

If the Plaintiffs or any member of the putative class have been injured or damaged, which Defendants deny, the Plaintiffs, and each and every member of the putative class, are barred from recovery in whole or in part by their failure to mitigate injury and their failure to mitigate damages.

**TENTH DEFENSE**

**(No Entitlement to Declaratory Relief)**

Plaintiffs are not entitled to declaratory relief because there is no justiciable actual controversy regarding disputed rights or legal relations.

**ELEVENTH DEFENSE**

**(No Entitlement to Punitive Damages)**

Plaintiffs are not entitled to punitive damages because Defendants did not act with malice, fraud, or oppression and such an award would be contrary to the Due Process Clauses of the U.S. Constitution and California Constitution.

**TWELFTH DEFENSE**

**(No Entitlement to Injunctive Relief)**

Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

**THIRTEENTH DEFENSE**

**(No Entitlement to Interest, Attorneys' Fees, or Costs)**

Plaintiffs are not entitled to interest, attorneys' fees, or costs in connection with this action.

**Additional Defenses**

Defendants presently have insufficient knowledge or information to determine whether they may have additional, as-yet-unstated defenses. Defendants have not knowingly and intentionally waived any applicable defenses and reserve the right to assert additional defenses as they become known to them through discovery in this matter. Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiffs' Amended Complaint, through discovery, or through further legal analysis of Plaintiffs' position in this litigation.

Dated: April 17, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By */s/ Serrin Turner*

Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Serrin Turner (*pro hac vice*)
*serrin.turner@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendants Gen Digital Inc. and Jumpshot Inc.*