LATHAM & WATKINS LLP
Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Serrin Turner (*pro hac vice*)
*serrin.turner@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendants Gen Digital Inc. and Jumpshot Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

GRACE LAU and CHRISTOPHER KARWOWSKI, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GEN DIGITAL INC., a corporation, and JUMPSHOT INC., a corporation,

Defendants

Case No. 3:22-cv-08981-RFL

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT AS TO JUMPSHOT INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Hearing: July 9, 2024
Time: 10:00 a.m.
Location: Courtroom 15—18th Floor
Judge: Hon. Rita F. Lin

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on July 9, 2024 at 10 a.m., before the Honorable Rita F. Lin, United States District Court, Courtroom 15, 18th Floor, 450 Golden Gate Ave., San Francisco, California, Defendants Gen Digital Inc. and Jumpshot Inc. ("Defendants") will and hereby do move for an order dismissing Plaintiffs' First Amended Class Action Complaint (Dkt. 47) to the extent it rests on allegations related to Jumpshot Inc. ("Jumpshot") for failure to state a claim under Rule 12(c). This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the pleadings, records, and papers on file; and any other matters properly before the Court.

## ISSUES TO BE DECIDED

1. Whether the Court should dismiss the First Amended Class Action Complaint to the extent it rests on allegations related to Jumpshot for failure to state any claim upon which relief can be granted under Rule 12(c).

2. Whether the Court should dismiss Jumpshot from the action because there are no claims remaining against Jumpshot.

Dated: May 29, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ Serrin Turner

Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Serrin Turner (*pro hac vice*)
*serrin.turner@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*

555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendants Gen Digital Inc. and Jumpshot Inc.*

**TABLE OF CONTENTS**


| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 1 |
| III. | LEGAL STANDARD | 3 |
| IV. | ARGUMENT | 3 |
| | A. The Unjust Enrichment Claim Should Be Dismissed to the Extent It Rests on the Time-Barred Jumpshot Allegations | 3 |
| | B. Jumpshot Inc. Should Be Dismissed from the Action | 4 |
| V. | CONCLUSION | 4 |

## I. INTRODUCTION

Plaintiffs have tried since the inception of this case to bootstrap stale allegations regarding the conduct of Avast's defunct subsidiary, Jumpshot Inc., into some kind of foundation for their claims challenging the current, routine operation of Avast Online Security and Privacy ("AOSP"). This Court firmly rejected that gambit in its order granting in part Defendants' motion to dismiss. As relevant here, this Court recognized that "the alleged Jumpshot conduct" falls outside the two-year statute of limitations for Plaintiffs' privacy claims, and correctly dismissed those claims to the extent they "arise out of [that] conduct." Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("MTD Order") at 9, Dkt. 64.

The Court should now do the same with respect to Plaintiffs' unjust enrichment claim. While the Court did not specifically address the timeliness of that claim with respect to the alleged Jumpshot conduct, the claim is governed by the same statute of limitations as the underlying alleged wrong—here, Defendants' purported invasion of Plaintiffs' privacy. Like the privacy claims, therefore, the unjust enrichment claim must be dismissed to the extent it rests on the Jumpshot conduct. And because there is no surviving claim related to Jumpshot's conduct, Jumpshot should be dismissed as a party to this action.

## II. BACKGROUND

Much of the factual narrative in the First Amended Complaint ("FAC"), Dkt. 47, concerns allegations regarding the conduct of Avast's defunct subsidiary, Jumpshot Inc. *See* FAC ¶¶ 43-69. The same was true of Plaintiffs' original Complaint ("OC"). *See* Dkt. 1 ¶¶ 41-67. In Defendants' motions to dismiss, Defendants explained that Jumpshot's years-old conduct could not provide a valid foundation for Plaintiffs' claims. *See* Dkt. 52 at 23-24; Dkt. 25 at 6-7.

On September 13, 2023, the Court, per Judge Tigar, granted in part and denied in part Defendants' motion to dismiss the OC. Among other holdings, the Court found that Plaintiffs' non-statutory privacy claims were subject to a two-year statute of limitations, and rejected Plaintiffs' attempt to circumvent the statute of limitations by invoking the doctrine of fraudulent concealment. Dkt. 45 at 4-5. The Court allowed leave to amend, however, "so that Plaintiffs can attempt to plead fraudulent concealment with particularity." *Id.* at 6.

Plaintiffs amended, leaving the Jumpshot allegations in the case while expanding on their allegations of fraudulent concealment. FAC ¶¶ 166-82. The amendments did not make a difference. On April 3, 2024, this Court granted in part and denied in part Defendants' motion to dismiss the FAC. The Court dismissed several of Plaintiffs' claims in their entirety, while allowing Plaintiffs' invasion of privacy and intrusion upon seclusion claims to survive in part. *See generally* MTD Order. Specifically, the Court allowed Plaintiffs' privacy claims to proceed as to their theory that AOSP presently uses "cookies" to collect and transmit user data to third parties for advertising purposes. *Id.* at 5. However, as before, the Court held that Plaintiffs' privacy claims must be dismissed "to the extent [they] are based on Jumpshot's alleged conduct." *Id.* at 10. The Court explained that Plaintiffs alleged the Jumpshot conduct "was publicly exposed in 2019 and early 2020." *Id.* at 9. Accordingly, that conduct was publicly known more than two years before the filing of the complaint in December 2022, and Plaintiffs' privacy claims were therefore "time-barred" to the extent those claims "arise out of the alleged Jumpshot conduct." *Id.* In reaching that conclusion, the Court emphasized that Plaintiffs already were given an opportunity to address this deficiency following the previous motion to dismiss order, but the FAC failed to "cure th[e] deficiency," because it still contained "no allegation that the defendants denied the Jumpshot conduct or lied about shutting down Jumpshot." *Id.*

As to Plaintiffs' claim for unjust enrichment, the Court recognized that it "is essentially a claim for restitution," and allowed the claim to go forward based on the same alleged conduct underlying the privacy claims—*i.e.*, that Defendants allegedly "gained 'financial benefit' by sharing [] information with their third-party advertis[ers]." *Id.* at 8-9.

At the case management conference held on May 1, 2024, Defendants explained that, because "[u]njust enrichment is essentially a request for restitution, and the wrong here for which restitution is sought is the invasion of privacy," the unjust enrichment claim is subject to the same statute of limitations as Plaintiffs' privacy claims, and it is therefore equally subject to dismissal to the extent it is based on the Jumpshot conduct. Hr'g Tr. dated May 1, 2024, at 5:16-6:4. The Court stated that "[t]hat makes sense" and that it was "happy to clean up the record on that issue" if Defendants wished to file a motion to dismiss the unjust enrichment claim in part on that basis.

*Id.* at 6:5-8. The Court also welcomed a stipulation on the issue if the parties could agree on it. However, after extended back-and-forth between the parties, Plaintiffs informed Defendants on May 28, 2024, that they will not stipulate and will oppose Defendants' motion.

## III. Legal Standard

Rule 12(c) is "functionally identical" to Rule 12(b)(6) and "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). "[A] complaint may be dismissed as to a particular defendant for failure to state a claim upon which relief may be granted against that defendant." *Bush v. Liberty Life Assurance Co. of Bos.*, 77 F. Supp. 3d 900, 904 (N.D. Cal. 2015).

## IV. ARGUMENT

### A. The Unjust Enrichment Claim Should Be Dismissed to the Extent It Rests on the Time-Barred Jumpshot Allegations

As with Plaintiffs' privacy claims, the Court should dismiss Plaintiffs' unjust enrichment claim to the extent it rests on the Jumpshot-related allegations in the FAC.

Under California law, the "statute of limitations for an unjust-enrichment claim 'is based on the underlying wrong.'" *Cellulose Material Sols., LLC v. SC Mktg. Grp., Inc.*, 2023 WL 6930388, at *1 (N.D. Cal. Oct. 18, 2023) (citation omitted) (applying underlying conversion claim's statute of limitations to unjust enrichment claim); *see also, e.g.*, *Corbrus, LLC v. 8th Bridge Cap., Inc.*, 2021 WL 2781811, at *8 (C.D. Cal. July 1, 2021) ("The limitations period applicable to a claim for unjust enrichment varies according to the statute of limitations governing the underlying claim."); *FDIC v. Dintino*, 167 Cal. App. 4th 333, 347-48 (2008) (assessing conduct upon which unjust enrichment claim was "based" to determine statute of limitations); *Khodayari v. Ardalan*, 2013 WL 1450077, at *6 (Cal. Ct. App. Apr. 10, 2013) (unpublished) (applying one-year statute of limitations to unjust enrichment claim where "[t]he gravamen" of the claim was a statutory violation plaintiffs separately pled, which had a one-year statute of limitations). Indeed, that is the general rule for assessing the applicable statute of limitations: "The principal purpose or 'gravamen' of the action, rather than the form of action or the relief demanded, determines the applicable statute of limitations." *Vafi v. McCloskey*, 193 Cal. App. 4th 874, 880 (2011).

Here, the gravamen of the underlying alleged wrong is the invasion of privacy that Plaintiffs also allege as separate privacy claims—the only other remaining claims in this case. *See* FAC ¶¶ 284-88 (alleging that Defendants were unjustly enriched through sharing "highly personal data" without Plaintiffs' consent). After all, as this Court recognized, an unjust enrichment claim is simply a claim for a particular form of relief—restitution—as to a plaintiff's substantive claims. MTD Order 8 ("A claim for unjust enrichment is essentially a claim for restitution…." (quoting *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) ("Unjust enrichment is synonymous with restitution.")). Here, the only substantive claims remaining in the case are Plaintiffs' non-statutory privacy claims, which supply the "gravamen" of Plaintiffs' unjust enrichment claim for restitution.

Accordingly, the same two-year statute of limitations that governs the privacy claims governs the unjust enrichment claim as well. The Jumpshot conduct is thus time-barred for purposes of Plaintiffs' unjust enrichment claim just as much as it is for their privacy claims. The unjust enrichment claim should therefore also be dismissed to the extent it rests on the Jumpshot allegations.

### B. Jumpshot Inc. Should Be Dismissed from the Action

Because the Jumpshot-related allegations are time-barred for all of Plaintiffs' claims, "there remain no cognizable claims" against Jumpshot. *Herrera v. Ortega*, 2021 WL 4339137, at *4 (N.D. Cal. Sept. 23, 2021). The Court should therefore dismiss Jumpshot as a defendant from this action. *Id.*; *see also, e.g.*, *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 606 (9th Cir. 1986) (holding that the district court "correctly dismissed" a defendant against whom "no claims" were remaining); *Liberty Life*, 77 F. Supp. 3d at 904 ("[A] complaint may be dismissed as to a particular defendant for failure to state a claim upon which relief may be granted against that defendant.").

## V. CONCLUSION

Defendants respectfully request dismissal of Plaintiffs' unjust enrichment claim to the extent it rests on the alleged Jumpshot conduct, and dismissal of Jumpshot Inc. from this action.

Dated: May 29, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ *Serrin Turner*

Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Serrin Turner (*pro hac vice*)
*serrin.turner@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendants Gen Digital Inc. and Jumpshot Inc.*