Jonathan M. Rotter - State Bar No. 234137
*jrotter@glancylaw.com*
David J. Stone - State Bar No. 208961
*dstone@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
Email: info@glancylaw.com

Ekwan E. Rhow - State Bar No. 174604
*erhow@birdmarella.com*
Marc E. Masters - State Bar No. 208375
*mmasters@birdmarella.com*
BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Korey A. Nelson (admitted pro hac)
*knelson@burnscharest.com*
Amanda K. Klevorn (admitted pro hac)
*aklevorn@burnscharest.com*
Claire E. Bosarge (admitted pro hac)
*cbosarge@burnscharest.com*
Logan B. Fontenot (admitted pro hac)
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845

Attorneys for Plaintiffs Grace Lau and Christopher Karwowski

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| GRACE LAU and CHRISTOPHER KARWOWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GEN DIGITAL INC. a corporation, and JUMPSHOT INC., a corporation,<br><br>Defendant. | CASE NO. 4:22-cv-08981-JST<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AS TO JUMPSHOT INC.** |

# TABLE OF CONTENTS

I. INTRODUCTION AND FACTUAL BACKGROUND ....................................................1

II. LEGAL STANDARD ....................................................................................................2

III. ARGUMENT ..............................................................................................................2

A. Plaintiffs' claim for unjust enrichment is subject to the three-year statute of limitations for fraud or mistake. ..............................................................2

IV. CONCLUSION ............................................................................................................6

**TABLE OF AUTHORITIES**

CASES

*Al-Ahmed v. Twitter, Inc.*,
648 F. Supp. 3d 1140 (N.D. Cal. 2023) .......... 5

*Allen v. Similasan Corp.*,
2013 WL 2120825 (S.D. Cal. May 14, 2013) .......... 4

*Ayala Boring, Inc. v. HPS Mechanical, Inc.*,
2022 WL 3354875 (Cal. Ct. App. Aug. 15, 2022) .......... 2, 3

*Barbier v. Beier*,
2022 WL 1055750 (Cal. Ct. App. April 8, 2022) .......... 3

*BASF Corporation v. Cesare's Collision Repair & Towing, Inc.*,
346 F. Supp. 3d 1115 (E.D. Cal. 2019) .......... 4

*Cellulose Material Sols., LLC v. SC Mktg. Grp., Inc.*,
2023 WL 6930388 (N.D. Cal. Oct. 18, 2023) .......... 6

*Clark v. JPMorgan Chase Bank, N.A.*,
2023 WL 7501396 n.19 (N.D. Cal. Nov. 12, 2023) .......... 5

*Corbrus LLC v. 8th Bridge Cap., Inc.*,
2021 WL 2781811 (C.D. Cal. July 1, 2021) .......... 5

*Corlin v. MacInnis*,
2012 WL 3038715 (Cal. Ct. App. July 26, 2012) .......... 4

*F.D.I.C. v. Dintino*,
167 Cal. App. 4th 333 (Cal. Ct. App. 2008) .......... 3

*Khodayari v. Ardalan*,
2013 WL 1450077 (Cal. Ct. App. Apr. 10, 2013) .......... 6

*Munifi v. Abraham*,
2022 WL 1422813 (C.D. Cal. April 19, 2022) .......... 2

*Prakashpalan v. Engstrom, Lipscomb & Lack*,
223 Cal. App. 4th 1105 (Cal. Ct. App. 2014) .......... 4

*Receivership of AudienceScience Inc. v. Google LLC*,
2024 WL 1975473 (N.D. Cal. May 2, 2024) .......... 2

*Vafi v. McCloskey*,
193 Cal. App. 4th 874 (Cal. Ct. App. 2011) .......... 6

STATUTES

Cal. Code Civ. P. 340.6 ........................................................................................................ 6
Cal. Code Civ. P. 338(d) ........................................................................................................ 2, 4, 6

Plaintiffs respectfully submit this memorandum of law in opposition to Defendants' Motion to Dismiss the First Amended Complaint as to Jumpshot Inc. [Dkt. 81.]

## I. INTRODUCTION AND FACTUAL BACKGROUND

The core of Plaintiffs' complaint is straightforward. Defendants represented that the Avast Online Security & Privacy ("AOSP") browser extension would protect their privacy as they browsed the Internet, preventing third parties from surreptitiously tracking their activity and collecting personal information, and blocking malicious websites that steal data. (First Amended Complaint ("FAC") ¶ 8 [dkt. 47].) In fact, however, AOSP itself tracked users' browsing activity, collected browsing data and personal information, and transmitted this information to Defendants, who then shared the information with third parties. (*Id.* ¶¶ 10-11.) Plaintiffs would not have installed and used AOSP if they knew that Defendants used the application to steal their data and transmit it to third parties – precisely the malicious conduct that AOSP was supposed to prevent. (*Id.* ¶¶ 135, 139, 143, 150, & 156.) Plaintiffs and the Class mistakenly believed that AOSP would protect their browsing activity when, to the contrary, Defendants used AOSP to exploit it. As a result, Defendants violated Plaintiffs' and the Class's privacy and benefitted from Plaintiffs' mistake by sending Plaintiffs' and the Class's private data to third parties.

Plaintiffs filed their initial complaint in December 2022. [Dkt. 01.] Defendants moved to dismiss that complaint, but failed to seek dismissal of the unjust enrichment claims on statute of limitations grounds. [Dkt. 25.] The Court, per Judge Tigar, denied Defendants' motion as to the unjust enrichment claims. [Dkt. 45.] Plaintiffs filed their first amended complaint in October 2023 [Dkt. 47], and Defendants moved to dismiss. [Dkt. 52.] Again, Defendants failed to argue that the unjust enrichment claims were barred by the statute of limitations. [Dkt. 52.]. This Court again denied Defendants' motion as to the unjust enrichment claims.

At the May 1, 2024, case management conference, the Court noted that Defendants had raised the statute of limitations issue with respect to the unjust enrichment claims in the Case Management Statement. (Tr. at 4.) The Court noted that Defendants had not moved to dismiss the unjust enrichment claims on that ground and, further, noted that the unjust enrichment claims had a "three-year statute of limitations," which meant that the unjust enrichment claims as to Jumpshot

were timely. *Id.* at 4-5. In response, Defendants asserted that the applicable statute of limitations was only two years, mirroring the limitations period for privacy claims. *Id.* at 5. Defendants then offered to "put forward a very short motion to dismiss Jumpshot on that [g]round [sic]," which the Court said "makes sense." *Id.* Contrary to Defendants' current assertion (MTD at 2), the Court did not state that Defendants' substantive argument made sense or that it agreed with Defendants' substantive position.

## II. LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings, and is 'functionally identical' to a motion to dismiss under Rule 12(b)(6)." *Receivership of AudienceScience Inc. v. Google LLC*, 2024 WL 1975473, at *2 (N.D. Cal. May 2, 2024) (citation omitted).

## III. ARGUMENT

### A. Plaintiffs' claim for unjust enrichment is subject to the three-year statute of limitations for fraud or mistake.

As the Court correctly stated at the recent conference, "[f]or a claim of restitution or unjust enrichment, the statute of limitations is three years." *Ayala Boring, Inc. v. HPS Mechanical, Inc.*, 2022 WL 3354875, at *6 (Cal. Ct. App. Aug. 15, 2022) (citations omitted) (restitution and unjust enrichment are synonymous); Cal. Code Civ. P. 338(d). Defendants correctly cite the principle that the applicable limitations period for an unjust enrichment claim is determined by "the substance or gravamen of the action rather than the form of the pleading." *Munifi v. Abraham*, 2022 WL 1422813, at *4 (C.D. Cal. April 19, 2022) (applying three-year limitations period to claims for breach of fiduciary duty and unjust enrichment). But, as *Ayala* demonstrates, that does not mean that the unjust enrichment statute of limitations merely follows that of the other asserted claims. Thus, in *Ayala*, plaintiff asserted claims for breach of contract, restitution and conversion arising out of a construction contract. *Ayala*, 2022 WL 3354875 at *2. Although the contract claim was subject to a four-year limitations period, the unjust enrichment claim did not simply borrow that statute of limitations. Instead, the appellate court held, as noted above, that "[f]or a claim of restitution or unjust enrichment, the statute of limitations is three years." *Id.* at *6. *See also Barbier*

*v. Beier*, 2022 WL 1055750, at *4 (Cal. Ct. App. April 8, 2022) ("The three year limitation applies to any cause of action, ***however labeled***, in which fraud is the basis of the legal injury ***regardless of whether the complaint seeks legal or equitable relief or pleads a cause of action in tort or contract.***" (emphasis added)). Accordingly, to determine the applicable statute of limitations, the Court does not rely on the "form of the pleading" of another co-pending cause of action, but on the substance of the conduct underlying the unjust enrichment claim.

This principle was explained in *F.D.I.C. v. Dintino*, 167 Cal. App. 4th 333 (Cal. Ct. App. 2008), on which Defendants rely. In *Dintino*, Plaintiff lent funds to defendant to purchase real property and received a trust deed in return as security for the loan. *Id.* at 339. Plaintiffs subsequently transferred the trust deed, but mistakenly filed a reconveyance of its interest in the deed. *Id.* Defendant subsequently sold the property, but did not use the funds to repay the loan and stopped making payments. Plaintiff sued, asserting claims for breach of contract, money lent and unjust enrichment. *Id.* at 340. The trial court held that Plaintiff's unjust enrichment claim was subject to a four year limitations period because "this action arises out of a written contract." *Id.* at 346. The appellate court reversed.

The appellate court held that "a cause of action for unjust enrichment is *not* based on, and does not otherwise arise out of, a written contract. Rather, unjust enrichment is a common law obligation implied by law based on the equities of a particular case and not on any contractual obligation." *Id.* "An individual may be required to make restitution if he is unjustly enriched at the expense of another." *Id.* The court found that the unjust enrichment claim was not based upon the written loan contract, but rather on the Plaintiff's "*mistaken* request for recordation of the Reconveyance, which resulted in loss of its security interest in the Property . . . " Therefore, the court held that the proper limitations period was three-years, for "[a]n action for relief on the ground of fraud or *mistake*." *Id.* at 348.

So too, in *Corlin v. MacInnis*, 2012 WL 3038715 (Cal. Ct. App. July 26, 2012), where plaintiff expended funds renovating a house owned by his father-in-law based on the promise that the house would be transferred to his wife. *Id.* at 1. The court found that his claim for unjust enrichment was subject to the three-year limitations period of Section 338(d): "Here, [plaintiff's]

mistake was his expectation that the [property] would eventually be his, at least in part, based on his relationship with [his wife]. The mistake led [plaintiff] to invest substantially in the [property], leading to the unjust enrichment of [his father in law]." *Id.* at *6.

Notably, in *Corlin* and *Dintino* there was no claim for fraud, nor was there a claim to modify a contract based on mistake. Yet, due to the mismatch between what the plaintiff expected and what he received—the mistake—section 338(d)'s three-year limitations period applied. *See also BASF Corporation v. Cesare's Collision Repair & Towing, Inc.*, 346 F. Supp. 3d 1115, 1118 & 1122 (E.D. Cal. 2019) (section 338(d) applied to unjust enrichment claim arising out of dispute over breached contract; no fraud claim pleaded).

Here, as in *Ayala* and the foregoing cases, "[o]rdinarily, restitution is only required if the benefits were conferred by mistake, fraud coercion or request." *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1132 (Cal. Ct. App. 2014). That restitutionary theory, and not the co-pending invasion of privacy claim, is the gravamen of Plaintiffs' unjust enrichment claim. In short, Plaintiffs mistakenly used AOSP, believing that it would protect their browsing activity, when in fact Defendants used AOSP to steal and monetize their private information.

Federal courts apply a three-year limitations period to unjust enrichment claims based upon fraud or mistake, even where such claims are tied to causes of action with a shorter period. For example, in *Allen v. Similasan Corp.*, 2013 WL 2120825 (S.D. Cal. May 14, 2013), plaintiffs brought a class action alleging that they purchased products based upon unsubstantiated advertising claims and that defendants were enriched thereby. *Id.* at *1. The court applied the three-year "fraud or mistake" limitations period, rather than the four-year period applicable to plaintiffs' CLRA, FAL and UCL claims. *Id.* at *6.

Similarly, in *Al-Ahmed v. Twitter, Inc.*, the plaintiff alleged that Twitter employees improperly accessed his Twitter account, and asserted numerous claims including violation of the Electronic Communications Privacy Act, Computer Fraud and Abuse Act, Stored Communications Act, intrusion upon seclusion, and unjust enrichment. 648 F. Supp. 3d 1140, 1147 (N.D. Cal. 2023). Despite the overwhelming presence of "privacy" claims, which had a two-year limitations period, the court noted that the limitations period for the unjust enrichment claim was determined by

whether it was based on a quasi-contract theory (two year), written contract (four years) or "conversion, fraud or mistake" (three years). *Id.* at 1155 n.1; *see also Clark v. JPMorgan Chase Bank, N.A.*, 2023 WL 7501396, at *4 n.19 (N.D. Cal. Nov. 12, 2023) (the limitations period for plaintiff's unjust enrichment claims was three-years, despite the presence of a claim for invasion of privacy, among others).

Here, Plaintiffs allege that Defendants obtained a financial benefit from them and the Class by improperly obtaining their private data and sharing it with third parties. As the Court found, Plaintiffs allege that Defendants "produce[d] revenue" from the data Defendants improperly obtained from Plaintiffs and gained a "financial benefit" by sharing that information with their third-party advertising partners for "targeted advertising." ([Dkt 64 at 8.) Plaintiffs further alleged that they and the Class and Subclass "did not consent to the extraction and sale of their detailed Internet browsing data . . . nor did they have any control over its use to produce revenue." (FAC ¶ 287.) The gravamen of Plaintiffs' unjust enrichment claim is that they and the Class mistakenly utilized AOSP based on the reasonable expectation that it would protect their online privacy, and that Defendants benefitted from surreptitiously stealing their browsing and other information and selling it to third parties. Plaintiffs' claim for unjust enrichment does not arise out of its claims for invasion of privacy, although based upon the same conduct giving rise to such claims.

The cases relied upon by Defendants do not compel a different conclusion. (Dkt. 81. at 3.) As explained above, *Dintino* refutes Defendants' argument. *Corbrus LLC v. 8th Bridge Cap., Inc.*, 2021 WL 2781811, at *8 (C.D. Cal. July 1, 2021) (Dkt. 81. at 3), only confirms that "[w]hen a claim for unjust enrichment is founded on a quasi-contract theory, courts apply . . . a two-year limitations period . . . On the other hand, a claim for unjust enrichment on the ground of fraud or mistake is subject to a three-year limitations period pursuant to Cal. Civ. Proc. § 338(d)." Here, Defendants do not suggest that Plaintiffs' claims arise out of a quasi-contract theory.

In *Khodayari v. Ardalan*, 2013 WL 1450077, at *6 (Cal. Ct. App. Apr. 10, 2013) (Dkt. 81. at 3), plaintiff asserted legal malpractice claims, governed by Cal. Code. Civ. Proc. 340.6. Section 340.6 provides that the limitations period for legal malpractice is one year, "other than for actual fraud." Thus, the appellate court held that only plaintiff's claims for intentional fraud fell outside

Section 340.6, and were entitled to the three-year limitations period of Section 338(d). *Id.* at *5. The other claims, including the claim for unjust enrichment, were based on the failure to provide legal services and, therefore, fell within the one-year period. Here, of course, section 340.6 is not applicable.

Finally, defendants rely upon *Cellulose Material Sols., LLC v. SC Mktg. Grp., Inc.*, 2023 WL 6930388, at *1 (N.D. Cal. Oct. 18, 2023), and *Vafi v. McCloskey*, 193 Cal. App. 4th 874, 880 (Cal. Ct. App. 2011) (Dkt. 81. at 3), merely for the general principle, not in dispute, that the applicable statute of limitations is determined by the general principle of the action rather than the form of the action or the relief demanded. As discussed above, here, the unjust enrichment results from the mismatch between what Plaintiffs expected and what they received. Accordingly, section 338(d)'s three-year limitations period applies.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss should be denied.

DATED: June 12, 2024

Jonathan M. Rotter
David J. Stone
GLANCY PRONGAY & MURRAY LLP

By: *<u>/s/ Jonathan M. Rotter</u>*
Jonathan M. Rotter
Attorneys for Plaintiffs Grace Lau and Christopher Karwowski

DATED: June 12, 2024

Ekwan E. Rhow
Marc E. Masters
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By: */s/ Ekwan E. Rhow*
Ekwan E. Rhow
Attorneys for Plaintiffs Grace Lau and Christopher Karwowski

DATED: June 12, 2024

Korey A. Nelson
Amanda K. Klevorn
Claire E. Bosarge
Logan B. Fontenot
BURNS CHAREST LLP

By: */s/ Korey A. Nelson*
Korey A. Nelson
Attorneys for Plaintiffs Grace Lau and Christopher Karwowski

Pursuant to Civil L.R. 5-1(h)(3), the filer attests that all signatories listed and on whose behalf this filing is submitted, concur in its content and have authorized the filing.

DATED: June 12, 2024

By: */s/ Jonathan M. Rotter*
Jonathan M. Rotter

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On June 12, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 12, 2024.

/s/ *Jonathan M. Rotter*
Jonathan M. Rotter