LATHAM & WATKINS LLP
Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Serrin Turner (*pro hac vice*)
*serrin.turner@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendants Gen Digital Inc. and Jumpshot Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

GRACE LAU and CHRISTOPHER KARWOWSKI, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GEN DIGITAL INC., a corporation, and JUMPSHOT INC., a corporation,

Defendants.

Case No. 3:22-cv-08981-RFL

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT AS TO JUMPSHOT INC.**

Hearing: July 9, 2024
Time: 10:00 a.m.
Location: Courtroom 15—18th Floor
Judge: Hon. Rita F. Lin

# TABLE OF CONTENTS


Page

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. The Gravamen of the Unjust Enrichment Claim Is Invasion of Privacy, Not "Mistake" .......... 1

B. Plaintiff Cannot State a Mistake-Based Unjust Enrichment Claim Against Jumpshot in Any Event .......... 5

III. CONCLUSION .......... 6

## I. INTRODUCTION

Plaintiffs continue to muddle their theories of the case in an effort to reinsert rejected claims into this litigation. This Court should reject Plaintiffs' attempt to rely on theories of harm that it has already dismissed. Just as Plaintiffs may not bootstrap their allegations in this lawsuit generally to stale claims about long-known conduct by Avast's defunct subsidiary, Jumpshot, Plaintiffs may not bootstrap their unjust enrichment claim to already dismissed claims that are no longer a part of the case. The Court should dismiss Jumpshot from the case because no cognizable claim remains against it, since all of the Jumpshot conduct at issue occurred outside of the relevant statute of limitations.

## II. ARGUMENT

### A. The Gravamen of the Unjust Enrichment Claim Is Invasion of Privacy, Not "Mistake"

As the Court has already recognized, Plaintiffs' claim for unjust enrichment is simply a request for a particular form of relief—restitution—to recoup the "benefit" that Defendants allegedly "unjustly" retained from "sharing [Plaintiffs'] information with their third-party advertising partners for 'targeted advertising.'" Order Granting in Part and Denying in Part Plaintiffs' Motion to Dismiss ("MTD II Order") 8-9, Dkt. 64. The gravamen of that alleged wrong is an invasion of privacy—the only alleged substantive wrong that remains in the case. Accordingly, the applicable statute of limitations is the same statute of limitations applicable to Plaintiffs' invasion of privacy claims—two years, not three.

"The gravamen of an action depends on the nature of the right sued upon or the principal purpose of the action." *Bank of New York Mellon v. Citibank, N.A.*, 8 Cal. App. 5th 935, 943 (2017). "Put another way, '[w]hat is significant for statute of limitations purposes is the primary interest invaded by defendant's wrongful conduct.'" *Green v. 54th St. Invs., LLC*, 2019 WL 1567843, at *3 (Cal. Ct. App. Apr. 11, 2019) (unpublished) (quoting *Marin Healthcare Dist. v. Sutter Health*, 103 Cal. App. 4th 861, 875 (2002)). Based on these principles, courts have recognized that an unjust enrichment claim flowing from a particular type of injury is governed by the statute of limitations applicable to that particular type of injury. In *Khodayari v. Ardalan*, for

example, the court explained that, because the "gravamen" of the unjust enrichment cause of action was defendants' failure to perform professional services for which they were paid, the statute of limitations that applied to that particular alleged wrong—one year, as defined by statute—applied to the unjust enrichment claim as well. 2013 WL 1450077, at *6 (Cal. Ct. App. Apr. 10, 2013) (unpublished).[1]

Here, the "primary interest" alleged to have been "invaded" as a result of the alleged conduct, including the alleged Jumpshot conduct, is Plaintiffs' interest in protecting their *privacy*. This is reflected throughout the First Amended Complaint ("FAC"), which makes clear that Plaintiffs' claims generally center around their privacy, starting with the very first sentence, which states: "This is a case about Defendants' surreptitious electronic surveillance of their customers and invasion of their customers' privacy." FAC ¶ 1, Dkt. 47. This focus equally animates the unjust enrichment count, which asserts that Plaintiffs "conferred a benefit on Defendants in the form of *highly personal data*" and that Defendants obtained "substantial monetary compensation" from "Plaintiffs' … *private data*," which Defendants allegedly "unjustly retained." *Id.* ¶¶ 284-86. Thus, the underlying wrong of which Plaintiffs complain—and for which they seek restitution—is that Defendants allegedly profited from violating their privacy. Because a privacy invasion is the gravamen of their claim, the Court should apply the statute of limitations specifically applicable to invasions of privacy—which the Court has already held to be two years, MTD II Order 9.

Plaintiffs cannot avoid this result by recasting their unjust enrichment claim as based on "mistake." *See* Opp. 4-5, Dkt. 82 (asserting that the gravamen of their claim is that "Plaintiffs mistakenly used AOSP, believing that it would protect their browsing activity"). Courts have applied the doctrine of "mistake" in situations where a plaintiff sought to recover money or property that the plaintiff relinquished by mistake—*e.g.*, by transferring the money or property to the wrong person. Plaintiffs' own cases illustrate this. For example, *F.D.I.C. v. Dintino* involved a "loss of [] security interest in the Property" at issue as a result of the plaintiff mistakenly recording a legal document, 167 Cal. App. 4th 333, 348 (2008), and *Corlin v. MacInnis* involved

[1] Plaintiffs' observation that the specific statutory limitations period at issue in that case, which concerned legal malpractice, is "not applicable" here, Opp. 6, Dkt. 82, does nothing to undercut the case's reasoning.

the plaintiff losing funds by renovating a house based on the "mistake[n] … expectation that the [property] would eventually be [plaintiff's]," 2012 WL 3038715, at *6 (Cal. Ct. App. July 26, 2012) (unpublished). But here, Plaintiffs cannot claim to have relinquished anything, let alone by mistake, as they retained possession of their own browsing data at all times, notwithstanding their use of AOSP. *See* MTD II Order 8 (concluding that browsing data "is not capable of *exclusive* possession or control"). And unsurprisingly, Plaintiffs fail to cite a single case upholding an unjust enrichment claim based on a "mistake" theory where only the transfer of data was involved.

Moreover, the Court has already rejected all of Plaintiffs' property-based theories of injury. The Court dismissed Plaintiffs' Unfair Competition Law ("UCL") and larceny claims, specifically holding that Plaintiffs "fail to allege economic injury" and that "browsing data is not 'property' capable of theft." MTD II Order 7-8. The only remaining theory of harm in the case is Plaintiffs' claim that their data was *used* in a way that they allege violated their privacy. Because the only underlying wrong remaining in the case is an alleged privacy violation, not a mistaken transfer of property, the statute of limitations for the unjust enrichment claim should be based on the privacy violation, not the doctrine of "mistake."[2] *See Wu v. Sunrider Corp.*, 2018 WL 6266577, at *5-6 (C.D. Cal. May 22, 2018) (concluding that two-year statute of limitations applied to unjust enrichment claim, and noting that "[p]laintiff does not suggest the Individual Defendants were enriched via fraud or mistake, nor could she, considering all of her fraud claims were dismissed"). Plaintiffs do not cite a single case that applied a three-year statute of limitations to an unjust enrichment claim that survived dismissal where no other surviving claim in the case sounded in

---

[2] Even if the doctrine of mistake could be stretched broadly enough to arguably encompass the alleged conduct here, the statute of limitations specifically applicable to a privacy invasion claim is the far tighter fit, and thus is the one that should govern. *See Loken v. Century 21-Award Props.*, 36 Cal. App. 4th 263, 273 (1995) ("[W]here the Legislature has provided for a two-year limitation period for actions stemming from the breach of duty [owed by real estate brokers to prospective purchasers], this specific statute prevails over the general statute of limitations of three years for fraud and negligent misrepresentation causes of action."); *Khodayari*, 2013 WL 1450077, at *6 (applying one-year statute of limitations to unjust enrichment claim to recover monies paid to lawyers for services they did not perform, even though the plaintiffs alleged the lawyers collected the funds fraudulently, because the statute of limitations most specifically applicable to the alleged conduct was for legal malpractice); *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1121-23 (2014) (applying more specific statute of limitations in probate code, applicable to breach of duty to provide accounting, to claim for unjust enrichment, even though Plaintiffs' claims were generally "fraud-based").

fraud or mistake.

Plaintiffs' cited cases do not lead to a contrary conclusion. The only case Plaintiffs cite involving any invasion-of-privacy allegations is *Al-Ahmed v. Twitter*, 648 F. Supp. 3d 1140 (N.D. Cal. 2023), but its cursory statute of limitations analysis does not support Plaintiffs' position.[3] That case concerned numerous claims based on multiple different theories of harm. The court properly inquired into which "underlying wrong" formed the basis of the unjust enrichment claim. It concluded that the claim was "based on the unauthorized access of [Plaintiff's] account," along with several other claims, all of which it held were time-barred—without actually deciding which specific statute of limitations applied to the unjust enrichment claim, because even the longest conceivable limitations period was not sufficient to cover the conduct at issue. *Id.* at 1151 & n.2. Notably, even though a separate breach of contract claim survived in the case, the court recognized that an unjust enrichment claim that was not "premised on the breach of contract" as the "underlying wrong" would not take the statute of limitations for that claim. *Id.* at 1159 n.3. Just as the unjust enrichment claim there took its statute of limitations from the underlying wrong from which it flowed, Plaintiffs' unjust enrichment claim here must take its statute of limitations from the only wrong from which it *can* flow, *i.e.*, the alleged privacy injury, which is the only form of injury remaining in the case.

Plaintiffs otherwise cite cases where the plaintiffs allegedly parted with money or property, in circumstances far closer to traditional "mistake" or "fraud" than the facts alleged here. Moreover, many of Plaintiffs' cases involve unjust enrichment claims as to which courts found that fraud was the explicit basis for the claims, or which courts dismissed along with other claims that flowed from the same theories of harm; indeed, in several of Plaintiffs' cases, the courts simply dismissed *all* of the claims as time barred.[4] None of the cases turned on an argument that an unjust

---

[3] Plaintiffs characterize *Clark v. JPMorgan Chase Bank, N.A*. as involving a privacy claim, *see* Opp. 5, but that was plainly not the "gravamen" of that lawsuit, as the court specifically found that "the complaint has no allegations supporting claims for invasion of privacy." 2023 WL 7501396, at *5 (N.D. Cal. Nov. 12, 2023).

[4] In *Allen v. Similasan Corp.*, 2013 WL 2120825, at *6-8 (S.D. Cal. May 14, 2013), the court dismissed an unjust enrichment claim along with UCL, FAL, and CLRA claims, concluding that plaintiffs had failed to allege that any claim accrued within any of the applicable statutes of

enrichment claim should be subject to the statute of limitations applicable to mistake or fraud, even where the case involved no other claim resting on such a theory of harm.

**B. Plaintiff Cannot State a Mistake-Based Unjust Enrichment Claim Against Jumpshot in Any Event**

Even if mistake were the gravamen of Plaintiffs' unjust enrichment claim, which it is not, Plaintiffs have not alleged with particularity any conduct that would support such a claim as to Jumpshot. Any unjust enrichment claim based on a mistake theory would have to be pled with particularity in accordance with Rule 9(b). *See* Fed. R. Civ. P. 9(b) (claims based on fraud or mistake must be pled with particularity); *see, e.g., Smith v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, 660 F. Supp. 3d 863, 875-76 (N.D. Cal. 2023) (unjust enrichment claim that sounded in fraud subject to Rule 9(b)). In particular, Plaintiffs would have to have pled facts sufficient to show that they used AOSP based on a mistake as to Jumpshot after December 19, 2019.[5] But this Court has already found that the Jumpshot conduct "was publicly exposed in 2019." MTD II Order at 9. Indeed, Plaintiffs allege that Avast's licensing of data to Jumpshot was publicly known as early as October 28, 2019—well before December 19, 2019. *See* FAC ¶ 53; *see also* FAC ¶ 56 (citing additional news coverage about Avast extensions concerning Jumpshot conduct). These allegations undercut any claim that Plaintiffs "mistakenly utilized AOSP" based on the belief that it would not share their information with Jumpshot. Opp. at 5. Plaintiffs do not allege with any particularity whether or how they held any mistaken belief about AOSP's data practices—despite these public revelations—as of or after the start of the limitations period on December 19, 2019.

---

limitation, and also that the complaint failed to meet the heightened pleading standards of Rule 9(b) as required. In *Clark*, 2023 WL 7501396, at *4, the court likewise dismissed all of the claims, concluding that none of them were within any statute of limitations, among other defects. *Ayala Boring, Inc. v. HPS Mechanical, Inc.*, 2022 WL 3354875, at *6 (Cal. Ct. App. Aug. 15, 2022), similarly held that all claims at issue in the case were barred under any of several applicable statutes of limitations. In *Barbier v. Beier*, 2022 WL 1055750, at *4 (Cal. Ct. App. April 8, 2022), the court also dismissed all of the claims as time-barred, and explicitly found that the unjust enrichment claim was based on fraud. And *BASF Corporation v. Cesare's Collision & Repair Towing*, 364 F. Supp. 3d 1115, 1122 (E.D. Cal. 2019), dismissed all claims not based on the contract, where plaintiff "provide[d] no meaningful explanation" as to what statute of limitations should apply.

[5] Because the initial complaint was filed on December 19, 2022, any conduct before December 19, 2019 would fall outside the statute of limitations. *See* Dkt. 1.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request dismissal of Plaintiffs' unjust enrichment claim to the extent it rests on the alleged Jumpshot conduct, and dismissal of Jumpshot Inc. from this action.

Dated: June 20, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Serrin Turner*

Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Serrin Turner (*pro hac vice*)
*serrin.turner@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendants Gen Digital Inc. and Jumpshot Inc.*