Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
  mmasters@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS, & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Jonathan M. Rotter - State Bar No. 234137
*jrotter@glancylaw.com*
David J. Stone - State Bar No. 208961
*dstone@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
Email: info@glancylaw.com

Korey A. Nelson (admitted *pro hac*)
*knelson@burnscharest.com*
Amanda K. Klevorn (admitted *pro hac*)
*aklevorn@burnscharest.com*
Claire Bosarge Curwick (admitted *pro hac*)
*ccurwick@burnscharest.com*
Logan B. Fontenot (admitted *pro hac*)
*lfontenot@burnscharest.com*
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| GRACE LAU, CHRISTOPHER KARWOWSKI, MELODY KLEIN, MICHAEL MCBRIDE, and AIMEN HALIM, individual and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>GEN DIGITAL INC. a corporation, and JUMPSHOT INC., a corporation,<br><br>Defendants. | CASE NO. 3:22-cv-08981-RFL<br><br>**DECLARATION OF CLAIRE CURWICK IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45** |

1092093.1

# DECLARATION OF CLAIRE CURWICK

I, Claire Curwick, declare as follows:

1.     I am an associate with the law firm of Burns Charest LLP, counsel for Plaintiffs in the above-captioned litigation, and am admitted to practice pro hac vice before this Court (ECF 30).  I am familiar with the facts contained herein based upon my personal knowledge and if called as a witness, could and would testify competently thereto.

2.     On July 12, 2024, Plaintiffs caused to be served Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (collectively, the "Subpoenas") on non-parties Adobe, Inc. ("Adobe") and META Platforms Inc. ("Meta") (together, the "Non-Parties"). True and correct copies of the Subpoenas, with revised places of compliance,[1] are attached hereto as **Exhibit A** (subpoena served on Meta) and **Exhibit B** (subpoena served on Adobe).

3.     Counsel for Adobe and Meta separately requested extensions to serve responses and objections to the subpoenas served on Meta and Adobe. Plaintiffs granted both requests, extending the deadline for Meta to respond to August 12, 2024, and extending the deadline for Adobe to respond to August 16, 2024.

4.     On August 12, 2024, Meta served its responses and objections to the subpoena, attached hereto as **Exhibit C**. On August 16, 2024, Adobe served its responses and objections to the subpoena, attached hereto as **Exhibit D**.

5.     On August 21, 2024, counsel for Plaintiffs met and conferred with counsel for Meta regarding Plaintiffs' subpoena and Meta's responses and objections thereto. During said meet and confer, Meta's counsel represented that Plaintiffs did not provide sufficient information in their subpoena to allow Meta to determine whether performing a search for responsive information would be feasible. However, Meta did not deny that it has received responsive data from Gen Digital nor that Meta has or has had an agreement

---

[1] To address any potential objection to the Subpoenas on the basis that the place of compliance is over 100 miles from where the Non-Parties reside, Plaintiffs amended the Subpoenas strictly to provide a place of compliance that is within 100 miles of where each of the Non-Parties is headquartered.

with Gen Digital in which Meta would receive web browsing data from Gen Digital.

6.      Following the meet and confer with Meta's counsel, on August 22, 2024, Plaintiffs provided more information to assist Meta in conducting a search for information responsive to Plaintiffs' subpoena. On August 23, 2024, Meta's counsel responded to Plaintiffs' counsel's email, again representing that the information Plaintiffs provided was insufficient for Meta to determine whether a search for responsive information would be feasible. True and correct copies of Plaintiffs' counsel's August 22, 2024 email providing more information to Meta, and Meta's August 23, 2024 response thereto, are included in **Exhibit E**, attached hereto.

7.      On August 23, 2024, counsel for Plaintiffs met and conferred with counsel for Adobe regarding Plaintiffs' subpoena and Adobe's responses and objections thereto. During that conference, counsel for Adobe represented, among other things: (a) that Adobe receives data from Defendant Gen Digital, but not from Avast or the avast.com website, specifically; and (b) that Gen Digital websites, but not Avast websites, use Adobe services. Also during that conference, Adobe's counsel did not deny the existence of data sharing agreements between Gen Digital and Adobe.

8.      To provide additional time to comply with the Subpoenas, Plaintiffs offered to stipulate with each subpoena recipient to engage in this Court's Civil Standing Order's discovery letter briefing process to resolve third party discovery disputes, including but not limited to disputes arising from subpoenas issued to third parties. Google and Reddit accepted Plaintiffs' offer and Plaintiffs filed joint stipulations to that effect on August 23, 2024 (ECF 93, 94), which the Court granted on August 26, 2024 (ECF 95, 96).  Because Meta and Adobe did not accept Plaintiffs' offer to stipulate, Plaintiffs are proceeding, as they must, to enforce the subpoenas issued to them.  A true and correct copy of counsel for Meta's August 26, 2024 email declining to stipulate is attached hereto as **Exhibit F**. attached hereto. A true and correct copy of counsel for Adobe's August 26, 2024 email declining to stipulate is attached hereto as **Exhibit G**.

9.      On July 26, 2024, Defendant Gen Digital served on Plaintiffs its objections

to the Subpoenas. Gen Digital's objections to Plaintiffs' subpoena to Meta are attached hereto as **Exhibit H**. Gen Digital's objections to Plaintiffs' subpoena to Adobe are attached hereto as **Exhibit I**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26th day of August 2024 in New Orleans, Louisiana.

_____
Claire Curwick

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Grace Lau, et al., individually and on behalf of all others similarly situated | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:22-cv-08981-RFL |
| Gen Digital Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Adobe Inc., c/o Corporation Service Company 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: ~~Glancy Prongay & Murray LLP, 1925 Century Park E #2100, Los Angeles, CA 90067~~ Bleichmar Fonti & Auld LLP, 1330 Broadway, Suite 630, Oakland, California 94612 | Date and Time: August 2, 2024 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/12/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | s/ Logan B. Fontenot |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Grace Lau, et al., individually and on behalf of all others similarly situated , who issues or requests this subpoena, are:

Logan B. Fontenot, Burns Charest LLP, 365 Canal Street, Suite 1170, New Orleans, LA 70130, lfontenot@burnscharest.com, (504) 577-2583

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:22-cv-08981-RFL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

The following definitions and rules of interpretation apply to each request as if incorporated therein. Subject to the definitions stated below, each word, term, or phrase used in the requests below is intended to have the broadest possible meaning permitted under the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

1. The terms "ADOBE," "YOU," and "YOUR" refer to Adobe Inc., and its predecessors and successors in interest; its present and former officers, directors, and employees; its parents, subsidiaries, divisions, entities, and affiliated companies; and its attorneys, representatives, agents, and all other persons acting or authorized to act on their behalf, including third-party entities.

2. The term "ALL" includes the words "ANY," "EACH," and "EVERY," and vice versa.

3. The term "AOSP" refers to all current and prior versions of the Avast Online Security & Privacy browser extension, including but not limited to when operated under the prior name "Avast Online Security."

4. The term "AVAST" refers to Avast Plc, the creator and owner of AOSP, and its predecessors and successors in interest; its present and former officers, directors, and employees; its parents, subsidiaries, divisions, entities, and affiliated companies; and its attorneys, representatives, agents, and all other persons acting or authorized to act on their behalf, including third-party entities.

5. The term "COMMUNICATION" is to be construed in the broadest possible sense, and includes, but is not limited to, ANY transmission of information in ANY form and of ANY kind, including electronic, oral, or written transmission, whether such was by chance, prearranged, formal, or informal, including conversations in person, notes of conversations,

letters, electronic mail, telephone conversations, facsimile transmissions, correspondence or memoranda, formal statements, press releases, or newspaper articles.

6. The term "COOKIE" refers to pieces of DATA, usually appearing as a string of numbers and letters in a text file, placed on a user's web browser or computer, which is used to identify the user and track or obtain certain information. Specifically, the term "COOKIE" includes, but is not limited to, YOUR COOKIES bearing the following identifier(s): AMCV_, AMCVS_, s_cc, s_gpv, s_gpv_custom, s_nr, s_tbm, and sdl_cid.

7. The term "DATA" refers to ANY and ALL digitally stored and transmitted information generated by browsing websites other than the avast.com website and packaged together with YOUR COOKIES that you receive from AVAST.

8. The term "DATABASE" refers to ANY and ALL electronically stored, organized collections of DATA.

9. The term "DEFENDANTS" refers to Gen Digital Inc. and Jumpshot Inc.

10. The terms "DOCUMENT" and "DOCUMENTS" shall be synonymous in meaning and equal to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure including, without limitation, original and ANY non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced, including ALL correspondence, letters, telegrams, telexes, messages, memoranda, instructions, emails, handwritten or recorded notes, and ALL records, schedules, reports, surveys, calculations, transcripts, notes, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, charts, COMMUNICATIONS, DATABASE, data compilation, diary, draft, drawing, electronically stored information, emails, fax, floppy disk, graph, hard drive, image, index, instant message, letter, log, magnetic tape, memorandum, note, optical disk, photograph, report, sound recording, spreadsheet, storage

device, text message, version, voicemail or writing. These terms shall apply to ANY DOCUMENT, whether in hard copy or electronic form, on ANY computers or other system. ANY copy of a DOCUMENT that differs in ANY respect.

11. The term "PLAINTIFFS" means Grace Lau, Christopher Karwowski, Melody Klein, Michael McBride, and Aimen Halim.

12. The term "RELATING TO" include addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

13. The term "RELEVANT PERIOD" means the period from January 1, 2019, through the present.

14. The term "REQUEST" refers to PLAINTIFFS' requests for production to YOU herein.

## INSTRUCTIONS

1. **Responses**: Respond to each REQUEST by producing the requested DOCUMENTS that are in YOUR possession, custody, or control, in their entirety, notwithstanding the fact that portions thereof may contain information not requested, along with every family document (such as ANY appendices, attachments, cover letters, exhibits, and schedules). If there are no DOCUMENTS in YOUR possession, custody, or control that are responsive to a particular REQUEST, provide a written response stating so.

2. **Electronically Stored Information**: Each REQUEST seeks the production of electronically stored information, as defined by the Civil Rules, in addition to ALL hard- copy DOCUMENTS.

3. **Time Period**: The time period for these REQUESTS is the start of the RELEVANT PERIOD through the present (and ongoing) unless stated otherwise.

4. **Construction**: For purposes of reading, interpreting, or construing the scope of the definitions, instructions, and REQUESTS, ALL of the terms shall be given their most expansive and inclusive interpretation. This includes the following:

   a.  The singular form of a word shall be interpreted as plural and vice versa.

   b. "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the REQUEST ANY document that might otherwise be construed to be outside the scope of the REQUEST.

   c. The masculine form of a word shall be interpreted as and shall include the feminine and vice versa.

   d. The use of a verb in ANY particular tense shall be construed as the use of the verb in ALL other tenses as necessary to bring within the scope of the REQUEST ANY DOCUMENT that might otherwise be construed to be outside the scope of the REQUEST.

5. **Objections**: Each REQUEST shall be responded to fully, unless it is objected to in good faith. In that case, the reason(s) for the objection shall be stated in writing and with particularity. If an objection is to only a portion of the REQUEST, state the objection as to that portion only and respond to ANY portion of the REQUEST to which YOU do not object.

   a. If YOU claim ANY ambiguity in interpreting the REQUEST or ANY of the applicable instructions or definitions, such claim shall not be used as a basis for refusing to respond to the REQUESTS. IN ANY such circumstance, YOU should set forth as part of YOUR response the language claimed to be ambiguous and the

interpretation chosen or used by YOU in responding to the REQUEST and YOU shall respond as fully as possible notwithstanding ANY claimed ambiguity or objection.

    b. If YOU object to the REQUEST on the ground that it is overly broad, YOU are instructed to produce DOCUMENTS in response as narrowed to conform to YOU objection and to state in YOUR response: (1) how YOU narrowed the Request; and (2) ALL reason(s) why YOU claim the REQUEST is overly broad.

    c. The fact that a document has been or could be produced by ANY other person does not relieve YOU of the obligation to produce such DOCUMENT, even if the DOCUMENT in YOUR possession, custody, or control is identical in ALL respects to the document produced or held by ANY other person.

6. **Production**: Produce each responsive DOCUMENT and ALL family DOCUMENTS in accordance with the terms of ANY agreement between the parties regarding the production of DOCUMENTS.

    a. If ANY DOCUMENTS are withheld based on an objection to ANY REQUEST, ALL DOCUMENTS covered by that REQUEST but not subject to the objection should be produced.

    b. DOCUMENTS not otherwise responsive to ANY of the REQUESTS herein should be produced if such DOCUMENTS are attached to a DOCUMENT or thing called for by these REQUESTS.

    c. Unless otherwise specified, the DOCUMENTS requested include the responsive DOCUMENTS in YOUR actual or constructive possession, control or custody, as well as the responsive DOCUMENTS in the actual or constructive possession, control or custody of YOUR employees, agents, representatives, managers, or ANY

1    other person acting or purporting to act on YOUR behalf, and, unless privileged and

2    such privilege has not been waived, YOUR attorneys.

3    d.   Unless otherwise specified, the DOCUMENTS requested include ALL responsive

4    DOCUMENTS in YOUR possession, custody or control that exist in electronic

5    format (whether on internal or external hard drives; on desktop, laptop, notebook,

6    tablet, or personal digital assistant computers; SERVERS; CDs; DVDs; USB drives;

7    or ANY other electronic medium).

8    e.   DOCUMENTS shall be produced either (a) as they are kept in the usual course of

9    business (in which case they shall be produced in such fashion as to identify the

10   department, branch, or office in whose possession it was located and, where

11   applicable, the natural person in whose possession it was found or the SERVERS or

12   central file in which it was found, and the address of each DOCUMENT's

13   custodian(s)), or (b) organized and labeled to correspond to the specific REQUEST

14   enumerated in these REQUESTS, with such specific REQUEST identified.

15   f.   In producing DOCUMENTS, YOU are requested to produce a legible copy of each

16   DOCUMENT requested together with ALL non-identical copies and drafts of that

17   DOCUMENT. YOU shall retain ALL of the original DOCUMENTS for inspection

18   or copying throughout the pendency of this ANY appeal(s), and ANY related

19   proceedings.

20   g.   ANY alteration of a responsive DOCUMENT, including ANY marginal notes,

21   handwritten notes, underlining, date stamps, received stamps, endorsed or filed

22   stamps, drafts, revisions, modifications, and other versions of a DOCUMENT is a

23   responsive DOCUMENT in its own right and must be produced.

24

25

26

9                          Case No. 3:22-cv-08981-RFL

PLAINTIFFS' SUBPOENA TO THIRD PARTY ADOBE

h. DOCUMENTS should be produced in full, without abbreviation or expurgation, regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive.

i. In instances where two or more exact duplicates of ANY DOCUMENT exist, the most legible copy shall be produced.

7. **Privilege Log**: To the extent YOU object to or claim a privilege with respect to ANY REQUEST in whole or in part, provide the following information for each DOCUMENT and each portion of ANY DOCUMENT withheld: (a) its Bates Number; (b) its type (e.g., email, memorandum, spreadsheet, text message); (c) ANY author(s) or sender(s); (d) ANY recipients; (e) ANY persons cc'd or bcc'd; (f) its date; (g) whether it was redacted or withheld; (h) the applicable privilege(s) or protection(s); and (i) a brief description of why the privilege(s) or protection(s) justify the redaction or withholding. For ALL persons identified as author(s), sender(s), recipient(s), or copyees or blind copyees, identify for each person, her affiliation(s), title(s), and whether she is an attorney.

8. **Lost Materials**: If ANY responsive DOCUMENT was, but no longer is, in YOUR possession, custody, or control, then provide a log that lists for each such DOCUMENT (a) its type (e.g., email, memorandum, spreadsheet, text message); (b) ANY author(s) or sender(s); (c) ANY recipients; (d) ANY persons cc'd; (e) its date; and (f) its subject matter.

9. **Continuing Obligation**: These REQUESTS are to be considered continuing in nature, and YOU must promptly furnish supplemental responses if ANY additional DOCUMENTS or information are discovered or created after YOUR responses are tendered, or if ANY of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in ANY respect.

1

<u>**REQUESTS FOR PRODUCTION**</u>

2      <u>**REQUEST FOR PRODUCTION NO. 1:**</u>      ALL DATA YOU have received from AVAST

3   other than web browsing information from the avast.com website.

4      <u>**RESPONSE:**</u>

5

6      <u>**REQUEST FOR PRODUCTION NO. 2:**</u>      ALL      DOCUMENTS      and

7   COMMUNICATIONS—including but not limited to DATABASES, DATA logs, datasets, and

8   reports—RELATING TO DATA YOU have received from AVAST other than web browsing

9   information from the avast.com website.

10     <u>**RESPONSE:**</u>

11

12     <u>**REQUEST FOR PRODUCTION NO. 3:**</u>      ALL DOCUMENTS sufficient to show YOUR

13  representations to and agreements with AVAST RELATING TO YOUR receipt of DATA from

14  AVAST other than web browsing information from the avast.com website.

15     <u>**RESPONSE:**</u>

16

17     <u>**REQUEST FOR PRODUCTION NO. 4:**</u>      ALL   DOCUMENTS   sufficient   to   show

18  YOUR past and present policy(ies) or practice(s) RELATING TO YOUR use, retention, and/or

19  destruction of DATA YOU have received from AVAST other than web browsing information from

20  the avast.com website.

21     <u>**RESPONSE:**</u>

22

23

24

25                                                    11                        Case No. 3:22-cv-08981-RFL

26

1     **REQUEST FOR PRODUCTION NO. 5:**     ALL   DOCUMENTS   sufficient   to   show

2   YOUR  purposes  for  YOUR  COOKIES  on  AOSP  users' browsers  and  receiving  DATA  from

3   AVAST other than from the avast.com website.

4     **RESPONSE:**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFFS' SUBPOENA TO THIRD PARTY ADOBE

26

# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Grace Lau, et al., individually and on behalf of all others similarly situated | ) |
| *Plaintiff* | ) |
| v. | ) |
| Gen Digital Inc. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   3:22-cv-08981-RFL

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   META Platforms Inc., c/o Corporation Service Company 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: ~~Glancy Prongay & Murray LLP, 1925 Century Park E #2100, Los Angeles, CA 90067~~ Bleichmar Fonti & Auld LLP, 1330 Broadway, Suite 630, Oakland, California 94612 | Date and Time: August 2, 2024 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/12/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | s/ Logan B. Fontenot |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff Grace Lau, et al., individually and on behalf of all others similarly situated   , who issues or requests this subpoena, are:

Logan B. Fontenot, Burns Charest LLP, 365 Canal Street, Suite 1170, New Orleans, LA 70130, lfontenot@burnscharest.com, (504) 577-2583

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:22-cv-08981-RFL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A

## **DEFINITIONS**

The following definitions and rules of interpretation apply to each request as if incorporated therein. Subject to the definitions stated below, each word, term, or phrase used in the requests below is intended to have the broadest possible meaning permitted under the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

1. The term "ALL" includes the words "ANY," "EACH," and "EVERY," and vice versa.

2. The term "AOSP" refers to all current and prior versions of the Avast Online Security & Privacy browser extension, including but not limited to when operated under the prior name "Avast Online Security."

3. The term "AVAST" refers to Avast Plc, the creator and owner of AOSP, and its predecessors and successors in interest; its present and former officers, directors, and employees; its parents, subsidiaries, divisions, entities, and affiliated companies; and its attorneys, representatives, agents, and all other persons acting or authorized to act on their behalf, including third-party entities.

4. The term "COMMUNICATION" is to be construed in the broadest possible sense, and includes, but is not limited to, ANY transmission of information in ANY form and of ANY kind, including electronic, oral, or written transmission, whether such was by chance, prearranged, formal, or informal, including conversations in person, notes of conversations, letters, electronic mail, telephone conversations, facsimile transmissions, correspondence or memoranda, formal statements, press releases, or newspaper articles.

5. The term "COOKIE" refers to pieces of DATA, usually appearing as a string of numbers and letters in a text file, placed on a user's web browser or computer, which is used to identify the user and track or obtain certain information. Specifically, the term "COOKIE" includes, but is not limited to, YOUR COOKIES bearing the following identifier(s): _fbp.

6.  The term "DATA" refers to ANY and ALL digitally stored and transmitted information generated by browsing websites other than the avast.com website and packaged together with YOUR COOKIES that you receive from AVAST.

7.  The term "DATABASE" refers to ANY and ALL electronically stored, organized collections of DATA.

8.  The term "DEFENDANTS" refers to Gen Digital Inc. and Jumpshot Inc.

9.  The terms "DOCUMENT" and "DOCUMENTS" shall be synonymous in meaning and equal to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure including, without limitation, original and ANY non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced, including ALL correspondence, letters, telegrams, telexes, messages, memoranda, instructions, emails, handwritten or recorded notes, and ALL records, schedules, reports, surveys, calculations, transcripts, notes, time cards, personal expense reports, appointment books, calendars, plans, purchase orders, contracts, subcontracts, charts, COMMUNICATIONS, DATABASE, data compilation, diary, draft, drawing, electronically stored information, emails, fax, floppy disk, graph, hard drive, image, index, instant message, letter, log, magnetic tape, memorandum, note, optical disk, photograph, report, sound recording, spreadsheet, storage device, text message, version, voicemail or writing. These terms shall apply to ANY DOCUMENT, whether in hard copy or electronic form, on ANY computers or other system. ANY copy of a DOCUMENT that differs in ANY respect.

10. The terms "FACEBOOK," "META," "YOU," and "YOUR" refer to Meta Platforms, Inc., and its predecessors and successors in interest; its present and former officers, directors, and employees; its parents, subsidiaries, divisions, entities, and affiliated companies; and its

attorneys, representatives, agents, and all other persons acting or authorized to act on their behalf, including third-party entities.

11. The term "PLAINTIFFS" means Grace Lau, Christopher Karwowski, Melody Klein, Michael McBride, and Aimen Halim.

12. The term "RELATING TO" include addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, in connection with, referring to, reflecting, relating, relating to, reporting on, stating, or dealing with, in whole or in part, in addition to their customary and usual meanings, and shall be construed in the broadest sense possible.

13. The term "RELEVANT PERIOD" means the period from January 1, 2019, through the present.

14. The term "REQUEST" refers to PLAINTIFFS' requests for production to YOU herein.

<u>**INSTRUCTIONS**</u>

1. **Responses**: Respond to each REQUEST by producing the requested DOCUMENTS that are in YOUR possession, custody, or control, in their entirety, notwithstanding the fact that portions thereof may contain information not requested, along with every family document (such as ANY appendices, attachments, cover letters, exhibits, and schedules). If there are no DOCUMENTS in YOUR possession, custody, or control that are responsive to a particular REQUEST, provide a written response stating so.

2. **Electronically Stored Information**: Each REQUEST seeks the production of electronically stored information, as defined by the Civil Rules, in addition to ALL hard- copy DOCUMENTS.

3. **Time Period**: The time period for these REQUESTS is the start of the RELEVANT PERIOD through the present (and ongoing) unless stated otherwise.

4. **Construction**: For purposes of reading, interpreting, or construing the scope of the definitions, instructions, and REQUESTS, ALL of the terms shall be given their most expansive and inclusive interpretation. This includes the following:

    a.   The singular form of a word shall be interpreted as plural and vice versa.

    b.  "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the REQUEST ANY document that might otherwise be construed to be outside the scope of the REQUEST.

    c.  The masculine form of a word shall be interpreted as and shall include the feminine and vice versa.

    d.  The use of a verb in ANY particular tense shall be construed as the use of the verb in ALL other tenses as necessary to bring within the scope of the REQUEST ANY DOCUMENT that might otherwise be construed to be outside the scope of the REQUEST.

5. **Objections**: Each REQUEST shall be responded to fully, unless it is objected to in good faith. In that case, the reason(s) for the objection shall be stated in writing and with particularity. If an objection is to only a portion of the REQUEST, state the objection as to that portion only and respond to ANY portion of the REQUEST to which YOU do not object.

    a.  If YOU claim ANY ambiguity in interpreting the REQUEST or ANY of the applicable instructions or definitions, such claim shall not be used as a basis for refusing to respond to the REQUESTS. IN ANY such circumstance, YOU should set forth as part of YOUR response the language claimed to be ambiguous and the interpretation chosen or used by YOU in responding to the REQUEST and YOU

shall respond as fully as possible notwithstanding ANY claimed ambiguity or objection.

b. If YOU object to the REQUEST on the ground that it is overly broad, YOU are instructed to produce DOCUMENTS in response as narrowed to conform to YOU objection and to state in YOUR response: (1) how YOU narrowed the Request; and (2) ALL reason(s) why YOU claim the REQUEST is overly broad.

c. The fact that a document has been or could be produced by ANY other person does not relieve YOU of the obligation to produce such DOCUMENT, even if the DOCUMENT in YOUR possession, custody, or control is identical in ALL respects to the document produced or held by ANY other person.

6. **Production**: Produce each responsive DOCUMENT and ALL family DOCUMENTS in accordance with the terms of ANY agreement between the parties regarding the production of DOCUMENTS.

a. If ANY DOCUMENTS are withheld based on an objection to ANY REQUEST, ALL DOCUMENTS covered by that REQUEST but not subject to the objection should be produced.

b. DOCUMENTS not otherwise responsive to ANY of the REQUESTS herein should be produced if such DOCUMENTS are attached to a DOCUMENT or thing called for by these REQUESTS.

c. Unless otherwise specified, the DOCUMENTS requested include the responsive DOCUMENTS in YOUR actual or constructive possession, control or custody, as well as the responsive DOCUMENTS in the actual or constructive possession, control or custody of YOUR employees, agents, representatives, managers, or ANY

other person acting or purporting to act on YOUR behalf, and, unless privileged and such privilege has not been waived, YOUR attorneys.

d. Unless otherwise specified, the DOCUMENTS requested include ALL responsive DOCUMENTS in YOUR possession, custody or control that exist in electronic format (whether on internal or external hard drives; on desktop, laptop, notebook, tablet, or personal digital assistant computers; SERVERS; CDs; DVDs; USB drives; or ANY other electronic medium).

e. DOCUMENTS shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the SERVERS or central file in which it was found, and the address of each DOCUMENT's custodian(s)), or (b) organized and labeled to correspond to the specific REQUEST enumerated in these REQUESTS, with such specific REQUEST identified.

f. In producing DOCUMENTS, YOU are requested to produce a legible copy of each DOCUMENT requested together with ALL non-identical copies and drafts of that DOCUMENT. YOU shall retain ALL of the original DOCUMENTS for inspection or copying throughout the pendency of this ANY appeal(s), and ANY related proceedings.

g. ANY alteration of a responsive DOCUMENT, including ANY marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a DOCUMENT is a responsive DOCUMENT in its own right and must be produced.

h. DOCUMENTS should be produced in full, without abbreviation or expurgation, regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive.

i. In instances where two or more exact duplicates of ANY DOCUMENT exist, the most legible copy shall be produced.

7. **Privilege Log**: To the extent YOU object to or claim a privilege with respect to ANY REQUEST in whole or in part, provide the following information for each DOCUMENT and each portion of ANY DOCUMENT withheld: (a) its Bates Number; (b) its type (e.g., email, memorandum, spreadsheet, text message); (c) ANY author(s) or sender(s); (d) ANY recipients; (e) ANY persons cc'd or bcc'd; (f) its date; (g) whether it was redacted or withheld; (h) the applicable privilege(s) or protection(s); and (i) a brief description of why the privilege(s) or protection(s) justify the redaction or withholding. For ALL persons identified as author(s), sender(s), recipient(s), or copyees or blind copyees, identify for each person, her affiliation(s), title(s), and whether she is an attorney.

8. **Lost Materials**: If ANY responsive DOCUMENT was, but no longer is, in YOUR possession, custody, or control, then provide a log that lists for each such DOCUMENT (a) its type (e.g., email, memorandum, spreadsheet, text message); (b) ANY author(s) or sender(s); (c) ANY recipients; (d) ANY persons cc'd; (e) its date; and (f) its subject matter.

9. **Continuing Obligation**: These REQUESTS are to be considered continuing in nature, and YOU must promptly furnish supplemental responses if ANY additional DOCUMENTS or information are discovered or created after YOUR responses are tendered, or if ANY of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in ANY respect.

1          **REQUESTS FOR PRODUCTION**

2          **REQUEST FOR PRODUCTION NO. 1:**        ALL DATA YOU have received from AVAST

3    other than web browsing information from the avast.com website.

4          **RESPONSE:**

5

6          **REQUEST FOR PRODUCTION NO. 2:**        ALL        DOCUMENTS        and

7    COMMUNICATIONS—including but not limited to DATABASES, DATA logs, datasets, and

8    reports—RELATING TO DATA YOU have received from AVAST other than web browsing

9    information from the avast.com website.

10         **RESPONSE:**

11

12         **REQUEST FOR PRODUCTION NO. 3:**        ALL DOCUMENTS sufficient to show YOUR

13   representations to and agreements with AVAST RELATING TO YOUR receipt of DATA from

14   AVAST other than web browsing information from the avast.com website.

15         **RESPONSE:**

16

17         **REQUEST FOR PRODUCTION NO. 4:**        ALL   DOCUMENTS   sufficient   to   show

18   YOUR past and present policy(ies) or practice(s) RELATING TO YOUR use, retention, and/or

19   destruction of DATA YOU have received from AVAST other than web browsing information from

20   the avast.com website.

21         **RESPONSE:**

22

23

24

25                                    11                    Case No. 3:22-cv-08981-RFL

26

# EXHIBIT C

525 MARKET STREET, 29TH FLOOR, SAN FRANCISCO, CA 94105-2737          JENNER&BLOCK LLP

Laurie Edelstein
Tel +1 415 293 5943
LEdelstein@jenner.com

August 12, 2024

**BY ELECTRONIC MAIL**

Logan B. Fontenot
Burns Charest LLP
365 Canal St., Suite 1170
New Orleans, LA 70130
lfontenot@burnscharest.com

> **Re:** *Lau* v. *Gen Digital, Inc.*, No. 22 Civ. 8981 (N.D. Cal.): **Subpoena to Meta for Production of Documents**

Dear Mr. Fontenot:

We write in response to the subpoena for production of documents ("Subpoena") served on Meta Platforms, Inc. ("Meta") on July 15, 2024 in *Lau* v. *Gen Digital, Inc.*, No. 22 Civ. 8981 (N.D. Cal.), a litigation to which Meta is not a party. Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Meta hereby serves its objections to plaintiffs' requests for production set forth in Exhibit A to the Subpoena ("Requests").

Meta objects to the Subpoena generally on the grounds that any discovery directed towards Meta is unwarranted for multiple reasons.

First, Meta is not a party and has no reason to anticipate becoming a party to the suit plaintiffs have filed against defendant Gen Digital, Inc. ("Gen Digital"). Plaintiffs allege claims for invasion of privacy, intrusion upon seclusion, and unjust enrichment against Gen Digital, asserting that as the successor company to Avast PLC ("Avast"), Gen Digital is liable for Avast's alleged practice of collecting its users' web browsing data and transmitting it to third parties without users' consent. These are the only three causes of action that survive after the Court's April 3, 2024 order dismissing plaintiffs' complaint in part. *See* ECF No. 64. Plaintiffs do not allege that Meta is liable for any cause of action. Indeed, the amended complaint does not mention Meta *at all*.

Second, discovery from Meta as a non-party is unwarranted where, as here, plaintiffs have conceded that further efforts on their part to pursue discovery from defendants were required. (*See* ECF No. 73 at 8 (April 24, 2024 Jt. Case Mgmt. Statement)). Neither plaintiffs nor the docket indicate such efforts have been made. It is well established that a party must pursue discovery vigorously from its party opponent before pursuing discovery from a non-party such as Meta. *See, e.g.*, *Suufi* v. *MediaLab.Ai, Inc.*, Order Denying Motion to Compel Without Prejudice, No. 22 Misc. 80205, ECF No. 22 at 2 (Sept. 20, 2022); *Nidec Corp.* v. *Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007); Fed. R. Civ. P. 26(b)(2)(C)(i). Despite plaintiffs'

August 12, 2024
Page 2

obligation to pursue discovery from Gen Digital before seeking discovery from a non-party such as Meta, plaintiffs have not provided any information concerning any discovery requests or responses exchanged with Gen Digital, any efforts to depose Gen Digital's witnesses, or any efforts to compel Gen Digital's responses. Plaintiffs thus have failed to establish that discovery from Meta as a non-party is warranted.

Meta objects to the Subpoena's definition of the term "DEFENDANTS" as vague, overly broad, unduly burdensome, and not proportional to the needs of the case. The Subpoena defines "DEFENDANTS" to include both Gen Digital and Jumpshot, but Jumpshot was dismissed from the case without leave to amend on July 9, 2024, and information pertaining to Jumpshot no longer bears on the claims or defenses at issue in this case. *See* ECF No. 86. Meta also objects to the definition of "DATA" as vague, ambiguous, confusing, overly broad, unduly burdensome, and not proportional to the needs of the case. Meta does not understand what plaintiffs mean by "ANY and ALL digitally stored and transmitted information generated by browsing websites other than the avast.com website and packaged together with YOUR COOKIES that you receive from AVAST."

Meta also objects to each of the Requests on the grounds that the Requests are not relevant to the claims and defenses at issue in the case; they are vague, overbroad in scope and time, and unduly burdensome; and they are not proportional to the needs of the case. Meta further objects to each Request to the extent it seeks information that is confidential to any third party, which Meta is obligated not to disclose. Meta also objects to each Request to the extent it seeks documents or information regarding trade or business secrets or other confidential, proprietary, or sensitive business information. Meta further objects to each Request to the extent it seeks documents or information that is readily obtainable from other sources. Meta also objects to each Request to the extent it seeks information relevant to claims that are time-barred. Meta further objects to the extent the Requests seek documents or information protected, in whole or in part, by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, legal protection, or rule of confidentiality.

Meta also has specific objections to the Requests, each of which fails to satisfy plaintiffs' obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena" issued by plaintiffs. *See* Fed. R. Civ. P. 45(d)(1). All four requests seek information regarding "DATA YOU have received from AVAST" or "YOUR receipt of DATA from AVAST." However, the allegations of the amended complaint concern only the "Avast Online Security & Privacy (the 'AOSP') browser extension for the Google Chrome and Microsoft Edge Internet browsers." *See* ECF No. 47 at ¶ 7. By demanding information regarding "Avast" rather than the AOSP browser extension specifically, the Requests are overbroad, unduly burdensome, and not proportional to the needs of the case.

Further, no class has yet been certified. Thus, to the extent any responsive data were to exist, Request Nos. 1 and 2 potentially would require an overbroad disclosure of Avast users'

August 12, 2024
Page 3

data without their consent, including users whom plaintiffs do not represent at this time. Request Nos. 3 and 4 have no bearing on plaintiffs' claims. At issue is whether Avast violated plaintiffs' privacy by transmitting their data without their consent. Meta's actions—including making any "representations" or entering into any "agreements" relating to its alleged receipt of data, the subject of Request No. 3—are not relevant. Meta's "use, retention, and/or destruction" of data, the subject of Request No. 4, also is irrelevant.

Notwithstanding these objections, Meta is willing to meet and confer to discuss the Subpoena.

This response is made without waiver of Meta's rights, remedies, and defenses, which are expressly reserved, including the right to seek costs. Meta reserves the right to supplement this response at a later date.

Sincerely,

Laurie Edelstein

# EXHIBIT D

Michael A. Berta
ARNOLD & PORTER KAYE SCHOLER, LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
(415) 471-3100
michael.berta@arnoldporter.com

David B. Schwartz
ARNOLD & PORTER KAYE SCHOLER, LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
david.schwartz@arnoldporter.com

*Attorneys for Third Party Adobe Inc.*

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

GRACE LAU, CHRISTOPHER
KARWOWSKI, MELODY KLEIN, MICHAEL
MCBRIDE, and AIMEN HALIM, individually
and on behalf of all others similarly situated,

Plaintiffs,

v.

GEN DIGITAL INC. and JUMPSHOT INC.,

Defendants.

Case No. 3:22-cv-08981-RFL

**THIRD PARTY ADOBE INC.'S
RESPONSES AND OBJECTIONS
TO PLAINTIFFS' SUBPOENA
TO PRODUCE DOCUMENTS**

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure ("FRCP"), the local

rules of the United States District Court for the Northern District of California ("Local Rules"), and

any other applicable orders or rules, third party Adobe Inc. ("Adobe"), by and through its

undersigned attorneys, hereby responds and objects to the subpoena of Plaintiffs Grace Lau,

Christopher Karwowski, Melody Klein, Michael McBride, and Aimen Halim ("Plaintiffs") to Adobe

to produce documents, dated July 12, 2024.[1]

---

[1] Plaintiffs' counsel agreed to extend Adobe's deadline to serve responses and objections to the Subpoena
until August 16, 2024.

1    These responses and objections are based on information currently available to Adobe.

2    Adobe reserves the right to amend and/or supplement its responses and objections at any time.

3    **GENERAL OBJECTIONS**

4    1.    Adobe objects to the Subpoena and to each Request as premature because Plaintiffs

5    have failed to first obtain responsive documents from Defendants before issuing the Subpoena and

6    have no basis to assert that production by third party Adobe is necessary or that the information

7    sought in the Subpoena may not be obtained directly from Defendants.  *See* FRCP 45(d)(1)

8    (requiring that a party or attorney issuing a subpoena take reasonable steps to avoid imposing

9    undue burden or expense on the person subject to the subpoena).

10    2.    Adobe objects to the Subpoena and to each Request as unduly burdensome under

11    FRCP Rules 26 and 45, to the extent that they seek documents or information already in the

12    possession, custody, or control of the parties to the lawsuit, other third parties, or in the public

13    domain.  "There is simply no reason to burden nonparties when the documents sought are in

14    possession of the party defendant."  *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577

15    (N.D. Cal. 2007) (granting motion to quash third-party subpoena because "the vast majority of the

16    discovery sought from [the third party] is discovery obtainable from a source more direct,

17    convenient, and less burdensome—namely, from Defendants.").  Adobe reserves the right not to

18    produce documents in response to the Subpoena and to each Request that are readily available

19    from the parties or another source that is more direct, more convenient, less burdensome, or less

20    expensive.  Any determination by Adobe not to produce such documents shall not be deemed an

21    admission or concession that such documents are either responsive or non-responsive to a

22    particular Request.

23    3.    Adobe objects to the Subpoena and to each Request to the extent that they request

24    documents containing personal or private information of individuals other than Plaintiffs,

25    including, but not limited to, members of the proposed classes, the disclosure of which would

26    constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or

27    common law rights to personal privacy and confidentiality.  Adobe further objects to the

28    Subpoena and to each Request to the extent that they seek information or documents that Adobe is

- 2 -

under an obligation to third parties not to disclose, or information otherwise subject to confidentiality restrictions, such as when these obligations are imposed by contract. Adobe further objects to the Subpoena and to each Request to the extent that they seek non-public, confidential, proprietary, and/or commercially sensitive information of Adobe, its employees, or any third party, including Adobe's clients and business partners, or that contain or pertain to trade secrets that are not relevant to the subject matter of this proceeding. Disclosure of such information would be harmful to Adobe's legitimate business interests. To the extent Adobe will produce responsive documents containing any such personal or confidential information, it will do so only in accordance with a protective order entered in this matter sufficient to ensure the confidentiality of such information.

4.    Adobe objects to the Subpoena and to each Request to the extent they seek documents or information not in Adobe's possession, custody, or control.

5.    Adobe objects to the Subpoena and to each Request to the extent they seek information that is not proportional to the needs of the case and/or not relevant to the claims and defenses asserted by the parties to the action.

6.    Adobe objects to the Subpoena and to each Request to the extent they are vague, indefinite, or ambiguous. Adobe further objects to the Subpoena and to each Request to the extent they fail to describe with sufficient particularity the information that is sought.

7.    Adobe objects to the Subpoena and to each Request to the extent that they call for information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, and/or other applicable privileges, protections, and immunities. Any response to these Requests, and any documents produced by Adobe, shall not constitute a waiver as to any applicable privilege or immunity. Inadvertent disclosure of any privileged information shall not constitute a waiver of the privilege or immunity, or any other basis for objecting to discovery, nor shall it constitute a waiver of the right for Adobe to object to the use of, and/or seek return of, any such information that may be inadvertently disclosed.

8.  Adobe objects to the Requests and the "Definitions" and "Instructions" to the extent that they request and attempt to impose obligations beyond those imposed the FRCP, the Local Rules, the discovery limits of this lawsuit, and/or any other applicable orders or rules.

9.  Adobe objects to the definitions of "Communication" and "Document" as overbroad and to the extent they attempt to impose obligations beyond those imposed by the FRCP, the Local Rules, and/or any other applicable orders or rules. Adobe further objects to these terms to the extent they call for the production of cumulative information, documents, or communications that are not reasonably accessible or no longer available to Adobe.

10.  Adobe objects to the definition of the terms "Adobe," "You," and "Your" as overbroad and applying to entities other than Adobe Inc., and thus encompassing virtually any entity or individual with any conceivable connection to the company, past or present, and further that the definition (i) seeks to encompass information that is neither relevant nor proportional to the needs of the case; (ii) is not limited in time or scope; and (iii) seeks to encompass information not within Adobe's possession, custody, or control. Adobe objects to these definitions to the extent they presume that Adobe has knowledge of each of the persons or entities within the scope of the definitions. In responding and objecting, Adobe construes "Adobe," "You," and "Your" to mean Adobe Inc.

11.  Adobe objects to the definitions of "Avast" and "Defendants" as overbroad and seeking to encompass information that is neither relevant nor proportional to the needs of the case to the extent they purport to include Jumpshot Inc., which is no longer a party.

12.  Adobe objects to the "Relevant Period" to the extent it calls for production of documents prior to the applicable statute of limitations, December 19, 2020, or post-dating the filing of the lawsuit because that time period is not reasonably related to any claim or defense raised in this lawsuit and is overly broad and unduly burdensome.

13.  Adobe's failure to make a specific objection to a particular, individual Request is not, and shall not be construed as, an admission that responsive information exists.

14.     Adobe reserves all objections as to the competency, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceedings or trials of this or any other action for any purpose whatsoever as to any document produced in response to these Requests.

15.     In making these objections and responses, Adobe does not waive and expressly reserves all additional objections and defenses permitted under law.

16.     None of the objections and responses contained herein is an admission relative to the existence of any document related to such objections, to the relevance or admissibility of any response contained herein, or to the truth or accuracy of any statement or characterization contained in the Requests.

17.     Each of these General Objections is hereby incorporated into each and every specific objection and answer to the Requests set forth below.  By answering these Requests, Adobe is not waiving any general or specific objection.

18.     All responses are made on an express reservation of the General Objections set forth above and any Specific Objections set forth below.

## INDIVIDUAL RESPONSES TO PLAINTIFFS' REQUESTS

**REQUEST NO. 1:**

ALL DATA YOU have received from AVAST other than web browsing information from the avast.com website.

**RESPONSE TO REQUEST NO. 1:**

Adobe incorporates the General Objections as if fully set forth herein.

Adobe further objects to this Request as premature and unduly burdensome to the extent that it seeks production of documents in the possession, custody, or control of the parties to the lawsuit, and which are more readily available from such parties.  Plaintiffs can obtain Data sent from Defendants to Adobe directly from Defendants without unduly burdening Adobe, a nonparty in this case.

Adobe further objects to this Request as overbroad, unduly burdensome, and seeking information not relevant to any party's claims or defenses or proportional to the needs of the case. The Request seeks all Data received from Avast other than web browsing information from the

avast.com website, but (1) Data unconnected to AOSP, which is the only Avast product at issue in this case, and (2) Data from other Avast websites are not relevant to a party's claims or defenses or proportional to the needs of the case.

Adobe further objects to this Request as vague, ambiguous, overbroad, unintelligible, and improper because of the use of the defined term "You." In responding and objecting, Adobe construes "You" to mean Adobe Inc.

Adobe further objects to this Request because the stated "Relevant Period" is irrelevant, overbroad, and unduly burdensome to the extent it calls for production of documents prior to the applicable statute of limitations, December 19, 2020, or after the commencement of this lawsuit.

Adobe further objects to this Request to the extent that it seeks personal or private information of individuals other than Plaintiffs, including, but not limited to, members of the proposed class, the disclosure of which may constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights to personal privacy and confidentiality.

Adobe further objects to this Request to the extent that it seeks non-public, confidential, proprietary, and/or commercially sensitive information.

Subject to the foregoing, Adobe states that, based on current information, it received no Data from Avast connected to AOSP on or after December 19, 2020 and therefore has no materials responsive to this Request in its possession, custody, or control.

**REQUEST NO. 2:**

> ALL DOCUMENTS and COMMUNICATIONS—including but not limited to DATABASES, DATA logs, datasets, and reports—RELATING TO DATA YOU have received from AVAST other than web browsing information from the avast.com website.

**RESPONSE TO REQUEST NO. 2:**

Adobe incorporates the General Objections as if fully set forth herein.

Adobe further objects to this Request as premature and unduly burdensome to the extent that it seeks production of documents in the possession, custody, or control of the parties to the lawsuit, and which are more readily available from such parties. Plaintiffs can obtain documents

- 6 -

and communications related to Data sent from Defendants to Adobe directly from Defendants without unduly burdening Adobe, a nonparty in this case.

Adobe further objects to this Request as overbroad, unduly burdensome, and seeking information not relevant to any party's claims or defenses or proportional to the needs of the case. The Request seeks all documents and communications relating to Data received from Avast other than web browsing information from the avast.com website, but (1) Data unconnected to AOSP, which is the only Avast product at issue in this case, and (2) Data from other Avast websites are not relevant to a party's claims or defenses or proportional to the needs of the case.

Adobe further objects to this Request as vague, ambiguous, overbroad, unintelligible, and improper because of the use of the defined term "You." In responding and objecting, Adobe construes "You" to mean Adobe Inc.

Adobe further objects to this Request because the stated "Relevant Period" is irrelevant, overbroad, and unduly burdensome to the extent it calls for production of documents prior to the applicable statute of limitations, December 19, 2020, or after the commencement of this lawsuit.

Adobe further objects to this Request to the extent that it seeks personal or private information of individuals other than Plaintiffs, including, but not limited to, members of the proposed class, the disclosure of which may constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights to personal privacy and confidentiality.

Adobe further objects to this Request to the extent that it seeks non-public, confidential, proprietary, and/or commercially sensitive information.

Adobe further objects to this Request to the extent it seeks materials protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, and/or other applicable privileges, protections, and immunities.

Subject to the foregoing, Adobe states that, based on current information, it received no Data from Avast connected to AOSP on or after December 19, 2020 and therefore has no documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 3:**

> ALL DOCUMENTS sufficient to show YOUR representations to and agreements with AVAST RELATING TO YOUR receipt of DATA from AVAST other than web browsing information from the avast.com website.

**RESPONSE TO REQUEST NO. 3:**

Adobe incorporates the General Objections as if fully set forth herein.

Adobe further objects to this Request as premature and unduly burdensome to the extent that it seeks production of documents in the possession, custody, or control of the parties to the lawsuit, and which are more readily available from such parties. Plaintiffs can obtain documents showing Adobe's representations to and agreements with Defendants directly from Defendants without unduly burdening Adobe, a nonparty in this case.

Adobe further objects to this Request as overbroad, unduly burdensome, and seeking information not relevant to any party's claims or defenses or proportional to the needs of the case. The Request seeks all documents sufficient to show Adobe's representations to and agreements with Avast relating to the receipt of Data from Avast other than web browsing information from the avast.com website, but (1) Data unconnected to AOSP, which is the only Avast product at issue in this case, and (2) Data from other Avast websites are not relevant to a party's claims or defenses or proportional to the needs of the case.

Adobe further objects to this Request as vague, ambiguous, overbroad, unintelligible, and improper because of the use of the defined term "Your." In responding and objecting, Adobe construes "Your" to mean Adobe Inc.

Adobe further objects to this Request because the stated "Relevant Period" is irrelevant, overbroad, and unduly burdensome to the extent it calls for production of documents prior to the applicable statute of limitations, December 19, 2020, or after the commencement of this lawsuit.

Adobe further objects to this Request to the extent that it seeks non-public, confidential, proprietary, and/or commercially sensitive information.

Adobe further objects to this Request to the extent it seeks materials protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, and/or other applicable privileges, protections, and immunities.

Subject to the foregoing, Adobe states that, based on current information, it received no Data from Avast connected to AOSP on or after December 19, 2020 and therefore has no documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 4:**

ALL DOCUMENTS sufficient to show YOUR past and present policy(ies) or practice(s) RELATING TO YOUR use, retention, and/or destruction of DATA YOU have received from AVAST other than web browsing information from the avast.com website.

**RESPONSE TO REQUEST NO. 4:**

Adobe incorporates the General Objections as if fully set forth herein.

Adobe further objects to this Request as premature and unduly burdensome to the extent that it seeks production of documents in the possession, custody, or control of the parties to the lawsuit, and which are more readily available from such parties. Plaintiffs can obtain documents related to Data sent from Defendants to Adobe directly from Defendants without unduly burdening Adobe, a nonparty in this case.

Adobe further objects to this Request as overbroad, unduly burdensome, and seeking information not relevant to any party's claims or defenses or proportional to the needs of the case. The Request seeks all documents sufficient to show Adobe's policies or practices relating to Data received from Avast other than web browsing information from the avast.com website, but (1) Data unconnected to AOSP, which is the only Avast product at issue in this case, (2) Data from other Avast websites, and (3) Adobe's policies and practices are not relevant to a party's claims or defenses or proportional to the needs of the case.

Adobe further objects to this Request as vague, ambiguous, overbroad, unintelligible, and improper because of the use of the defined terms "You" and "Your." In responding and objecting, Adobe construes "You" and "Your" to mean Adobe Inc.

Adobe further objects to this Request because the stated "Relevant Period" is irrelevant, overbroad, and unduly burdensome to the extent it calls for production of documents prior to the applicable statute of limitations, December 19, 2020, or after the commencement of this lawsuit.

Adobe further objects to this Request to the extent that it seeks non-public, confidential, proprietary, and/or commercially sensitive information.

Adobe further objects to this Request to the extent it seeks materials protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, and/or other applicable privileges, protections, and immunities.

Subject to the foregoing, Adobe states that, based on current information, it received no Data from Avast connected to AOSP on or after December 19, 2020 and therefore has no documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 5:**

ALL DOCUMENTS sufficient to show YOUR purposes for YOUR COOKIES on AOSP users' browsers and receiving DATA from AVAST other than from the avast.com website.

**RESPONSE TO REQUEST NO. 5:**

Adobe incorporates the General Objections as if fully set forth herein.

Adobe further objects to this Request as premature and unduly burdensome to the extent that it seeks production of documents in the possession, custody, or control of the parties to the lawsuit, and which are more readily available from such parties. Plaintiffs can obtain documents related to Data sent from Defendants to Adobe directly from Defendants without unduly burdening Adobe, a nonparty in this case.

Adobe further objects to this Request as overbroad, unduly burdensome, and seeking information not relevant to any party's claims or defenses or proportional to the needs of the case. The Request seeks all documents sufficient to show Adobe's purposes for its cookies on AOSP users' browsers and receiving Data from Avast other than from the avast.com website, but (1) cookies on AOSP users' browsers unconnected to AOSP, which is the only Avast product at issue in this case, (2) Data unconnected to AOSP, (3) Data from other Avast websites, and (4) Adobe's purposes are not relevant to a party's claims or defenses or proportional to the needs of the case.

Adobe further objects to this Request as vague, ambiguous, overbroad, unintelligible, and improper because of the use of the defined term "Your." In responding and objecting, Adobe construes "Your" to mean Adobe Inc.

Adobe further objects to this Request as vague, ambiguous, overbroad, unintelligible, and improper because of the use of the undefined term "Your Cookies" and the purported inclusion of certain cookies in this term that are not connected with Adobe.

Adobe further objects to this Request because the stated "Relevant Period" is irrelevant, overbroad, and unduly burdensome to the extent it calls for production of documents prior to the applicable statute of limitations, December 19, 2020, or after the commencement of this lawsuit.

Adobe further objects to this Request to the extent that it seeks non-public, confidential, proprietary, and/or commercially sensitive information.

Adobe further objects to this Request to the extent it seeks materials protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, and/or other applicable privileges, protections, and immunities.

Subject to the foregoing, Adobe states that, based on current information, it received no Data from Avast connected to AOSP on or after December 19, 2020 and therefore has no documents responsive to this Request in its possession, custody, or control.

Dated:  August 16, 2024            ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ David B. Schwartz*
Michael A. Berta
ARNOLD & PORTER KAYE SCHOLER, LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
(415) 471-3100
michael.berta@arnoldporter.com

David B. Schwartz
ARNOLD & PORTER KAYE SCHOLER, LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
david.schwartz@arnoldporter.com

*Attorneys for Adobe Inc.*

## PROOF OF SERVICE

1.    I am over eighteen years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 777 South Figueroa Street, Forty-Fourth Floor, Los Angeles, California  90017-5844.

2.    On **August 16, 2024**, I served the following document(s):

**THIRD PARTY ADOBE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS**

3.    I served the document(s) on the following person(s):

**Logan B. Fontenot (lfontenot@burnscharest.com)**

4.    The documents were served by the following means:

☒    **By Electronic Service (E-mail) – Receipt Requested**.  Based on the Court's Standing Order for Civil Cases, or on an agreement of the parties to accept service by electronic transmission, I transmitted the document(s) to the person(s) at the electronic notification address(es) listed in Item 3 on **August 16, 2024**.

☐    **Via Court Notice of Electronic Filing**.  The document(s) will be served by the court via NEF and hyperlink to the document(s).  On **August 16, 2024**, I checked the CM/ECF docket for this case or adversary proceeding and determined that the person(s) listed in Item 3 are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated in Item 3 **[or on the attached service list, if applicable]**.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated:  **August 16, 2024**.                Signature: _/s/ Isabela Montes De Oca_

                                        Type or Print Name: Isabela Montes De Oca
                                        E-Service Address:
                                        Isabela.MontesDeOca@arnoldporter.com

# EXHIBIT E

| | |
|---|---|
| **From:** | Edelstein, Laurie J. |
| **To:** | Logan Fontenot; Zielinski, Paige E. |
| **Cc:** | Jonathan Rotter; Marc E. Masters; David Stone; Christopher J. Lee; Monique M. Candiff; Holly Nye; Korey Nelson; Claire Curwick; Abigail Provost |
| **Subject:** | RE: Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta"s Resp. and Objs. to Subpoena |
| **Date:** | Friday, August 23, 2024 12:09:17 PM |

**EXTERNAL EMAIL MESSAGE**

Logan,

Thank you for this additional information.  Unfortunately, it is not sufficient for Meta to assess whether it is even feasible to conduct a reasonable search for any data that may be responsive to subpoena.

Although you have represented that plaintiffs have identified a specific Meta cookie --_fbp -- in analyses of transmissions between AOSP users' devices and Gen Digital's and AOSP's servers and databases, you have provided no information indicating this cookie or any user browser data was sent to Meta or the way in which the data allegedly was transmitted to Meta.
If plaintiffs file a motion to enforce the subpoena on Monday, August 26, 2024, Meta reserves all rights and defenses, including the right to seek costs and sanctions.
Best,
Laurie

**From:** Logan Fontenot <lfontenot@burnscharest.com>
**Sent:** Thursday, August 22, 2024 12:01 PM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>; Mark Masters <mmasters@birdmarella.com>; David Stone <dstone@glancylaw.com>; Christopher Lee <clee@birdmarella.com>; Monique Candiff <mcandiff@birdmarella.com>; Holly Nye <hnye@glancylaw.com>; Korey Nelson <knelson@burnscharest.com>; Claire Curwick <ccurwick@burnscharest.com>; Abigail Provost <aprovost@burnscharest.com>
**Subject:** Re: Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and Objs. to Subpoena

<mark>External Email - **Do Not Click** Links or Attachments Unless You Know They Are Safe</mark>
Counsel,

Thank you for meeting and conferring with us on Plaintiffs' subpoena to Meta. We write with additional information to assist Meta in searching for information responsive to Plaintiffs' subpoena.

Meta has requested the following to assist in its search for information responsive to Plaintiffs' subpoena: "(1) the type of 'cookie IDs' or the values of the 'cookie IDs' plaintiffs believe Gen Digital sent to Meta; and (2) the way in which the data allegedly was transmitted to Meta – i.e., through a Meta Business Tool, or if not through a Business Tool, how it

was allegedly transmitted."

As to Meta's first request, Plaintiffs have identified a specific Meta cookie, _fbp, in analyses of transmissions between AOSP users' devices and Gen Digital's and AOSP's servers and databases. Browsing data is packaged together with Meta's cookie. Such browsing data from third-party websites sent to you by Gen Digital/Avast together with Meta's cookie is what Plaintiffs' requests seek.

As examples, Plaintiffs are providing the following _fbp cookies with their associated dates or times. These were transmitted to Gen Digital via AOSP.

⬜⬜⬜ _fbp=fb.1.1714477408295.1934501083
⬜⬜⬜ Date: Tue, 30 Apr 2024 17h GMT


⬜⬜⬜ _fbp=fb.1.1714477408295.1934501083
⬜⬜⬜ Date: Tue, 07 May 2024 15h GMT


⬜⬜⬜ _fbp=fb.1.1714477408295.1934501083
⬜⬜⬜ Date: Mon, 01 Jul 2024 17h GMT


⬜⬜⬜ _fbp=fb.1.1718995184839.875205676936558389
⬜⬜⬜ Date: Fri, June 21, 2024


⬜⬜⬜ _fbp=fb.1.1702309730889.179665592
⬜⬜⬜ Date: Mon, 08 Jan 2024 14h GMT


⬜⬜⬜ _fbp=fb.1.1723827680991.836656866323968646
⬜⬜⬜ Date: Wed, 21 Aug 2024 19h GMT


⬜⬜⬜ _fbp=fb.1.1724269863591.572954509269729046
⬜⬜⬜ Date: Wed, 21 Aug 2024 19h GMT

As to Meta's second request, Plaintiffs' testing has shown that the urlite.ff.avast.com server receives Plaintiffs' data, together with Meta's cookie. While Plaintiffs' data is first sent to the urlite.ff.avast.com server, that might not be the server that sends data onward to Meta through server-to-server communication. Plaintiffs do not have visibility concerning

additional "way[s] in which the data allegedly was transmitted to Meta – i.e., through a Meta Business Tool."

Plaintiffs provide the information herein for purposes of assisting Meta in its search for responsive information, not to limit or narrow the scope of Plaintiffs' subpoena issued to Meta. The protective order entered in this case is also attached, to the extent it addresses any of Meta's concerns raised in its responses and objections.

Finally, Defendant has notified Plaintiffs that it no longer agrees to stipulate to an extension of the fact discovery deadline in this case. Accordingly, under the current case management schedule, Plaintiffs need to file motions to enforce subpoenas this **Monday, August 26, 2024**. Therefore, Plaintiffs request compliance with the subpoena issued to Meta by **Monday, August 26, 2024**. Otherwise, Plaintiffs are prepared to move the Court to enforce the subpoena issued to Meta on that date.

Thank you,

Logan

**Logan B. Fontenot**
504.577.2583 direct

---

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Date:** Wednesday, August 21, 2024 at 7:55 PM
**To:** Logan Fontenot <lfontenot@burnscharest.com>, Zielinski, Paige E. <PZielinski@jenner.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>, Mark Masters <mmasters@birdmarella.com>, David Stone <dstone@glancylaw.com>, Christopher Lee <clee@birdmarella.com>, Monique Candiff <mcandiff@birdmarella.com>, Holly Nye <hnye@glancylaw.com>, Korey Nelson <knelson@burnscharest.com>, Claire Curwick <ccurwick@burnscharest.com>, Abigail Provost <aprovost@burnscharest.com>
**Subject:** RE: Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and Objs. to Subpoena

Logan and Claire,

Thank you for meeting with us earlier today to discuss the subpoena plaintiffs served on Meta on July 12, 2024 and Meta's objections and responses served on August 12, 2024 pursuant to an extension plaintiffs granted.

We understand from our discussion that Gen Digital has denied that the Avast Online Security & Privacy browser extension ("ASOP") sends *any* user browser information to third parties such as Meta.  Yet, plaintiffs believe based on unspecified "testing" that Gen Digital is sending data captured by ASOP, including cookies, to third party advertisers, which may include Meta.  We also understand from our discussion that plaintiffs do not know whether Gen Digital in fact sent any data to Meta, what type of data Gen Digital may have sent to Meta, or how Gen Digital would have sent this data to Meta.  Although plaintiffs offered that "cookie IDs" may have been transmitted to Meta, plaintiffs could not provide a definition for "cookie IDs," the names of the cookies that may have been sent, or the method in which they may have been transmitted to Meta.  Plaintiffs speculated there may have been a "server to server" communication, but plaintiffs could not identify how the data would have been transferred from server to server.

As we explained during our call, Meta needs additional information to assess whether it is even feasible to search for any data that may be responsive to subpoena.  This information includes:  (1) the type of "cookie IDs" or the values of the "cookie IDs" plaintiffs believe Gen Digital sent to Meta ; and (2) the way in which the data allegedly was transmitted to Meta – i.e., through a Meta Business Tool, or if not through a Business Tool, how it was allegedly transmitted.

We understand that you intend to follow-up via email with this information to the extent it exists.

If plaintiffs file a motion to enforce the subpoena on Monday, August 26, 2024 as you suggested on the call, Meta reserves all rights and defenses, including the right to seek costs and sanctions.

Best,
Laurie

**From:** Logan Fontenot <lfontenot@burnscharest.com>
**Sent:** Monday, August 19, 2024 7:57 AM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>; Mark Masters <mmasters@birdmarella.com>; dstone@glancylaw.com; Christopher J. Lee <clee@birdmarella.com>; Monique M. Candiff <MCandiff@birdmarella.com>; Holly Nye <HNye@glancylaw.com>; Korey Nelson <knelson@burnscharest.com>; Claire Curwick <ccurwick@burnscharest.com>; Abigail Provost <aprovost@burnscharest.com>
**Subject:** Re: Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and Objs. to Subpoena

**External Email - <u>Do Not Click</u> Links or Attachments Unless You Know They Are Safe**

Good morning, Laurie–

That works for us. We'll circulate a calendar invite and Zoom link.

Thank you,

Logan

**Logan B. Fontenot**
504.577.2583 direct

---

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Date:** Friday, August 16, 2024 at 6:14 PM
**To:** Logan Fontenot <lfontenot@burnscharest.com>, Zielinski, Paige E.
<PZielinski@jenner.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>, Mark Masters
<mmasters@birdmarella.com>, dstone@glancylaw.com <DStone@glancylaw.com>,
Christopher J. Lee <clee@birdmarella.com>, Monique M. Candiff
<MCandiff@birdmarella.com>, Holly Nye <HNye@glancylaw.com>, Korey Nelson
<knelson@burnscharest.com>, Claire Curwick <ccurwick@burnscharest.com>, Abigail
Provost <aprovost@burnscharest.com>
**Subject:** RE: Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and Objs.
to Subpoena

Logan,

Thanks for your message.   We are available at 11:00 am PT on Wednesday, August 21, 2024 for a
meet and confer.  Please let us know if that works for you.

Thanks,
Laurie

---

**From:** Logan Fontenot <lfontenot@burnscharest.com>
**Sent:** Friday, August 16, 2024 9:52 AM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>; Mark Masters <mmasters@birdmarella.com>;
dstone@glancylaw.com; Christopher J. Lee <clee@birdmarella.com>; Monique M. Candiff
<MCandiff@birdmarella.com>; Holly Nye <HNye@glancylaw.com>; Korey Nelson
<knelson@burnscharest.com>; Claire Curwick <ccurwick@burnscharest.com>; Abigail Provost
<aprovost@burnscharest.com>
**Subject:** Re: Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and Objs. to Subpoena

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Thank you, Laurie.

Plaintiffs are available to meet and confer on Meta's responses and objections on:

   ▢▢▢ Monday, August 19, any time after 9:30 a.m. PT;
   ▢▢▢ Tuesday, August 20, any time after 12:30 p.m. PT; or
   ▢▢▢ Wednesday, August 21, any time after 9:30 a.m. PT.

Please let us know if any of these times work for Meta, and we will circulate a calendar invite and Zoom link.

Thank you,

Logan

**Logan B. Fontenot**
504.577.2583 direct

---

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Date:** Monday, August 12, 2024 at 5:22 PM
**To:** Logan Fontenot <lfontenot@burnscharest.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>, dstone@glancylaw.com <dstone@glancylaw.com>, Amanda Klevorn <aklevorn@burnscharest.com>, Claire Curwick <ccurwick@burnscharest.com>, Ekwan Rhow <erhow@birdmarella.com>, Mark Masters <mmasters@birdmarella.com>, Zielinski, Paige E. <PZielinski@jenner.com>
**Subject:** Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and Objs. to Subpoena

Logan,

Please find attached Meta Platforms, Inc.'s response and objections to the subpoena served in *Lau* v. *Gen Digital, Inc.*, No. 22 Civ. 8981 (N.D. Cal.).

Meta is willing to meet and confer if you have any questions.

Thanks,
Laurie

**Laurie J. Edelstein**

**Jenner & Block LLP**
525 Market Street
29th Floor
San Francisco, CA 94105-2708   |   jenner.com

+1 415 293 5943    |   Tel
+1 415 730 4029    |   Mobile
LEdelstein@jenner.com

Download V-Card   |   View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system

# EXHIBIT F

**Subject:** Re: Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and Objs. to Subpoena
**Date:** Monday, August 26, 2024 at 1:01:33 PM Central Daylight Time
**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**To:** Logan Fontenot <lfontenot@burnscharest.com>, Zielinski, Paige E. <PZielinski@jenner.com>
**CC:** Jonathan Rotter <jrotter@glancylaw.com>, Mark Masters <mmasters@birdmarella.com>, David Stone <dstone@glancylaw.com>, Christopher Lee <clee@birdmarella.com>, Monique Candiff <mcandiff@birdmarella.com>, Holly Nye <hnye@glancylaw.com>, Korey Nelson <knelson@burnscharest.com>, Claire Curwick <ccurwick@burnscharest.com>, Abigail Provost <aprovost@burnscharest.com>

Logan,

Thank you for your message and for curing the subpoena's defect in location for compliance. Thank you also for the proposed stipulation you sent on Friday purportedly to allow Meta more time to conduct a search and proposing to bring any later-arising disputes to the court pursuant to the court's discovery letter process generally applicable to parties.

However, Meta does not need more time to conduct a search.   As I stated below, we do not have sufficient information to assess whether it is even feasible for Meta to conduct a reasonable search for any data that may be responsive to subpoena.  Plaintiffs have provided no information indicating that any cookie or any user browser data was sent from Gen Digital to Meta or the way in which the data allegedly was transmitted to Meta.  And our understanding is that Gen Digital has represented to the Court that ASOP does not transmit user browser data to third parties.

If plaintiffs file a motion to enforce the subpoena, Meta reserves all rights and defenses, including the right to seek costs and sanctions.

Thanks,
Laurie

---

**From:** Logan Fontenot <lfontenot@burnscharest.com>
**Sent:** Sunday, August 25, 2024 5:06 PM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>; Mark Masters <mmasters@birdmarella.com>; David Stone <dstone@glancylaw.com>; Christopher Lee <clee@birdmarella.com>; Monique Candiff <mcandiff@birdmarella.com>; Holly

Nye <hnye@glancylaw.com>; Korey Nelson <knelson@burnscharest.com>; Claire
Curwick <ccurwick@burnscharest.com>; Abigail Provost
<aprovost@burnscharest.com>
**Subject:** Re: Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and
Objs. to Subpoena

<mark>External Email - **Do Not Click** Links or Attachments Unless You Know They Are Safe</mark>

Counsel,

Plaintiffs have secured a place to comply with Plaintiffs' subpoena within 100
miles of Meta: Bleichmar Fonti & Auld LLP, 1330 Broadway, Suite 630,
Oakland, California 94612.

Please find the subpoena issued to Meta attached, amended only to reflect
the updated place of compliance listed above.

Thank you,

Logan

**Logan B. Fontenot**
504.577.2583 direct

---

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Date:** Friday, August 23, 2024 at 2:09 PM
**To:** Logan Fontenot <lfontenot@burnscharest.com>, Zielinski, Paige E.
<PZielinski@jenner.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>, Mark Masters
<mmasters@birdmarella.com>, David Stone <dstone@glancylaw.com>, Christopher Lee
<clee@birdmarella.com>, Monique Candiff <mcandiff@birdmarella.com>, Holly Nye
<hnye@glancylaw.com>, Korey Nelson <knelson@burnscharest.com>, Claire Curwick
<ccurwick@burnscharest.com>, Abigail Provost <aprovost@burnscharest.com>
**Subject:** RE: Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and Objs. to
Subpoena

Logan,

Thank you for this additional information.  Unfortunately, it is not sufficient for Meta to assess
whether it is even feasible to conduct a reasonable search for any data that may be responsive
to subpoena.

Although you have represented that plaintiffs have identified a specific Meta cookie --_fbp -- in
analyses of transmissions between AOSP users' devices and Gen Digital's and AOSP's servers
and databases, you have provided no information indicating this cookie or any user browser
data was sent to Meta or the way in which the data allegedly was transmitted to Meta.

If plaintiffs file a motion to enforce the subpoena on Monday, August 26, 2024, Meta reserves all rights and defenses, including the right to seek costs and sanctions.
Best,
Laurie

---

**From:** Logan Fontenot <lfontenot@burnscharest.com>
**Sent:** Thursday, August 22, 2024 12:01 PM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>; Mark Masters <mmasters@birdmarella.com>; David Stone <dstone@glancylaw.com>; Christopher Lee <clee@birdmarella.com>; Monique Candiff <mcandiff@birdmarella.com>; Holly Nye <hnye@glancylaw.com>; Korey Nelson <knelson@burnscharest.com>; Claire Curwick <ccurwick@burnscharest.com>; Abigail Provost <aprovost@burnscharest.com>
**Subject:** Re: Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and Objs. to Subpoena

**External Email - <u>Do Not Click</u> Links or Attachments Unless You Know They Are Safe**

Counsel,

Thank you for meeting and conferring with us on Plaintiffs' subpoena to Meta. We write with additional information to assist Meta in searching for information responsive to Plaintiffs' subpoena.

Meta has requested the following to assist in its search for information responsive to Plaintiffs' subpoena: "(1) the type of 'cookie IDs' or the values of the 'cookie IDs' plaintiffs believe Gen Digital sent to Meta; and (2) the way in which the data allegedly was transmitted to Meta – i.e., through a Meta Business Tool, or if not through a Business Tool, how it was allegedly transmitted."

As to Meta's first request, Plaintiffs have identified a specific Meta cookie, _fbp, in analyses of transmissions between AOSP users' devices and Gen Digital's and AOSP's servers and databases. Browsing data is packaged together with Meta's cookie. Such browsing data from third-party websites sent to you by Gen Digital/Avast together with Meta's cookie is what Plaintiffs' requests seek.

As examples, Plaintiffs are providing the following _fbp cookies with their associated dates or times. These were transmitted to Gen Digital via AOSP.

1. _fbp=fb.1.1714477408295.1934501083
2. Date: Tue, 30 Apr 2024 17h GMT

1. _fbp=fb.1.1714477408295.1934501083
2. Date: Tue, 07 May 2024 15h GMT

1. _fbp=fb.1.1714477408295.1934501083
2. Date: Mon, 01 Jul 2024 17h GMT

1. _fbp=fb.1.1718995184839.875205676936558389
2. Date: Fri, June 21, 2024

1. _fbp=fb.1.1702309730889.179665592
2. Date: Mon, 08 Jan 2024 14h GMT

1. _fbp=fb.1.1723827680991.836656866323968646
2. Date: Wed, 21 Aug 2024 19h GMT

1. _fbp=fb.1.1724269863591.572954509269729046
2. Date: Wed, 21 Aug 2024 19h GMT

As to Meta's second request, Plaintiffs' testing has shown that the urlite.ff.avast.com server receives Plaintiffs' data, together with Meta's cookie. While Plaintiffs' data is first sent to the urlite.ff.avast.com server, that might not be the server that sends data onward to Meta through server-to-server communication. Plaintiffs do not have visibility concerning additional "way[s] in which the data allegedly was transmitted to Meta – i.e., through a Meta Business Tool."

Plaintiffs provide the information herein for purposes of assisting Meta in its search for responsive information, not to limit or narrow the scope of Plaintiffs' subpoena issued to Meta. The protective order entered in this case is also attached, to the extent it addresses any of Meta's concerns raised in its responses and objections.

Finally, Defendant has notified Plaintiffs that it no longer agrees to stipulate to an extension of the fact discovery deadline in this case. Accordingly, under the current case management schedule, Plaintiffs need to file motions to enforce subpoenas this **Monday, August 26, 2024**. Therefore, Plaintiffs request compliance with the subpoena issued to Meta by **Monday, August 26, 2024**. Otherwise, Plaintiffs are prepared to move the Court to enforce the subpoena issued to Meta on that date.

Thank you,

Logan

**Logan B. Fontenot**
504.577.2583 direct

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Date:** Wednesday, August 21, 2024 at 7:55 PM
**To:** Logan Fontenot <lfontenot@burnscharest.com>, Zielinski, Paige E.
<PZielinski@jenner.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>, Mark Masters
<mmasters@birdmarella.com>, David Stone <dstone@glancylaw.com>, Christopher Lee
<clee@birdmarella.com>, Monique Candiff <mcandiff@birdmarella.com>, Holly Nye
<hnye@glancylaw.com>, Korey Nelson <knelson@burnscharest.com>, Claire Curwick
<ccurwick@burnscharest.com>, Abigail Provost <aprovost@burnscharest.com>
**Subject:** RE: Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and Objs. to
Subpoena

Logan and Claire,

Thank you for meeting with us earlier today to discuss the subpoena plaintiffs served on Meta
on July 12, 2024 and Meta's objections and responses served on August 12, 2024 pursuant to
an extension plaintiffs granted.

We understand from our discussion that Gen Digital has denied that the Avast Online Security &
Privacy browser extension ("ASOP") sends *any* user browser information to third parties such as
Meta.  Yet, plaintiffs believe based on unspecified "testing" that Gen Digital is sending data
captured by ASOP, including cookies, to third party advertisers, which may include Meta.  We
also understand from our discussion that plaintiffs do not know whether Gen Digital in fact sent
any data to Meta, what type of data Gen Digital may have sent to Meta, or how Gen Digital
would have sent this data to Meta.  Although plaintiffs offered that "cookie IDs" may have been
transmitted to Meta, plaintiffs could not provide a definition for "cookie IDs," the names of the
cookies that may have been sent, or the method in which they may have been transmitted to
Meta.  Plaintiffs speculated there may have been a "server to server" communication, but
plaintiffs could not identify how the data would have been transferred from server to server.

As we explained during our call, Meta needs additional information to assess whether it is even
feasible to search for any data that may be responsive to subpoena.  This information includes:
 (1) the type of "cookie IDs" or the values of the "cookie IDs" plaintiffs believe Gen Digital sent to
Meta ; and (2) the way in which the data allegedly was transmitted to Meta – i.e., through a
Meta Business Tool, or if not through a Business Tool, how it was allegedly transmitted.

We understand that you intend to follow-up via email with this information to the extent it exists.


If plaintiffs file a motion to enforce the subpoena on Monday, August 26, 2024 as you suggested
on the call, Meta reserves all rights and defenses, including the right to seek costs and
sanctions.

Best,
Laurie

**From:** Logan Fontenot <lfontenot@burnscharest.com>
**Sent:** Monday, August 19, 2024 7:57 AM

**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>; Mark Masters <mmasters@birdmarella.com>; dstone@glancylaw.com; Christopher J. Lee <clee@birdmarella.com>; Monique M. Candiff <MCandiff@birdmarella.com>; Holly Nye <HNye@glancylaw.com>; Korey Nelson <knelson@burnscharest.com>; Claire Curwick <ccurwick@burnscharest.com>; Abigail Provost <aprovost@burnscharest.com>
**Subject:** Re: Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and Objs. to Subpoena

<mark>**External Email** - __Do Not Click__ Links or Attachments Unless You Know They Are Safe</mark>

Good morning, Laurie–

That works for us. We'll circulate a calendar invite and Zoom link.

Thank you,

Logan

**Logan B. Fontenot**
504.577.2583 direct

---

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Date:** Friday, August 16, 2024 at 6:14 PM
**To:** Logan Fontenot <lfontenot@burnscharest.com>, Zielinski, Paige E. <PZielinski@jenner.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>, Mark Masters <mmasters@birdmarella.com>, dstone@glancylaw.com <DStone@glancylaw.com>, Christopher J. Lee <clee@birdmarella.com>, Monique M. Candiff <MCandiff@birdmarella.com>, Holly Nye <HNye@glancylaw.com>, Korey Nelson <knelson@burnscharest.com>, Claire Curwick <ccurwick@burnscharest.com>, Abigail Provost <aprovost@burnscharest.com>
**Subject:** RE: Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and Objs. to Subpoena

Logan,

Thanks for your message.   We are available at 11:00 am PT on Wednesday, August 21, 2024 for a meet and confer.  Please let us know if that works for you.

Thanks,
Laurie

**From:** Logan Fontenot <lfontenot@burnscharest.com>
**Sent:** Friday, August 16, 2024 9:52 AM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>; Zielinski, Paige E. <PZielinski@jenner.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>; Mark Masters <mmasters@birdmarella.com>; dstone@glancylaw.com; Christopher J. Lee <clee@birdmarella.com>; Monique M. Candiff <MCandiff@birdmarella.com>; Holly Nye <HNye@glancylaw.com>; Korey Nelson <knelson@burnscharest.com>; Claire Curwick <ccurwick@burnscharest.com>; Abigail Provost <aprovost@burnscharest.com>
**Subject:** Re: Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and Objs. to Subpoena

<mark>**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe</mark>

Thank you, Laurie.

Plaintiffs are available to meet and confer on Meta's responses and objections on:

1. Monday, August 19, any time after 9:30 a.m. PT;
2. Tuesday, August 20, any time after 12:30 p.m. PT; or
3. Wednesday, August 21, any time after 9:30 a.m. PT.

Please let us know if any of these times work for Meta, and we will circulate a calendar invite and Zoom link.

Thank you,

Logan

**Logan B. Fontenot**
504.577.2583 direct

---

**From:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Date:** Monday, August 12, 2024 at 5:22 PM
**To:** Logan Fontenot <lfontenot@burnscharest.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>, dstone@glancylaw.com <dstone@glancylaw.com>, Amanda Klevorn <aklevorn@burnscharest.com>, Claire Curwick <ccurwick@burnscharest.com>, Ekwan Rhow <erhow@birdmarella.com>, Mark Masters <mmasters@birdmarella.com>, Zielinski, Paige E. <PZielinski@jenner.com>
**Subject:** Lau v. Gen Digital, Inc., No. 22 Civ. 8981 (N.D. Cal.): Meta's Resp. and Objs. to Subpoena

Logan,

Please find attached Meta Platforms, Inc.'s response and objections to the subpoena served in *Lau* v. *Gen Digital, Inc.*, No. 22 Civ. 8981 (N.D. Cal.).

Meta is willing to meet and confer if you have any questions.

Thanks,
Laurie

**Laurie J. Edelstein**

**Jenner & Block LLP**
525 Market Street
29th Floor
San Francisco, CA 94105-2708   |   jenner.com
+1 415 293 5943   |   Tel
+1 415 730 4029   |   Mobile
LEdelstein@jenner.com
Download V-Card   |   View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system

# EXHIBIT G

**Subject:** RE: Notice of Electronic Service | USDC ND Cal. Case No. 3:22-cv-08981-RFL | Adobe Inc.'s Responses and Objections to Plaintiffs' Subpoena to Produce Documents

**Date:** Friday, August 23, 2024 at 5:52:34 PM Central Daylight Time

**From:** Schwartz, David <David.Schwartz@arnoldporter.com>

**To:** Logan Fontenot <lfontenot@burnscharest.com>, Abigail Provost <aprovost@burnscharest.com>, Montes de Oca, Isabela <Isabela.MontesdeOca@arnoldporter.com>, Iliopoulos, Kristina <Kristina.Iliopoulos@arnoldporter.com>, Berta, Michael A. <Michael.Berta@arnoldporter.com>

**CC:** Jonathan Rotter <jrotter@glancylaw.com>, Mark Masters <mmasters@birdmarella.com>, David Stone <dstone@glancylaw.com>, Christopher Lee <clee@birdmarella.com>, Monique Candiff <mcandiff@birdmarella.com>, Holly Nye <hnye@glancylaw.com>, Korey Nelson <knelson@burnscharest.com>, Claire Curwick <ccurwick@burnscharest.com>

**Attachments:** image001.png

Logan,

Adobe declines to sign the stipulation. We timely served objections and responses to your subpoena and made ourselves available to meet and confer within 7 days of them being served. You have only now provided us additional detail on the information you seek with your requests, and in the same breath, threaten to move to compel within a business day if we do not sign a stipulation on three hours' notice.

Plaintiffs have no basis to move to compel, and a motion filed in the next business day would be extraordinarily premature.

As stated in our objections and responses and as we explained further during the meet and confer, based on current information, Adobe is not aware of Gen Digital using its services in connection with AOSP and therefore has no materials responsive to your requests. Adobe provides services to Gen Digital unrelated to AOSP, but any data on Adobe's servers in connection with its services to Gen Digital is held by Adobe solely as a service provider to Gen Digital. Gen Digital controls that data, and if any of that data is relevant to your claims, you can obtain such data from serving discovery on Gen Digital, a party to the action, rather than imposing undue burden on Adobe, a third party.

Nevertheless, during the meet and confer, you suggested that Plaintiffs had evidence of Gen Digital sending data to Adobe in connection with AOSP. We offered to bring any additional information you provide back to Adobe. In your below email, you provide some additional information, and ask Adobe to identify if any other information from Plaintiffs would be helpful. From an initial read, it is hard to understand why Plaintiffs' data being sent to an Avast server has anything to do with what data Adobe does or does not have, but we certainly cannot make that evaluation in three hours. Your provision of this new information and request to continue discussions on this point make clear that the parties are continuing to engage in discussions and an immediate motion to compel would be premature.

We will evaluate the information below and respond to you in a timely manner. If you find yourselves up against a discovery deadline due to the late date on which you served your subpoena on Adobe, we would suggest that you seek to have that discovery deadline extended rather than threaten premature and meritless motion practice on a third party subpoena recipient.

Best,

David

_____
David B. Schwartz
Partner | Bio

## Arnold&Porter

250 West 55th Street
New York, NY 10019-9710
T: +1 212.836.7303
David.Schwartz@arnoldporter.com
www.arnoldporter.com | LinkedIn

**From:** Logan Fontenot <lfontenot@burnscharest.com>
**Sent:** Friday, August 23, 2024 3:53 PM
**To:** Abigail Provost <aprovost@burnscharest.com>; Schwartz, David
<David.Schwartz@arnoldporter.com>; Montes de Oca, Isabela
<Isabela.MontesdeOca@arnoldporter.com>; Iliopoulos, Kristina <Kristina.Iliopoulos@arnoldporter.com>;
Berta, Michael A. <Michael.Berta@arnoldporter.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>; Mark Masters <mmasters@birdmarella.com>; David
Stone <dstone@glancylaw.com>; Christopher Lee <clee@birdmarella.com>; Monique Candiff
<mcandiff@birdmarella.com>; Holly Nye <hnye@glancylaw.com>; Korey Nelson
<knelson@burnscharest.com>; Claire Curwick <ccurwick@burnscharest.com>
**Subject:** Re: Notice of Electronic Service | USDC ND Cal. Case No. 3:22-cv-08981-RFL | Adobe Inc.'s
Responses and Objections to Plaintiffs' Subpoena to Produce Documents

External E-mail

Counsel,

Thank you for meeting and conferring with us on Plaintiffs' subpoena
to Adobe. We write with information to assist Adobe in searching for
information responsive to Plaintiffs' subpoena. We also write to understand
Adobe's interest in stipulating to the Court's joint discovery letter briefing
process to resolve any disputes that may arise related to Plaintiffs' subpoena
to Adobe.

**First**, Plaintiffs seek data in Adobe's possession, custody, or control that it
received from Gen Digital, Avast, and/or AOSP. Plaintiffs have
identified Adobe cookies–specifically AMCV_, AMCVS_, s_cc, s_gpv,
s_gpv_custom, s_nr, s_tbm, and sdl_cid–in analyses of transmissions
between AOSP users' devices and Gen Digital's and AOSP's servers and
databases. In the ordinary course, browsing data is packaged together
with Adobe's cookies and transmitted by third parties to Adobe through
server-to-server communication.  On information and belief, that is what is
happening here. This is the data–browsing data from third-party websites
sent to you by Gen Digital together with Adobe cookies–Plaintiffs' requests
seek. Further, Plaintiffs' testing has shown that the urlite.ff.avast.com server

receives Plaintiffs' data, together with Adobe's cookies. While Plaintiffs' data is first sent to the urlite.ff.avast.com server, that might not be the server that sends data onward to Adobe through server-to-server communication. Please specify what additional information Adobe needs in order to perform a search for the data Plaintiffs' subpoena seeks should additional information be necessary. The protective order entered in this case is also attached, to the extent it addresses any of Adobe's concerns raised in its responses and objections.

**Second**, Defendant has notified Plaintiffs that they will no longer stipulate to an extension of the fact discovery deadline in effect in this case. Therefore, as the case management schedule currently stands, Plaintiffs need to file motions to enforce subpoenas by **Monday, August 26, 2024**. Plaintiffs are prepared to file a motion to enforce the subpoena issued to Adobe if it fails to comply with the subpoena issued to it.

However, to the extent Adobe needs more time to conduct a search, Plaintiffs are willing to enter into a stipulation to bring any later-arising disputes to the Court on an expedited basis using the Court's joint discovery letter process that generally applies to parties. This process is described on page 4 of Judge Lin's attached civil standing order:

"If the parties cannot resolve their discovery dispute after a good faith effort in which a live conversation has occurred between counsel, they shall prepare and file a joint letter of no longer than 5 pages stating the nature and status of their dispute. Both sides must submit proposed orders as well. No exhibits may be submitted with the letter other than an excerpt of the specific discovery request or response that is the subject of the letter. The letter must be filed as soon as possible, but under no circumstances may it be filed more than 7 days after the applicable discovery cutoff. *See* Civil Local Rule 37-3. The side seeking relief from the Court should prepare its portion of the letter first, and then provide that to the opposing side so that the opposing side may prepare its response. The party seeking relief from the Court should file the letter. The Court may resolve the dispute on the papers or schedule a hearing. The joint discovery letter process does not apply to discovery disputes with third parties. The Court may refer discovery disputes to a magistrate."

Plaintiffs need to have a stipulation on file by **4 p.m. PT today, August 23, 2024**, because we need Judge Lin to approve the stipulation before close of business on Monday so that Plaintiffs do not need to file a motion to enforce on Monday. Please let us know if Adobe is amenable to this process. A draft stipulation is attached.

Thank you,

Logan

**Logan B. Fontenot**
504.577.2583 direct

_____

**From:** Abigail Provost <aprovost@burnscharest.com>
**Date:** Wednesday, August 21, 2024 at 4:14 PM
**To:** Schwartz, David <David.Schwartz@arnoldporter.com>, Logan Fontenot
<lfontenot@burnscharest.com>, Montes de Oca, Isabela
<Isabela.MontesdeOca@arnoldporter.com>, Iliopoulos, Kristina
<Kristina.Iliopoulos@arnoldporter.com>, Berta, Michael A.
<Michael.Berta@arnoldporter.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>, Mark Masters
<mmasters@birdmarella.com>, David Stone <DStone@glancylaw.com>, Christopher J.
Lee <clee@birdmarella.com>, Monique M. Candiff <MCandiff@birdmarella.com>, Holly
Nye <HNye@glancylaw.com>, Korey Nelson <knelson@burnscharest.com>, Claire
Curwick <ccurwick@burnscharest.com>
**Subject:** Re: Notice of Electronic Service | USDC ND Cal. Case No. 3:22-cv-08981-RFL |
Adobe Inc.'s Responses and Objections to Plaintiffs' Subpoena to Produce Documents

Good afternoon,

Please see the Zoom information below for the meet and confer scheduled
for 2 pm ET on Friday, August 23rd. You should have also received an
Outlook invite.

Thank you,

_____

Abigail Provost is inviting you to a scheduled Zoom meeting.

Topic: Lau, et al. v. Gen Digital, Inc., et al. - Adobe Inc. - Meet & Confer
Time: Aug 23, 2024 02:00 PM Eastern Time (US and Canada)

Join Zoom Meeting
https://us06web.zoom.us/j/87603369572?
pwd=CE62ZIlZcBvB9MMdISK9CbHBYoU6zZ.1

Meeting ID: 876 0336 9572
Passcode: 107431

---

One tap mobile
+16465588656,,87603369572#,,,,*107431# US (New York)
+16469313860,,87603369572#,,,,*107431# US

---

Dial by your location
- +1 646 558 8656 US (New York)
- +1 646 931 3860 US
- +1 301 715 8592 US (Washington DC)
- +1 305 224 1968 US
- +1 309 205 3325 US
- +1 312 626 6799 US (Chicago)
- +1 669 444 9171 US
- +1 689 278 1000 US
- +1 719 359 4580 US
- +1 720 707 2699 US (Denver)
- +1 253 205 0468 US
- +1 253 215 8782 US (Tacoma)
- +1 346 248 7799 US (Houston)
- +1 360 209 5623 US
- +1 386 347 5053 US
- +1 507 473 4847 US
- +1 564 217 2000 US

Meeting ID: 876 0336 9572
Passcode: 107431

Find your local number: https://us06web.zoom.us/u/kz4Baog13

**Abigail S. Provost**
Burns Charest LLP
504.321.0528 direct
504.799.2845 main

---

**From:** Schwartz, David <David.Schwartz@arnoldporter.com>
**Date:** Wednesday, August 21, 2024 at 12:49 PM
**To:** Logan Fontenot <lfontenot@burnscharest.com>, Montes de Oca, Isabela <Isabela.MontesdeOca@arnoldporter.com>, Iliopoulos, Kristina <Kristina.Iliopoulos@arnoldporter.com>, Berta, Michael A. <Michael.Berta@arnoldporter.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>, Mark Masters

<mmasters@birdmarella.com>, David Stone <DStone@glancylaw.com>, Christopher J. Lee <clee@birdmarella.com>, Monique M. Candiff <MCandiff@birdmarella.com>, Holly Nye <HNye@glancylaw.com>, Korey Nelson <knelson@burnscharest.com>, Claire Curwick <ccurwick@burnscharest.com>, Abigail Provost <aprovost@burnscharest.com>
**Subject:** RE: Notice of Electronic Service | USDC ND Cal. Case No. 3:22-cv-08981-RFL | Adobe Inc.'s Responses and Objections to Plaintiffs' Subpoena to Produce Documents

Logan,

We are available from 1-3pm ET on Friday.

Best,

David

_____

David B. Schwartz
Partner | Bio

**Arnold&Porter**

250 West 55th Street
New York, NY 10019-9710
T: +1 212.836.7383
David.Schwartz@arnoldporter.com
www.arnoldporter.com | LinkedIn

**From:** Logan Fontenot <lfontenot@burnscharest.com>
**Sent:** Wednesday, August 21, 2024 11:58 AM
**To:** Montes de Oca, Isabela <Isabela.MontesdeOca@arnoldporter.com>; Iliopoulos, Kristina <Kristina.Iliopoulos@arnoldporter.com>; Berta, Michael A. <Michael.Berta@arnoldporter.com>; Schwartz, David <David.Schwartz@arnoldporter.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>; Mark Masters <mmasters@birdmarella.com>; David Stone <DStone@glancylaw.com>; Christopher J. Lee <clee@birdmarella.com>; Monique M. Candiff <MCandiff@birdmarella.com>; Holly Nye <HNye@glancylaw.com>; Korey Nelson <knelson@burnscharest.com>; Claire Curwick <ccurwick@burnscharest.com>; Abigail Provost <aprovost@burnscharest.com>
**Subject:** Re: Notice of Electronic Service | USDC ND Cal. Case No. 3:22-cv-08981-RFL | Adobe Inc.'s Responses and Objections to Plaintiffs' Subpoena to Produce Documents

External E-mail

Counsel,

Following up on this.

Thank you,

Logan

**Logan B. Fontenot**
504.577.2583 direct

---

**From:** Logan Fontenot <lfontenot@burnscharest.com>
**Date:** Monday, August 19, 2024 at 3:42 PM
**To:** Montes de Oca, Isabela <Isabela.MontesdeOca@arnoldporter.com>, Iliopoulos, Kristina <Kristina.Iliopoulos@arnoldporter.com>, Berta, Michael A. <Michael.Berta@arnoldporter.com>, Schwartz, David <David.Schwartz@arnoldporter.com>
**Cc:** Jonathan Rotter <jrotter@glancylaw.com>, Mark Masters <mmasters@birdmarella.com>, David Stone <DStone@glancylaw.com>, Christopher J. Lee <clee@birdmarella.com>, Monique M. Candiff <MCandiff@birdmarella.com>, Holly Nye <HNye@glancylaw.com>, Korey Nelson <knelson@burnscharest.com>, Claire Curwick <ccurwick@burnscharest.com>, Abigail Provost <aprovost@burnscharest.com>
**Subject:** Re: Notice of Electronic Service | USDC ND Cal. Case No. 3:22-cv-08981-RFL | Adobe Inc.'s Responses and Objections to Plaintiffs' Subpoena to Produce Documents

Counsel,

Plaintiffs have the following availability to meet and confer on Adobe's responses and objections to Plaintiffs' subpoena:

- Wednesday, August 21, from 9:30-11 a.m. PT or after 12 p.m. PT;
- Thursday, August 22, any time after 2 p.m. PT; and
- Friday, August 23, any time.

Please let us know Adobe's availability, and we will circulate a calendar invite and Zoom link.

Thank you,

Logan

**Logan B. Fontenot**
504.577.2583 direct

---

**From:** Montes de Oca, Isabela <Isabela.MontesdeOca@arnoldporter.com>
**Date:** Friday, August 16, 2024 at 4:05 PM
**To:** Logan Fontenot <lfontenot@burnscharest.com>
**Cc:** Iliopoulos, Kristina <Kristina.Iliopoulos@arnoldporter.com>, Berta, Michael A. <Michael.Berta@arnoldporter.com>, Schwartz, David

<David.Schwartz@arnoldporter.com>

**Subject:** Notice of Electronic Service | USDC ND Cal. Case No. 3:22-cv-08981-RFL | Adobe Inc.'s Responses and Objections to Plaintiffs' Subpoena to Produce Documents

Good afternoon,

Attached for service please find the following document:

**THIRD PARTY ADOBE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS.**

Please confirm the receipt of this email. Thank you.

Best,

Isabela Montes De Oca

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

# EXHIBIT H

1   LATHAM & WATKINS LLP
    Michael H. Rubin (Bar No. 214636)
2     *michael.rubin@lw.com*
    Melanie M. Blunschi (Bar No. 234264)
3     *melanie.blunschi@lw.com*
    505 Montgomery Street, Suite 2000
4   San Francisco, California 94111
    Telephone: +1.415.391.0600
5
6   Serrin Turner (*pro hac vice*)
      *serrin.turner@lw.com*
7   1271 Avenue of the Americas
    New York, NY 10020
8   Telephone: +1.212.906.1200
9
    Margaret A. Upshaw (*pro hac vice*)
10    *maggie.upshaw@lw.com*
    555 Eleventh Street, NW, Suite 1000
11  Washington, D.C. 20004
    Telephone: +1.202.637.2200
12
13  *Attorneys for Defendant Gen Digital Inc.*

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                SAN FRANCISCO DIVISION

17
    GRACE LAU, CHRISTOPHER              Case No. 3:22-cv-08981-RFL
18  KARWOWSKI, MELODY KLEIN,
    MICHAEL MCBRIDE, and AIMEN          **DEFENDANT GEN DIGITAL INC.'S**
19  HALIM, individually and on behalf of all   **OBJECTIONS TO PLAINTIFFS' SUBPOENA**
    others similarly situated,          **TO PRODUCE DOCUMENTS TO META**
20                                      **PLATFORMS, INC.**
              Plaintiffs,
21
          v.
22                                      Honorable Rita F. Lin
    GEN DIGITAL INC. a corporation, and
23  JUMPSHOT INC., a corporation,

24            Defendants.

25
26
27
28

1    Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Defendant Gen Digital
2    Inc. ("Gen Digital"), by and through the undersigned counsel, submits the objections below to
3    Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of
4    Premises in a Civil Action issued to Meta Platforms, Inc., dated July 12, 2024 (the "Subpoena").
5    While Gen Digital does not believe that any documents responsive to the Subpoena exist, Gen
6    Digital hereby preserves its objections to the Subpoena in the event that any responsive documents
7    are identified, as Gen Digital would have a personal right and privilege in any such responsive
8    documents to the extent they contain Gen Digital's confidential commercial information.

9                                    **GENERAL OBJECTIONS**

10    1.    Gen Digital objects to the Subpoena's definition of "RELEVANT PERIOD" as the
11    period from January 1, 2019, to the present, which far exceeds the start date of the limitations
12    period applicable to Plaintiffs' remaining claims—i.e., December 19, 2020.  Any responsive
13    documents or information predating December 19, 2020 would be irrelevant to the case, and their
14    production would necessarily be unduly burdensome.

15    2.    Gen Digital objects to the inclusion of Jumpshot, Inc. in the Subpoena's definition
16    of "DEFENDANTS," given that Jumpshot has been dismissed from the case.  *See* Dkt. No. 86.
17    Gen Digital likewise objects to the Subpoena's definition of "AVAST" as including any
18    subsidiaries of Avast Plc, to the extent that the definition thereby encompasses Jumpshot.  Any
19    responsive documents or information originating from Jumpshot would be irrelevant to the case,
20    and their production would necessarily be unduly burdensome.

21    3.    Gen Digital objects to the Subpoena to the extent it seek documents or information
22    relating to "Avast" generally, rather than Avast Online Security & Privacy ("AOSP") specifically,
23    which is the only Avast product at issue in the First Amended Complaint ("FAC").  Dkt. No. 47.
24    Any documents or information unrelated to AOSP would be irrelevant to the case, and their
25    production would necessarily be unduly burdensome.

26
27
28

## SPECIFIC OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

ALL DATA YOU have received from AVAST other than web browsing information from the avast.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Gen Digital objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent that it seeks documents or information from outside the applicable limitations period, relating to Jumpshot, or unrelated to AOSP. *See* General Objections 1-3.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS and Communications—including but not limited to DATABASES, DATA logs, datasets, and reports—RELATING TO DATA YOU have received from AVAST other than web browsing information from the avast.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Gen Digital objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent that it seeks documents or information from outside the applicable limitations period, relating to Jumpshot, or unrelated to AOSP. *See* General Objections 1-3.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS sufficient to show YOUR representations to and agreements with AVAST RELATING TO YOUR receipt of DATA from AVAST other than web browsing information from the avast.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Gen Digital objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent that it seeks documents or information from outside the applicable limitations period, relating to Jumpshot, or unrelated to AOSP. *See* General Objections 1-3.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS sufficient to show YOUR past and present policy(ies) or practice(s) RELATING TO YOUR use, retention, and/or destruction of DATA YOU have received from AVAST other than web browsing information from the avast.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Gen Digital objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent that it seeks documents or information from outside the applicable limitations period, relating to Jumpshot, or unrelated to AOSP. *See* General Objections 1-3.

DATE: July 26, 2024                                LATHAM & WATKINS LLP

By  /s/ *Serrin Turner*
Serrin Turner (*pro hac vice*)
serrin.turner@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Michael H. Rubin (Bar No. 214636)
michael.rubin@lw.com
Melanie M. Blunschi (Bar No. 234264)
melanie.blunschi@lw.com
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Margaret A. Upshaw (*pro hac vice*)
maggie.upshaw@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendant Gen Digital Inc.*

1

## **PROOF OF SERVICE**

2

    I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111.

3

4

    On July 26, 2024, I served the following document(s) described as:

5

**DEFENDANT GEN DIGITAL INC.'S OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS TO META PLATFORMS, INC.**

6

7

by serving a true copy of the above document(s) by **E-Mail or Electronic Transmission**:

8

    Based on agreement by the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from the e-mail address john.eastly@lw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful:

9

10

| BIRD, MARELLA, RHOW, LINCENBERG, DROOKS, & NESSIM, LLP<br>Ekwan E. Rhow<br>erhow@birdmarella.com<br>Marc E. Masters<br>mmasters@birdmarella.com<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-2100<br><br>*Counsel for Plaintiffs* | GLANCY PRONGAY & MURRAY LLP<br>Jonathan M. Rotter<br>jrotter@glancylaw.com<br>David J. Stone<br>dstone@glancylaw.com<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-9150<br><br>*Counsel for Plaintiffs* |
|---|---|
| BURNS CHAREST LLP<br>Korey A. Nelson<br>knelson@burnscharest.com<br>Amanda K. Klevorn<br>aklevorn@burnscharest.com<br>Claire B. Curwick<br>cbosarge@burnscharest.com<br>365 Canal Street, Suite 1170<br>New Orleans, LA 70130<br>Telephone: (504) 799-2845<br><br>*Counsel for Plaintiffs* ||

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1         I declare that I am employed in the office of a member of the Bar of, or permitted to

2    practice before, this Court at whose direction the service was made and declare under penalty of
perjury under the laws of the State of California that the foregoing is true and correct.

3

4         Executed on **July 26, 2024**, at San Francisco, California.

5

6    _John M. Eastly_

7         John M. Eastly

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT I

1    LATHAM & WATKINS LLP
     Michael H. Rubin (Bar No. 214636)
2      *michael.rubin@lw.com*
     Melanie M. Blunschi (Bar No. 234264)
3      *melanie.blunschi@lw.com*
     505 Montgomery Street, Suite 2000
4    San Francisco, California 94111
     Telephone: +1.415.391.0600
5
6    Serrin Turner (*pro hac vice*)
       *serrin.turner@lw.com*
7    1271 Avenue of the Americas
     New York, NY 10020
8    Telephone: +1.212.906.1200
9
     Margaret A. Upshaw (*pro hac vice*)
10     *maggie.upshaw@lw.com*
     555 Eleventh Street, NW, Suite 1000
11   Washington, D.C. 20004
     Telephone: +1.202.637.2200
12
13   *Attorneys for Defendant Gen Digital Inc.*

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                SAN FRANCISCO DIVISION

17
     GRACE LAU, CHRISTOPHER              Case No. 3:22-cv-08981-RFL
18   KARWOWSKI, MELODY KLEIN,
     MICHAEL MCBRIDE, and AIMEN          **DEFENDANT GEN DIGITAL INC.'S**
19   HALIM, individually and on behalf of all  **OBJECTIONS TO PLAINTIFFS' SUBPOENA**
     others similarly situated,          **TO PRODUCE DOCUMENTS TO ADOBE**
20                                        **INC.**
                  Plaintiffs,
21                                        Honorable Rita F. Lin
            v.
22
     GEN DIGITAL INC. a corporation, and
23   JUMPSHOT INC., a corporation,

24                Defendants.

25

26

27

28

1        Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Defendant Gen Digital

2   Inc. ("Gen Digital"), by and through the undersigned counsel, submits the objections below to

3   Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of

4   Premises in a Civil Action issued to Adobe Inc., dated July 12, 2024 (the "Subpoena").  While

5   Gen Digital does not believe that any documents responsive to the Subpoena exist, Gen Digital

6   hereby preserves its objections to the Subpoena in the event that any responsive documents are

7   identified, as Gen Digital would have a personal right and privilege in any such responsive

8   documents to the extent they contain Gen Digital's confidential commercial information.

9                              **GENERAL OBJECTIONS**

10       1.       Gen Digital objects to the Subpoena's definition of "RELEVANT PERIOD" as the

11  period from January 1, 2019, to the present, which far exceeds the start date of the limitations

12  period applicable to Plaintiffs' remaining claims—i.e., December 19, 2020.  Any responsive

13  documents or information predating December 19, 2020 would be irrelevant to the case, and their

14  production would necessarily be unduly burdensome.

15       2.       Gen Digital objects to the inclusion of Jumpshot, Inc. in the Subpoena's definition

16  of "DEFENDANTS," given that Jumpshot has been dismissed from the case.  *See* Dkt. No. 86.

17  Gen Digital likewise objects to the Subpoena's definition of "AVAST" as including any

18  subsidiaries of Avast Plc, to the extent that the definition thereby encompasses Jumpshot.  Any

19  responsive documents or information originating from Jumpshot would be irrelevant to the case,

20  and their production would necessarily be unduly burdensome.

21       3.       Gen Digital objects to the Subpoena to the extent it seek documents or information

22  relating to "Avast" generally, rather than Avast Online Security & Privacy ("AOSP") specifically,

23  which is the only Avast product at issue in the First Amended Complaint ("FAC").  Dkt. No. 47.

24  Any documents or information unrelated to AOSP would be irrelevant to the case, and their

25  production would necessarily be unduly burdensome.

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

DEF.'S OBJECTIONS TO PLS.' SUBPOENA TO
PRODUCE DOCUMENTS
CASE NO. 3:22-cv-08981-RFL

**SPECIFIC OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

ALL DATA YOU have received from AVAST other than web browsing information from the avast.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Gen Digital objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent that it seeks documents or information from outside the applicable limitations period, relating to Jumpshot, or unrelated to AOSP. *See* General Objections 1-3.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS and Communications—including but not limited to DATABASES, DATA logs, datasets, and reports—RELATING TO DATA YOU have received from AVAST other than web browsing information from the avast.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Gen Digital objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent that it seeks documents or information from outside the applicable limitations period, relating to Jumpshot, or unrelated to AOSP. *See* General Objections 1-3.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS sufficient to show YOUR representations to and agreements with AVAST RELATING TO YOUR receipt of DATA from AVAST other than web browsing information from the avast.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Gen Digital objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent that it seeks documents or information from outside the applicable limitations period, relating to Jumpshot, or unrelated to AOSP. *See* General Objections 1-3.

1 **REQUEST FOR PRODUCTION NO. 4:**

2      ALL DOCUMENTS sufficient to show YOUR past and present policy(ies) or practice(s)

3 RELATING TO YOUR use, retention, and/or destruction of DATA YOU have received from

4 AVAST other than web browsing information from the avast.com website.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

6      Gen Digital objects to this Request as overly broad, unduly burdensome, and not

7 proportional to the needs of the case, to the extent that it seeks documents or information from

8 outside the applicable limitations period, relating to Jumpshot, or unrelated to AOSP. *See* General

9 Objections 1-3.

10 **REQUEST FOR PRODUCTION NO. 5:**

11      ALL DOCUMENTS sufficient to show YOUR purposes for YOUR COOKIES on AOSP

12 users' browsers and receiving DATA from AVAST other than from the avast.com website.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

14      Gen Digital objects to this Request as overly broad, unduly burdensome, and not

15 proportional to the needs of the case, to the extent that it seeks documents or information from

16 outside the applicable limitations period, relating to Jumpshot, or unrelated to AOSP. *See* General

17 Objections 1-3.

18

19

20

21

22

23

24

25

26

27

28

1    DATE: July 26, 2024                    LATHAM & WATKINS LLP

2
                                    By    /s/ Serrin Turner
3                                          Serrin Turner (*pro hac vice*)
                                           *serrin.turner@lw.com*
4                                          1271 Avenue of the Americas
                                           New York, NY 10020
5                                          Telephone: +1.212.906.1200

6
                                           Michael H. Rubin (Bar No. 214636)
7                                          *michael.rubin@lw.com*
                                           Melanie M. Blunschi (Bar No. 234264)
8                                          *melanie.blunschi@lw.com*
                                           505 Montgomery St., Suite 2000
9                                          San Francisco, CA 94111
                                           Telephone: +1.415.391.0600
10

11                                         Margaret A. Upshaw (*pro hac vice*)
                                           *maggie.upshaw@lw.com*
12                                         555 Eleventh Street, NW, Suite 1000
                                           Washington, D.C. 20004
13                                         Telephone: +1.202.637.2200

14                                         *Attorneys for Defendant Gen Digital Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111.

3

4

On July 26, 2024, I served the following document(s) described as:

5

**DEFENDANT GEN DIGITAL INC.'S OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS TO ADOBE INC.**

6

7

by serving a true copy of the above document(s) by **E-Mail or Electronic Transmission**:

8

Based on agreement by the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from the e-mail address john.eastly@lw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful:

9

10

| BIRD, MARELLA, RHOW, LINCENBERG, DROOKS, & NESSIM, LLP<br>Ekwan E. Rhow<br>erhow@birdmarella.com<br>Marc E. Masters<br>mmasters@birdmarella.com<br>1875 Century Park East, 23rd Floor<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-2100<br><br>*Counsel for Plaintiffs* | GLANCY PRONGAY & MURRAY LLP<br>Jonathan M. Rotter<br>jrotter@glancylaw.com<br>David J. Stone<br>dstone@glancylaw.com<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067-2561<br>Telephone: (310) 201-9150<br><br>*Counsel for Plaintiffs* |
| --- | --- |
| BURNS CHAREST LLP<br>Korey A. Nelson<br>knelson@burnscharest.com<br>Amanda K. Klevorn<br>aklevorn@burnscharest.com<br>Claire B. Curwick<br>cbosarge@burnscharest.com<br>365 Canal Street, Suite 1170<br>New Orleans, LA 70130<br>Telephone: (504) 799-2845<br><br>*Counsel for Plaintiffs* | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

     I declare that I am employed in the office of a member of the Bar of, or permitted to

2

practice before, this Court at whose direction the service was made and declare under penalty of

perjury under the laws of the State of California that the foregoing is true and correct.

3

4

     Executed on **July 26, 2024**, at San Francisco, California.

5

*John M. Eastly*

6

     John M. Eastly

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28