1  Ekwan E. Rhow - State Bar No. 174604
   erhow@birdmarella.com
2  Marc E. Masters - State Bar No. 208375
   mmasters@birdmarella.com
3  BIRD, MARELLA, RHOW,
  LINCENBERG, DROOKS, & NESSIM, LLP
4  1875 Century Park East, 23rd Floor
  Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
  Facsimile: (310) 201-2110
6
  Jonathan M. Rotter - State Bar No. 234137
7  jrotter@glancylaw.com
  David J. Stone - State Bar No. 208961
8  dstone@glancylaw.com
  GLANCY PRONGAY & MURRAY LLP
9  1925 Century Park East, Suite 2100
  Los Angeles, California 90067-2561
10  Telephone: (310) 201-9150
  Email: info@glancylaw.com
11
  Korey A. Nelson (admitted *pro hac*)
12  knelson@burnscharest.com
  Amanda K. Klevorn (admitted *pro hac*)
13  aklevorn@burnscharest.com
  Claire Bosarge Curwick (admitted *pro hac*)
14  ccurwick@burnscharest.com
  Logan B. Fontenot (admitted *pro hac*)
15  lfontenot@burnscharest.com
  BURNS CHAREST LLP
16  365 Canal Street, Suite 1170
  New Orleans, LA 70130
17  Telephone: (504) 799-2845

18  Attorneys for Plaintiffs

19  **UNITED STATES DISTRICT COURT**
    **NORTHERN DISTRICT OF CALIFORNIA**
20       **SAN FRANCISCO DIVISION**

21  GRACE LAU, CHRISTOPHER
  KARWOWSKI, MELODY KLEIN,
22  MICHAEL MCBRIDE, and AIMEN HALIM,
  individual and on behalf of all others similarly
23  situated;

24         Plaintiffs,

25       vs.

26  GEN DIGITAL INC. a corporation, and
  JUMPSHOT INC., a corporation,
27
28         Defendants.

CASE NO. 3:22-cv-08981-RFL

**DECLARATION OF JONATHAN ROTTER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

3981672.2

# DECLARATION OF JONATHAN ROTTER

I, Jonathan Rotter, declare as follows:

1.      I am a partner with the law firm of Glancy, Prongay & Murray LLP, counsel for Plaintiffs.  I am familiar with the facts contained herein based upon my personal knowledge and if called as a witness, could and would testify competently thereto.

2.      On April 10, 2023, the parties held a Rule 26(f) conference.  During that conference, counsel for Defendant stated, among other things: (a) that Plaintiffs' claims about third party cookies did not make sense and did not occur, (b) Defendant would seek sanctions for Plaintiffs' pursuit of such claims, and (c) that if discovery was properly targeted Defendant would have no documents to produce so there could be a fast discovery schedule, and (d) that trial would be short because there would be nothing to testify about.

3.      On June 10, 2024, Plaintiffs provided interrogatory responses that provided, among other things, a list of the cookies Plaintiffs contend were used by Avast as alleged in the First Amended Complaint.

4.      On June 17, 2024, the parties met and conferred concerning both sides' discovery responses, and the parties exchanged follow-up correspondence on June 21, 2024, and June 24, 2024.  In those exchanges, Defendant denied that AOSP sent the third-party cookies at issue and stated that AOSP only took the URL communication with the browser.  Defendant contended that any cookie data sent to Avast via AOSP would be either cookie data embedded in URLs visited by AOSP users (not the cookies at issue), or read from supported websites to provide AOSP's cookie opt-out feature (also not the cookies at issue).  Defendant requested samples of the sort of transmissions from AOSP to Avast servers that Plaintiffs contend contain cookie and browsing data that is subsequently transferred to third-party advertisers. A true and correct copy of this correspondence is attached hereto as **Exhibit A**.

5.      On July 12, 2024, Plaintiff provided supplemental interrogatory responses showing examples of transmissions from AOSP to Avast servers that included browsing data together with the third-party cookies at issue (not cookie data embedded in URLs

visited by AOSP users or cookies for AOSP's cookie opt-out feature).

6.     On July 23, 2024, the parties held a conference in which Defendant acknowledged for the first time that that the cookies from the Non-Parties are transmitted back to Avast with the web browsing URL information sent by AOSP, but contended that the cookies were automatically appended by the browser to the AOSP traffic because those cookies are first-party cookies set by Avast and that's how browsers work. Defendant proposed a period of informal discovery to continue to focus on the transmission and use of the cookies and web browsing data. Plaintiffs were amenable in concept but concerned about the case schedule in the event that the parties' efforts did not resolve the disputed issues. Defendant was amenable to a continuance to account for that. On August 1, 2024, Plaintiff proposed a continuance of two months. On August 5, 2024, Defendant stated that it was "fine with stipulating to a two-month extension of the calendar to allow for continued discussions between the parties. Would you be able to send us a proposed stipulation?" A true and correct copy of this email correspondence is attached hereto as **Exhibit B**.

7.     Plaintiffs sent that stipulation on August 6, 2024. Defendant responded on August 8, 2024, noting that "the Court's [August 5, 2024] order on our recently submitted stipulation noted that 'the Court does not anticipate continuing any deadlines related to motions for summary judgment.' Accordingly, it seems like the Court is unlikely to grant a request to move the summary judgment deadline back. In light of that, we would propose extending the discovery schedule back by two months (to December 9), but leaving the January 14 summary judgment deadline in place." On August 19, 2024, Plaintiff sent a stipulation implementing that proposal. On August 21, 2024, Defendant wrote that "we are no longer willing to agree to extend the fact discovery deadline," and cited as justification its own August 16, 2024 letter "and the accompanying exhibits, which make clear Plaintiffs' claims lack any factual basis," as well as the fact that Plaintiffs served on August 5, 2024, before Defendant's proposal to extend the discovery schedule back two months without affecting the summary judgment deadline, a new set of formal

interrogatories and document requests. A true and correct copy of this email correspondence is attached hereto as **Exhibit C.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed August 26, 2024, at Los Angeles, California.

_____
Jonathan Rotter

# EXHIBIT A

**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests
**Date:** Friday, July 19, 2024 at 7:04:39 PM Central Daylight Time
**From:** Jonathan Rotter <JRotter@glancylaw.com>
**To:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>, John.Eastly@lw.com <John.Eastly@lw.com>, Amanda Klevorn <aklevorn@burnscharest.com>, David Stone <DStone@glancylaw.com>, Ekwan Rhow <erhow@birdmarella.com>, Mark Masters <mmasters@birdmarella.com>, or@birdmarella.com <or@birdmarella.com>, Korey Nelson <knelson@burnscharest.com>, Claire Curwick <ccurwick@burnscharest.com>, Logan Fontenot <lfontenot@burnscharest.com>, clee@birdmarella.com <clee@birdmarella.com>, Claire Curwick <ccurwick@burnscharest.com>
**CC:** Michael.Rubin@lw.com <Michael.Rubin@lw.com>, Ryan.Schachne@lw.com <Ryan.Schachne@lw.com>, Isabella.Coelho@lw.com <Isabella.Coelho@lw.com>

Yes, 4pm Pacific Tuesday works.

---

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Friday, July 19, 2024 6:31 AM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Hi Jonathan – I'll be in meetings all day Tuesday, but could do later in the day PT, say 4pm PT?  Could you make that work?

---

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Thursday, July 18, 2024 2:38 PM
**To:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin, does Tuesday at 9am, 11am, or 3pm Pacific work?

---

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Wednesday, July 17, 2024 5:15 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Jonathan –

Are you available for a call on Friday?  We'd like to discuss your supplemental interrogatory responses and Rule 45 subpoenas.  We could do any time other than 1030-11am PT or 1230-230 PT.  If those windows don't work, could you please let us know what availability you have on Monday?

Thanks,
Serrin

---

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Friday, July 12, 2024 7:40 PM
**To:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin,

Attached, please find Plaintiffs' supplemental interrogatory responses updated per the below, and Plaintiffs' notice of issuance of third-party subpoenas.

Jonathan

---

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Monday, July 8, 2024 6:17 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Jonathan –

We wanted to follow-up on one of the requests you made during our earlier meet-and-confer.  In particular, in Gen Digital's responses and objections to Plaintiffs' document requests, Gen Digital repeatedly explained that it would have no responsive documents to produce if the requests were properly narrowed, as Avast does not transmit AOSP users' browsing data to third-party advertisers via third-party advertising cookies.  In response, you raised a question whether, via this formulation, Gen Digital might be withholding documents relating to the sharing of AOSP user browsing data with third-party advertisers, based on a narrow interpretation of "third-party advertising cookies."  Accordingly, you asked whether Gen Digital could provide a more categorical statement as to whether Avast shares AOSP

user browsing data with third-party advertisers in any way.

To that end, we can represent to you that during the Relevant Time Period (*i.e.,* December 19, 2022 to the present), Avast has not shared (and does not today share) AOSP user browsing data with third-party advertisers *via any means*.

We trust this addresses your request, but please let us know if you wish to discuss further.

Thanks,
Serrin

---

**From:** Turner, Serrin (NY)
**Sent:** Monday, June 24, 2024 9:13 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; Eastly, John (SF) <John.Eastly@lw.com>; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Jonathan –

Thank you for the update.  We do think that would be productive.

As to the statements below:

1. Yes, we would like to see what you believe to be the AOSP transmission to Avast that reflects "linking cookie data to browsing data."  To use the phrasing of your interrogatory responses, we would like to see what you believe to be the transmissions reflecting the "embedding [of] the Subject Cookies in AOSP's transmissions of user data from users' devices to Avast's servers." Phrased more generally, we would like to see samples of the sort of transmissions from AOSP to Avast servers that you contend contain cookie and browsing data that is subsequently transferred to third-party advertisers.

2. What we asked on the call is whether, in referring to cookies "embedded" in data sent to Avast servers, *you* were referring to cookie data embedded in URLs visited by AOSP users (or by the users' browsers), as such URLs, like any URLs, could be sent back to Avast servers to check whether they were malicious.  We did not mean to imply that that is the only purpose for which cookie data could be sent to Avast servers.  Cookie data may also be read from supported websites to provide AOSP's cookie opt-out feature.

Thanks,
Serrin

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Friday, June 21, 2024 6:57 PM
**To:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>;
aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com;
mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com;
ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com;
cbosarge@burnscharest.com
**Cc:** Blunschi, Melanie (Bay Area) <Melanie.Blunschi@lw.com>; Rubin, Michael (Bay Area)
<Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area)
<Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin,

Thank you for meeting and conferring on the discovery responses.  As we discussed, Plaintiffs are willing
to go back and provide additional technical explanation / data concerning Plaintiffs' contentions, and will
evaluate on a technical level Defendants' view of the reason for the transmission of cookie data to
Avast.  To make sure that our technical work will be on target, we wanted to confirm our understanding
that:

1. Defendants would like to see the AOSP transmission to Avast that reflects linking cookie data to
   browsing data.
2. Defendants contend that any cookie data sent to Avast via AOSP are those embedded in URLs
   visited by AOSP users and therefore are sent to Avast as part of the malicious site checking
   process.

Please let us know if we misunderstood those, and whether there's anything else regarding the way
AOSP uses cookies about which Defendants believe we should perform further technical evaluation.

Thank you,

Jonathan

**From:** Jonathan Rotter
**Sent:** Tuesday, June 11, 2024 4:26 PM
**To:** Serrin.Turner@lw.com; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone
<DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com;
or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com;
lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Melanie.Blunschi@lw.com; Michael.Rubin@lw.com; Ryan.Schachne@lw.com;
Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Thank you, Serrin.  We can do 4:30pm Eastern Monday.  I'll send a Teams invite.

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>

**Sent:** Tuesday, June 11, 2024 2:17 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Melanie.Blunschi@lw.com; Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Jonathan –

We would like to meet and confer about your responses as well.  I'm not available on Friday but could do Monday next week.  I'm currently open that day in the afternoon ET.  Please let me know if there's a time slot then that works on your side.

Thanks,
Serrin

---

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Monday, June 10, 2024 10:14 PM
**To:** Eastly, John (SF) <John.Eastly@lw.com>; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Blunschi, Melanie (Bay Area) <Melanie.Blunschi@lw.com>; Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin, we'd like to meet and confer about these responses.  Are you available on Friday at noon or 1pm, Pacific?

---

**From:** John.Eastly@lw.com <John.Eastly@lw.com>
**Sent:** Monday, June 10, 2024 4:51 PM
**To:** aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; Jonathan Rotter <JRotter@glancylaw.com>; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Serrin.Turner@lw.com; Melanie.Blunschi@lw.com; Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Dear Counsel,

Please find the attached:

1. Defendants Gen Digital, Inc. and Jumpshot Inc.'s Responses and Objections to Plaintiffs' First Set of

Requests for Production of Documents;

2. Defendants Gen Digital Inc. and Jumpshot Inc.'s Responses and Objections to Plaintiffs' First Set of Interrogatories.

Regards,

John Eastly

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT B



**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Monday, August 5, 2024 12:57 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Hi Jonathan —

Thanks for the follow-up email. We are fine with stipulating to a two-month extension of the calendar to allow for continued discussions between the parties. Would you be able to send us a proposed stipulation?

As for your discovery requests below, we are conferring with our client and will get back to you.

Thanks,
Serrin

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Thursday, August 1, 2024 7:31 PM
**To:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin,

Following up on our July 23 call:

⬜⬜⬜ We're evaluating your explanation that the cookies from Google, Facebook, Adobe, etc., are

automatically appended by the browser to the AOSP traffic because those cookies are first-party cookies set by Avast, and the implications that would or would not have.

▢▢▢ We are okay in principle with the idea of a period of very focused discovery to see if we can generate common factual understandings re transmission and use of the cookies and web browsing data.

   ▢▢▢ As we mentioned, we're concerned about the case schedule, and would propose stipulating to push everything back by approximately two months.

   ▢▢▢ Here's what we'd want to see in that time:

      ▢▢▢ Third party subpoena responses – need to see whether the third parties are receiving the data and whether there are any commercial arrangements to do so. Happy to discuss your views on narrowing.

      ▢▢▢▢ From Gen Digital directly, we'd want:

         ▢▢▢ Server-side and database-side source code during the relevant period for servers and databases involved in AOSP's operations, including but not limited to the server-side application code, and including all changes made;

         ▢▢▢ Server-side and database-side source code during the relevant period for servers and databases involved in receiving, processing, and/or storing any data transmitted by the AOSP client, including but not limited to the server-side application code, and including all changes made;

         ▢▢▢ For June 5-10, 2022, January 11-20, 2023, and February 9-11, 2023:
            i.   Server configurations, including the CORS policy, for www.avast.com/
            ii.   Server configurations for all servers involved in AOSP's operations, including but not limited to the urlite.ff.avast.com subdomain servers;
            iii.   Database schema for all databases involved in AOSP's operations, including but not limited to the urlite.ff.avast.com subdomain databases;
            iv.   A representative data dump for each of the servers and databases involved in AOSP's operations;
            v.   A log file for each of the servers and databases involved in AOSP's operations.

Thanks,

Jonathan

**From:** Jonathan Rotter
**Sent:** Friday, July 19, 2024 5:04 PM
**To:** Serrin.Turner@lw.com; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Yes, 4pm Pacific Tuesday works.

---

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Friday, July 19, 2024 6:31 AM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Hi Jonathan – I'll be in meetings all day Tuesday, but could do later in the day PT, say 4pm PT?  Could you make that work?

---

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Thursday, July 18, 2024 2:38 PM
**To:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin, does Tuesday at 9am, 11am, or 3pm Pacific work?

---

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Wednesday, July 17, 2024 5:15 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Jonathan –

Are you available for a call on Friday?  We'd like to discuss your supplemental interrogatory responses and Rule 45 subpoenas.  We could do any time other than 1030-11am PT or 1230-230 PT. If those windows don't work, could you please let us know what availability you have on Monday?

Thanks,
Serrin

---

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Friday, July 12, 2024 7:40 PM
**To:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin,

Attached, please find Plaintiffs' supplemental interrogatory responses updated per the below, and Plaintiffs' notice of issuance of third-party subpoenas.

Jonathan

---

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Monday, July 8, 2024 6:17 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Jonathan –

We wanted to follow-up on one of the requests you made during our earlier meet-and-confer.  In particular, in Gen Digital's responses and objections to Plaintiffs' document requests, Gen Digital repeatedly explained that it would have no responsive documents to produce if the requests were properly narrowed, as Avast does not transmit AOSP users' browsing data to third-party advertisers via third-party advertising cookies.  In response, you raised a question whether, via this formulation,

Gen Digital might be withholding documents relating to the sharing of AOSP user browsing data with third-party advertisers, based on a narrow interpretation of "third-party advertising cookies." Accordingly, you asked whether Gen Digital could provide a more categorical statement as to whether Avast shares AOSP user browsing data with third-party advertisers in any way.

To that end, we can represent to you that during the Relevant Time Period (*i.e.,* December 19, 2022 to the present), Avast has not shared (and does not today share) AOSP user browsing data with third-party advertisers *via any means.*

We trust this addresses your request, but please let us know if you wish to discuss further.

Thanks,
Serrin

---

**From:** Turner, Serrin (NY)
**Sent:** Monday, June 24, 2024 9:13 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; Eastly, John (SF) <John.Eastly@lw.com>; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Jonathan –

Thank you for the update.  We do think that would be productive.

As to the statements below:

   Yes, we would like to see what you believe to be the AOSP transmission to Avast that reflects "linking cookie data to browsing data."  To use the phrasing of your interrogatory responses, we would like to see what you believe to be the transmissions reflecting the "embedding [of] the Subject Cookies in AOSP's transmissions of user data from users' devices to Avast's servers."  Phrased more generally, we would like to see samples of the sort of transmissions from AOSP to Avast servers that you contend contain cookie and browsing data that is subsequently transferred to third-party advertisers.

   What we asked on the call is whether, in referring to cookies "embedded" in data sent to Avast servers, *you* were referring to cookie data embedded in URLs visited by AOSP users (or by the users' browsers), as such URLs, like any URLs, could be sent back to Avast servers to check whether they were malicious.  We did not mean to imply that that is the only purpose for which cookie data could be sent to Avast servers.  Cookie data may also be read from

supported websites to provide AOSP's cookie opt-out feature.

Thanks,
Serrin

---

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Friday, June 21, 2024 6:57 PM
**To:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>;
aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com;
mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com;
ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com;
cbosarge@burnscharest.com
**Cc:** Blunschi, Melanie (Bay Area) <Melanie.Blunschi@lw.com>; Rubin, Michael (Bay Area)
<Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay
Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin,

Thank you for meeting and conferring on the discovery responses.  As we discussed, Plaintiffs are
willing to go back and provide additional technical explanation / data concerning Plaintiffs'
contentions, and will evaluate on a technical level Defendants' view of the reason for the
transmission of cookie data to Avast.  To make sure that our technical work will be on target, we
wanted to confirm our understanding that:

   🞐🞐 Defendants would like to see the AOSP transmission to Avast that reflects linking cookie data
      to browsing data.
   🞐🞐 Defendants contend that any cookie data sent to Avast via AOSP are those embedded in URLs
      visited by AOSP users and therefore are sent to Avast as part of the malicious site checking
      process.

Please let us know if we misunderstood those, and whether there's anything else regarding the way
AOSP uses cookies about which Defendants believe we should perform further technical evaluation.

Thank you,

Jonathan

---

**From:** Jonathan Rotter
**Sent:** Tuesday, June 11, 2024 4:26 PM
**To:** Serrin.Turner@lw.com; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone
<DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com;
or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com;
lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com

**Cc:** Melanie.Blunschi@lw.com; Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Thank you, Serrin.  We can do 4:30pm Eastern Monday.  I'll send a Teams invite.

---

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Tuesday, June 11, 2024 2:17 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Melanie.Blunschi@lw.com; Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Jonathan –

We would like to meet and confer about your responses as well.  I'm not available on Friday but could do Monday next week.  I'm currently open that day in the afternoon ET.  Please let me know if there's a time slot then that works on your side.

Thanks,
Serrin

---

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Monday, June 10, 2024 10:14 PM
**To:** Eastly, John (SF) <John.Eastly@lw.com>; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Blunschi, Melanie (Bay Area) <Melanie.Blunschi@lw.com>; Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin, we'd like to meet and confer about these responses.  Are you available on Friday at noon or 1pm, Pacific?

---

**From:** John.Eastly@lw.com <John.Eastly@lw.com>
**Sent:** Monday, June 10, 2024 4:51 PM
**To:** aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; Jonathan Rotter <JRotter@glancylaw.com>;

lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Serrin.Turner@lw.com; Melanie.Blunschi@lw.com; Michael.Rubin@lw.com;
Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Dear Counsel,

Please find the attached:

1. Defendants Gen Digital, Inc. and Jumpshot Inc.'s Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents;

2. Defendants Gen Digital Inc. and Jumpshot Inc.'s Responses and Objections to Plaintiffs' First Set of Interrogatories.

Regards,

John Eastly

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT C

| From: | Serrin.Turner@lw.com |
|---|---|
| To: | HNye@glancylaw.com; John.Eastly@lw.com; Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com; Jonathan Rotter; aklevorn@burnscharest.com; Christopher J. Lee; ccurwick@burnscharest.com; DStone@glancylaw.com; knelson@burnscharest.com; lfontenot@burnscharest.com; Marc E. Masters; Monique M. Candiff |
| Subject: | RE: Lau v. Gen Digital - Defendants" Responses to Plaintiffs" Discovery Requests |
| Date: | Wednesday, August 21, 2024 6:47:29 PM |

**EXTERNAL EMAIL MESSAGE**

---

Holly –

After revisiting this issue with our client, we are no longer willing to agree to extend the fact discovery deadline.  Previously we had discussed an extension to facilitate the informal exchange of information between the parties, based on the idea that, in lieu of formal discovery, we could provide you with targeted, confirmatory discovery demonstrating that Plaintiffs' claims lack merit, and you could then discuss with us any questions or follow-up requests you had in response to the information we provided.  However, immediately after we had tentatively agreed to extend the deadline for this purpose, Plaintiffs served a new set of formal interrogatories and document requests on Gen Digital—which, in our view, seek documents and information wholly irrelevant to the remaining claims in the case, and which seem aimed instead at exploring alternative theories of liability and expanding the scope of the case.  Plaintiffs' continued efforts to seek discovery that is not narrowly focused on the core factual question in the case – i.e., whether Avast uses third-party cookies to share AOSP browsing data with advertisers – make us skeptical that any extra time for discovery would be properly used.  Moreover, Plaintiffs have now received Gen Digital's August 16th letter and the accompanying exhibits, which make clear Plaintiffs' claims lack any factual basis.  While Gen Digital remains willing to entertain narrowly tailored requests for additional confirmatory information, any such requests should be able to be addressed well before the currently scheduled close of discovery in early October.

Accordingly, we do not believe an extension of time is currently warranted.  To the extent our informal exchange of information continues as we start to grow closer to the October 7 discovery deadline, we are, of course, amenable to discussing a potential extension at that time.  But, at the moment, we do not believe there is a need to modify the schedule.

We are, however, willing to meet and confer further about this issue if you would like.

Thanks,
Serrin

---

**From:** Holly Nye <HNye@glancylaw.com>
**Sent:** Wednesday, August 21, 2024 5:05 PM
**To:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>; Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>; Jonathan Rotter <JRotter@glancylaw.com>; aklevorn@burnscharest.com; clee@birdmarella.com; ccurwick@burnscharest.com; David Stone <DStone@glancylaw.com>; knelson@burnscharest.com; lfontenot@burnscharest.com;

mmasters@birdmarella.com; MCandiff@birdmarella.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Thanks, Serrin.

**Holly K. Nye**, *Associate Attorney*
**Glancy Prongay & Murray LLP**
**a:** 1925 Century Park E, Suite 2100
      Los Angeles, CA 90067
**p:** (310) 201-9150 ext. 285
**w:** https://www.glancylaw.com/
**e:** hnye@glancylaw.com

---

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Wednesday, August 21, 2024 2:04 PM
**To:** Holly Nye <HNye@glancylaw.com>; John.Eastly@lw.com; Michael.Rubin@lw.com;
Ryan.Schachne@lw.com; Isabella.Coelho@lw.com; Jonathan Rotter <JRotter@glancylaw.com>;
aklevorn@burnscharest.com; clee@birdmarella.com; ccurwick@burnscharest.com; David Stone
<DStone@glancylaw.com>; knelson@burnscharest.com; lfontenot@burnscharest.com;
mmasters@birdmarella.com; MCandiff@birdmarella.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Thanks Holly - We are conferring with our client and will get back to you soon.

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Holly Nye <HNye@glancylaw.com>
**Date:** Wednesday, Aug 21, 2024 at 4:57 PM
**To:** Turner, Serrin (NY) <Serrin.Turner@lw.com>, Eastly, John (SF) <John.Eastly@lw.com>, Rubin, Michael
(Bay Area) <Michael.Rubin@lw.com>, Schachne, Ryan (NY) <Ryan.Schachne@lw.com>, Coelho, Isabella (Bay
Area) <Isabella.Coelho@lw.com>, Jonathan Rotter <JRotter@glancylaw.com>, Amanda Klevorn
<aklevorn@burnscharest.com>, Christopher J. Lee <clee@birdmarella.com>, Claire Curwick
<ccurwick@burnscharest.com>, David Stone <DStone@glancylaw.com>, Korey Nelson
<knelson@burnscharest.com>, Logan Fontenot <lfontenot@burnscharest.com>, Marc E. Masters
<mmasters@birdmarella.com>, Monique M. Candiff <MCandiff@birdmarella.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Ryan,

Following up on the email below and reattaching the modified joint stipulation to extend the fact
discovery deadline to December 9. Please let us know if you would like to discuss further or if you
are comfortable with us finalizing the attached.

Regards,

**Holly K. Nye**, *Associate Attorney*
**Glancy Prongay & Murray LLP**
**a:** 1925 Century Park E, Suite 2100
     Los Angeles, CA 90067
**p:** (310) 201-9150 ext. 285
**w:** https://www.glancylaw.com/
**e:** hnye@glancylaw.com

---

**From:** Holly Nye
**Sent:** Monday, August 19, 2024 3:28 PM
**To:** serrin.turner@lw.com; John.Eastly@lw.com; michael.rubin@lw.com; ryan.schachne@lw.com; isabella.coelho@lw.com; John.Eastly@lw.com; Jonathan Rotter <JRotter@glancylaw.com>; Amanda Klevorn <aklevorn@burnscharest.com>; Christopher J. Lee <clee@birdmarella.com>; Claire Curwick <ccurwick@burnscharest.com>; David Stone <DStone@glancylaw.com>; Korey Nelson <knelson@burnscharest.com>; Logan Fontenot <lfontenot@burnscharest.com>; Marc E. Masters <mmasters@birdmarella.com>; Monique M. Candiff <MCandiff@birdmarella.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin,

Apologies for the delay on this - I was out of the office last week and did not notice until now that I had not successfully sent the attached. Attached you will find the modified joint stipulation to extend the fact discovery deadline. Per your suggestion on August 8, this extends the discovery deadline to December 9 and keeps the January 14 summary judgment deadline in place. Please let us know if you would like to discuss or if you have any comments.

Regards,

**Holly K. Nye**, *Associate Attorney*
**Glancy Prongay & Murray LLP**
**a:** 1925 Century Park E, Suite 2100
     Los Angeles, CA 90067
**p:** (310) 201-9150 ext. 285
**w:** https://www.glancylaw.com/
**e:** hnye@glancylaw.com

---

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Thursday, August 8, 2024 2:03 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Jonathan – I'm not sure if you saw it, but the Court's order on our recently submitted stipulation noted that "the Court does not anticipate continuing any deadlines related to motions for summary

judgment."  Accordingly, it seems like the Court is unlikely to grant a request to move the summary judgment deadline back.  In light of that, we would propose extending the discovery schedule back by two months (to December 9), but leaving the January 14 summary judgment deadline in place.  Please let us know your thoughts.

Thanks,
Serrin

---

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Tuesday, August 6, 2024 8:43 PM
**To:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Thanks, Serrin.  Please see the attached draft stipulation.

---

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Monday, August 5, 2024 12:57 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Hi Jonathan —

Thanks for the follow-up email.  We are fine with stipulating to a two-month extension of the calendar to allow for continued discussions between the parties.  Would you be able to send us a proposed stipulation?

As for your discovery requests below, we are conferring with our client and will get back to you.

Thanks,
Serrin

---

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Thursday, August 1, 2024 7:31 PM
**To:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>;

aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin,

Following up on our July 23 call:

　　 We're evaluating your explanation that the cookies from Google, Facebook, Adobe, etc., are automatically appended by the browser to the AOSP traffic because those cookies are first-party cookies set by Avast, and the implications that would or would not have.

　　 We are okay in principle with the idea of a period of very focused discovery to see if we can generate common factual understandings re transmission and use of the cookies and web browsing data.

　　　 As we mentioned, we're concerned about the case schedule, and would propose stipulating to push everything back by approximately two months.

　　　 Here's what we'd want to see in that time:

     i.    Third party subpoena responses – need to see whether the third parties are receiving the data and whether there are any commercial arrangements to do so.  Happy to discuss your views on narrowing.

     ii.    From Gen Digital directly, we'd want:

        a.    Server-side and database-side source code during the relevant period for servers and databases involved in AOSP's operations, including but not limited to the server-side application code, and including all changes made;

        b.    Server-side and database-side source code during the relevant period for servers and databases involved in receiving, processing, and/or storing any data transmitted by the AOSP client, including but not limited to the server-side application code, and including all changes made;

        c.    For June 5-10, 2022, January 11-20, 2023, and February 9-11, 2023:
            i.    Server configurations, including the CORS policy, for www.avast.com/

ii.    Server configurations for all servers involved in AOSP's operations, including but not limited to the urlite.ff.avast.com subdomain servers;

iii.    Database schema for all databases involved in AOSP's operations, including but not limited to the urlite.ff.avast.com subdomain databases;

iv.    A representative data dump for each of the servers and databases involved in AOSP's operations;

v.    A log file for each of the servers and databases involved in AOSP's operations.

Thanks,

Jonathan

---

**From:** Jonathan Rotter
**Sent:** Friday, July 19, 2024 5:04 PM
**To:** Serrin.Turner@lw.com; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Yes, 4pm Pacific Tuesday works.

---

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Friday, July 19, 2024 6:31 AM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Hi Jonathan – I'll be in meetings all day Tuesday, but could do later in the day PT, say 4pm PT?  Could you make that work?

---

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Thursday, July 18, 2024 2:38 PM
**To:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com;

cbosarge@burnscharest.com
**Cc:** Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY)
<Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin, does Tuesday at 9am, 11am, or 3pm Pacific work?

---

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Wednesday, July 17, 2024 5:15 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com;
David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com;
or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com;
lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Jonathan —

Are you available for a call on Friday?  We'd like to discuss your supplemental interrogatory
responses and Rule 45 subpoenas.  We could do any time other than 1030-11am PT or 1230-230 PT.
If those windows don't work, could you please let us know what availability you have on Monday?

Thanks,
Serrin

---

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Friday, July 12, 2024 7:40 PM
**To:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>;
aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com;
mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com;
ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com;
cbosarge@burnscharest.com
**Cc:** Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY)
<Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin,

Attached, please find Plaintiffs' supplemental interrogatory responses updated per the below, and
Plaintiffs' notice of issuance of third-party subpoenas.

Jonathan

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Monday, July 8, 2024 6:17 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Jonathan —

We wanted to follow-up on one of the requests you made during our earlier meet-and-confer.  In particular, in Gen Digital's responses and objections to Plaintiffs' document requests, Gen Digital repeatedly explained that it would have no responsive documents to produce if the requests were properly narrowed, as Avast does not transmit AOSP users' browsing data to third-party advertisers via third-party advertising cookies.  In response, you raised a question whether, via this formulation, Gen Digital might be withholding documents relating to the sharing of AOSP user browsing data with third-party advertisers, based on a narrow interpretation of "third-party advertising cookies." Accordingly, you asked whether Gen Digital could provide a more categorical statement as to whether Avast shares AOSP user browsing data with third-party advertisers in any way.

To that end, we can represent to you that during the Relevant Time Period (*i.e.,* December 19, 2022 to the present), Avast has not shared (and does not today share) AOSP user browsing data with third-party advertisers *via any means*.

We trust this addresses your request, but please let us know if you wish to discuss further.

Thanks,
Serrin

---

**From:** Turner, Serrin (NY)
**Sent:** Monday, June 24, 2024 9:13 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; Eastly, John (SF) <John.Eastly@lw.com>; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Jonathan —

Thank you for the update.  We do think that would be productive.

As to the statements below:

◻◻◻ Yes, we would like to see what you believe to be the AOSP transmission to Avast that reflects "linking cookie data to browsing data."  To use the phrasing of your interrogatory responses, we would like to see what you believe to be the transmissions reflecting the "embedding [of] the Subject Cookies in AOSP's transmissions of user data from users' devices to Avast's servers."  Phrased more generally, we would like to see samples of the sort of transmissions from AOSP to Avast servers that you contend contain cookie and browsing data that is subsequently transferred to third-party advertisers.

◻◻◻ What we asked on the call is whether, in referring to cookies "embedded" in data sent to Avast servers, *you* were referring to cookie data embedded in URLs visited by AOSP users (or by the users' browsers), as such URLs, like any URLs, could be sent back to Avast servers to check whether they were malicious.  We did not mean to imply that that is the only purpose for which cookie data could be sent to Avast servers.  Cookie data may also be read from supported websites to provide AOSP's cookie opt-out feature.

Thanks,
Serrin

---

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Friday, June 21, 2024 6:57 PM
**To:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Eastly, John (SF) <John.Eastly@lw.com>; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Blunschi, Melanie (Bay Area) <Melanie.Blunschi@lw.com>; Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan (NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin,

Thank you for meeting and conferring on the discovery responses.  As we discussed, Plaintiffs are willing to go back and provide additional technical explanation / data concerning Plaintiffs' contentions, and will evaluate on a technical level Defendants' view of the reason for the transmission of cookie data to Avast.  To make sure that our technical work will be on target, we wanted to confirm our understanding that:

◻◻◻ Defendants would like to see the AOSP transmission to Avast that reflects linking cookie data to browsing data.

◻◻◻ Defendants contend that any cookie data sent to Avast via AOSP are those embedded in URLs

visited by AOSP users and therefore are sent to Avast as part of the malicious site checking process.

Please let us know if we misunderstood those, and whether there's anything else regarding the way AOSP uses cookies about which Defendants believe we should perform further technical evaluation.

Thank you,

Jonathan

---

**From:** Jonathan Rotter
**Sent:** Tuesday, June 11, 2024 4:26 PM
**To:** Serrin.Turner@lw.com; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Melanie.Blunschi@lw.com; Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Thank you, Serrin.  We can do 4:30pm Eastern Monday.  I'll send a Teams invite.

---

**From:** Serrin.Turner@lw.com <Serrin.Turner@lw.com>
**Sent:** Tuesday, June 11, 2024 2:17 PM
**To:** Jonathan Rotter <JRotter@glancylaw.com>; John.Eastly@lw.com; aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com; lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Melanie.Blunschi@lw.com; Michael.Rubin@lw.com; Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Jonathan –

We would like to meet and confer about your responses as well.  I'm not available on Friday but could do Monday next week.  I'm currently open that day in the afternoon ET.  Please let me know if there's a time slot then that works on your side.

Thanks,
Serrin

---

**From:** Jonathan Rotter <JRotter@glancylaw.com>
**Sent:** Monday, June 10, 2024 10:14 PM
**To:** Eastly, John (SF) <John.Eastly@lw.com>; aklevorn@burnscharest.com; David Stone

<DStone@glancylaw.com>; erhow@birdmarella.com; mmasters@birdmarella.com;
or@birdmarella.com; knelson@burnscharest.com; ccurwick@burnscharest.com;
lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Turner, Serrin (NY) <Serrin.Turner@lw.com>; Blunschi, Melanie (Bay Area)
<Melanie.Blunschi@lw.com>; Rubin, Michael (Bay Area) <Michael.Rubin@lw.com>; Schachne, Ryan
(NY) <Ryan.Schachne@lw.com>; Coelho, Isabella (Bay Area) <Isabella.Coelho@lw.com>
**Subject:** RE: Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Serrin, we'd like to meet and confer about these responses.  Are you available on Friday at noon or
1pm, Pacific?

---

**From:** John.Eastly@lw.com <John.Eastly@lw.com>
**Sent:** Monday, June 10, 2024 4:51 PM
**To:** aklevorn@burnscharest.com; David Stone <DStone@glancylaw.com>; erhow@birdmarella.com;
mmasters@birdmarella.com; or@birdmarella.com; knelson@burnscharest.com;
ccurwick@burnscharest.com; Jonathan Rotter <JRotter@glancylaw.com>;
lfontenot@burnscharest.com; clee@birdmarella.com; cbosarge@burnscharest.com
**Cc:** Serrin.Turner@lw.com; Melanie.Blunschi@lw.com; Michael.Rubin@lw.com;
Ryan.Schachne@lw.com; Isabella.Coelho@lw.com
**Subject:** Lau v. Gen Digital - Defendants' Responses to Plaintiffs' Discovery Requests

Dear Counsel,

Please find the attached:

1. Defendants Gen Digital, Inc. and Jumpshot Inc.'s Responses and Objections to Plaintiffs' First Set
of Requests for Production of Documents;

2. Defendants Gen Digital Inc. and Jumpshot Inc.'s Responses and Objections to Plaintiffs' First Set of
Interrogatories.

Regards,

John Eastly

_____

This email may contain material that is confidential, privileged and/or attorney work product for the
sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or
forwarding without express permission is strictly prohibited.  If you are not the intended recipient,
please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or
received by our networks in order to protect our business and verify compliance with our policies
and relevant legal requirements. Any personal information contained or referred to within this
electronic communication will be processed in accordance with the firm's privacy notices and Global

Privacy Standards available at www.lw.com.