LATHAM & WATKINS LLP
Michael H. Rubin (Bar No. 214636)
 michael.rubin@lw.com
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Serrin Turner (*pro hac vice*)
 serrin.turner@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
 maggie.upshaw@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendant Gen Digital Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GRACE LAU, CHRISTOPHER KARWOWSKI, MELODY KLEIN, MICHAEL MCBRIDE, and AIMEN HALIM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GEN DIGITAL INC. a corporation,<br><br>Defendant. | Case No. 3:22-cv-08981-RFL-SK<br><br>**DECLARATION OF SERRIN TURNER IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**<br><br>Hon. Sallie Kim |

I, Serrin Turner, declare as follows:

1. I am a partner at Latham & Watkins LLP and represent Defendant Gen Digital Inc. in this action. I am a member in good standing of the bar of the State of New York and am admitted *pro hac vice* by this Court.

2. I respectfully submit this declaration in support of Defendant's Opposition to Plaintiffs' Motion to Compel Compliance with Subpoenas Pursuant to Federal Rule of Civil Procedure 45. I am familiar with all of the facts and circumstances set forth herein.

**Gen Digital Has Repeatedly Informed Plaintiffs That It Does Not Engage In, and Has No Documents Concerning, the Alleged Conduct**

3. Over the course of this litigation, Gen Digital has repeatedly informed Plaintiffs that it does not use cookies to share user browsing data collected through Avast Online Security & Privacy ("AOSP") with third-party advertisers, and that it lacks any documents concerning this alleged conduct.

4. For example, in the Joint Case Management Statement filed by the parties on April 24, 2024, Gen Digital stated that "AOSP does not use third-party cookies in any way, let alone to transfer user browsing data to third-party advertisers," and that it "welcome[d] []appropriately tailored discovery, which will confirm that [Gen Digital] do[es] not engage in the conduct alleged." Dkt. 73 at 5, 9.

5. On June 10, 2024, Gen Digital served Plaintiffs with its Responses and Objections to Plaintiffs' First Set of Requests for Production (the "Gen Digital's R&Os"), excerpts of which are attached hereto as Exhibit 1. Among other things, Gen Digital's R&Os stated that Gen Digital "has no documents concerning its alleged 'use' of third-party advertising cookies 'associated with AOSP,' because Gen Digital does not in fact use any third-party advertising cookies in connection with AOSP, either to obtain information from users or to transmit data to third-party advertisers." Exhibit 1 at 9.

6. On June 17, 2024, the parties met and conferred (the "June 17 Meet and Confer") regarding, among other things, Gen Digital's R&Os. During that discussion, Plaintiffs noted that, in denying that it had relevant documents, Gen Digital had denied having documents relating to

the use of "third-party advertising cookies" to share AOSP user browsing data with third-party advertisers, and asked whether Gen Digital was withholding documents based on a particular interpretation of "third-party advertising cookies." Plaintiffs asked whether Gen Digital could provide a more categorical representation that it does not share AOSP user browsing data with third-party advertisers. *See* Declaration of Jonathan Rotter in Support of Plaintiffs' Motion to Compel Compliance with Subpoenas Pursuant to Federal Rule of Civil Procedure 45 ("Rotter Declaration"), Dkt. 97-3, Ex. A.

7. Gen Digital responded on the call that the term "third-party advertising cookies" was used in Gen Digital's R&Os because that was the term used in Plaintiffs' allegations in the Amended Complaint, and that Gen Digital was not withholding documents based on any particular construction of the term. Subsequently, on July 8, 2024, Gen Digital further responded to Plaintiffs in writing, categorically representing that, during the relevant time period, "Avast has not shared (and does not today share) AOSP user browsing data with third-party advertisers *via any means*." *Id.* (emphasis in original).

**Gen Digital Has Voluntarily Provided Information to Plaintiffs That Explains Why They Have Observed Cookies in Transmissions Sent from AOSP to Avast Servers**

8. On May 9, 2024, Gen Digital served its initial discovery requests on Plaintiffs, including interrogatories seeking the basis for their contentions that AOSP uses cookies to share browsing data collected through AOSP with third-party advertisers.

9. On June 10, 2024, Plaintiffs served their initial responses to these interrogatories, in which they objected to the interrogatories and otherwise provided scant detail regarding the basis for their allegations.

10. During the June 17 Meet and Confer, Gen Digital requested that Plaintiffs provide additional detail regarding the basis for their allegations, including samples of the sort of transmissions from AOSP that Plaintiffs contend contain cookie and browsing data. Rotter Decl., Ex. A.

11. Subsequently, on July 12, 2024, Plaintiffs served their Supplemental Responses and Objections to Gen Digital's Interrogatories ("Plaintiffs' Supplemental R&Os"), true and correct

excerpts of which are attached hereto as Exhibit 2.[1]  Plaintiffs' Supplemental R&Os explained that Plaintiffs had observed cookie data included in the traffic sent through their browsers from AOSP to urlite.ff.avast.com (the "URLite Service"), and included exemplar screenshots.  *See* Exhibit 2 at 10-18.  Plaintiffs asserted that *Avast* was "embedding" the cookie data in these transmissions, along with the data the transmissions contained from AOSP about the websites users were visiting.  *Id.* at 10-11.  Plaintiffs further asserted that they believed, based on "information and belief," that, upon receiving these sorts of transmissions from users, Avast was then passing on the cookie data combined with the user browsing data "to third-party advertising partners' servers."  *Id.* at 11.  Plaintiffs explained that they believed some of these cookies "act as or include" individual identifiers, and thus allow the third-party advertisers allegedly receiving this data to link the user browsing activity to individual users.  *Id.* at 18-20.

12. On July 23, 2024, the parties had another meet and confer, during which Gen Digital explained to Plaintiffs that the cookie data identified in Plaintiffs' Supplemental Responses and Objections was not being "embedded" by AOSP, but was instead being automatically appended by the user's browser, because the domain attribute of the cookies is set to "avast.com," and the communications were being sent to a server—the URLite Service—that operates on an avast.com subdomain.  Gen Digital further explained that this was an incidental byproduct of how cookies and browsers work, and that the URLite Service did not do anything with any cookie data sent to it.

13. On August 16, 2024, Gen Digital sent Plaintiffs a letter, along with accompanying documentation, to explain these points in more detail.  *See* Declaration of Atif Hashmi in Support of Plaintiffs' Motion to Compel Compliance with Subpoenas Pursuant to Federal Rule of Civil Procedure 45, Dkt. 97-2, Exhibit B.  Among other things, the letter explained that "the cookie data included in the headers of the[] transmissions [made by AOSP to the URLite Service] is (a) not requested by [AOSP] and (b) not used after the transmissions are received by Avast servers."  *Id.* at 1.

---

[1] Specifically, these excerpts are taken from the Supplemental R&Os from Plaintiff Grace Lau. The Supplemental R&Os from the other Plaintiffs were similar in all material respects.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 6, 2024, at New York, New York

By /s/ Serrin Turner
Serrin Turner