# Exhibit 1

1

LATHAM & WATKINS LLP
Michael H. Rubin (Bar No. 214636)

2

 *michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)

3

 *melanie.blunschi@lw.com*
505 Montgomery Street, Suite 2000

4

San Francisco, California  94111
Telephone:  +1.415.391.0600

5

6

Serrin Turner (*pro hac vice*)
 *serrin.turner@lw.com*

7

1271 Avenue of the Americas
New York, NY 10020

8

Telephone: +1.212.906.1200

9

Margaret A. Upshaw (*pro hac vice*)

10

 *maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000

11

Washington, D.C. 20004
Telephone: +1.202.637.2200

12

13

*Attorneys for Defendants Gen Digital Inc. and
Jumpshot Inc.*

14

15

UNITED STATES DISTRICT COURT

16

NORTHERN DISTRICT OF CALIFORNIA

17

SAN FRANCISCO DIVISION

18

19

GRACE LAU, CHRISTOPHER
KARWOWSKI, MELODY KLEIN,

20

MICHAEL MCBRIDE, and AIMEN
HALIM, individually and on behalf of all

21

others similarly situated,

22

Plaintiffs,

23

v.

24

GEN DIGITAL INC. a corporation, and
JUMPSHOT INC., a corporation,

25

Defendants.

Case No. 3:22-cv-08981-RFL

**DEFENDANTS GEN DIGITAL INC. AND
JUMPSHOT INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFFS' FIRST SET
OF REQUESTS FOR PRODUCTION OF
DOCUMENTS**

Honorable Rita F. Lin

26

27

28

1    irrelevant to the case as Plaintiffs' theory of liability in the FAC is based on cookies and has
2    nothing to do with SDKs.

3          Subject to the foregoing Specific and General Objections, Gen Digital responds as follows:
4    Gen Digital has no documents sufficient to identify any SDKs installed by AOSP, because AOSP
5    does not utilize SDKs.

6    **REQUEST FOR PRODUCTION NO. 6:**

7          ALL DOCUMENTS CONCERNING YOUR use of COOKIES and/or AVAST IDs
8    associated with AOSP, including but not limited to their extent, nature, and duration, as well as
9    the information they obtained and transmitted to YOU and, subsequently, YOU transmitted to
10   THIRD PARTIES.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

12         Gen Digital objects to this Request as overly broad, unduly burdensome, and not
13   proportional to the needs of the case, because, per General Objection 1, it calls for documents
14   relating to cookies or identifiers generally rather than *third-party advertising* cookies,
15   "information" generally rather than *browsing* data, and transmissions to third parties generally
16   rather than third-party *advertisers*, and thus the Request is not reasonably tied to Plaintiffs' theory
17   of liability in the FAC.

18         Subject to the foregoing Specific and General Objections, Gen Digital responds as follows:
19   Gen Digital has no documents concerning its alleged "use" of third-party advertising cookies
20   "associated with AOSP," because Gen Digital does not in fact use any third-party advertising
21   cookies in connection with AOSP, either to obtain information from users or to transmit data to
22   third-party advertisers.

23   **REQUEST FOR PRODUCTION NO. 7:**

24         DOCUMENTS sufficient to IDENTIFY ALL individuals or departments within YOUR
25   organization responsible for developing, implementing, or approving the technical specifications,
26   programming code, or source code, including ALL changes and/or variations to such source code,
27   which cause or enable YOU to transmit to THIRD PARTIES via FIRST PARTY COOKIES,

28

THIRD PARTY COOKIES, and/or AVAST IDs the CLASS and SUBCLASS member DATA that YOU collected and/or received through AOSP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Gen Digital objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, because, per General Objection 1, it calls for documents relating to cookies or identifiers generally rather than *third-party advertising* cookies, data generally rather than *browsing* data, and transmissions to third parties generally rather than third-party *advertisers*, and thus the Request is not reasonably tied to Plaintiffs' theory of liability in the FAC.

Subject to the foregoing Specific and General Objections, Gen Digital responds as follows: Gen Digital has no documents concerning personnel responsible for developing, implementing, or approving technical specifications, programming code, or source code that causes or enables AOSP to transmit users' browsing data to third-party advertisers via third-party advertising cookies, because AOSP has no such functionality.

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS CONCERNING ALL the ways that YOU have used, exploited, monetized, transmitted, or otherwise utilized the CLASS member DATA YOU collected and/or received through AOSP, including but not limited to your transmission of CLASS member DATA to THIRD PARTIES via FIRST PARTY COOKIES, THIRD PARTY COOKIES, and/or AVAST IDs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Gen Digital objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, because: (1) per General Objection 1, it calls for documents relating to data generally rather than *browsing* data, third parties generally rather than third-party *advertisers*, and transmissions generally rather than transmissions made *through third-party advertising cookies*, and thus the Request is not reasonably tied to Plaintiffs' theory of liability in the FAC; and (2) the Request calls for all the ways Gen Digital has "used," "monetized," or "transmitted" data received through AOSP—and thus would cover everything Gen Digital has

1  ever done with such data and every way it has somehow profited from the operation of AOSP—

2  as opposed to being limited to forms of use, monetization, or transmittal relevant to Plaintiffs'

3  theory of liability in the FAC.  Gen Digital further objects to this Request to the extent it seeks

4  documents or information outside the Relevant Time Period, or documents relating to Jumpshot,

5  as to which Plaintiffs lack any timely claims.

6      Subject to the foregoing Specific and General Objections, Gen Digital responds as follows:

7  Gen Digital has no documents concerning the transmission of AOSP users' browsing data to third-

8  party advertisers via third-party advertising cookies during the Relevant Time Period, or any use,

9  exploitation, monetization, or transmission of such data as related thereto, as Gen Digital does not

10  engage in any such practice.

11  **REQUEST FOR PRODUCTION NO. 9:**

12      ALL DOCUMENTS CONCERNING ALL transmissions of the CLASS member DATA

13  YOU collected and/or received through AOSP that YOU made to THIRD PARTIES.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

15      Gen Digital objects to this Request as overly broad, unduly burdensome, and not

16  proportional to the needs of the case, because, per General Objection 1, it calls for documents

17  relating to data generally rather than *browsing* data, third parties generally rather than third-party

18  *advertisers*, and transmissions generally rather than transmissions made *through third-party*

19  *advertising cookies*, and thus the Request is not reasonably tied to Plaintiffs' theory of liability in

20  the FAC.  Gen Digital further objects to this Request to the extent it seeks documents or

21  information outside the Relevant Time Period, or documents relating to Jumpshot, as to which

22  Plaintiffs lack any timely claims.

23      Subject to the foregoing Specific and General Objections, Gen Digital responds as follows:

24  Gen Digital has no documents concerning the transmission of AOSP users' browsing data to third-

25  party advertisers via third-party advertising cookies during the Relevant Time Period, as Gen

26  Digital does not engage in any such practice.

27

28

1  **REQUEST FOR PRODUCTION NO. 10:**

2      DOCUMENTS sufficient to IDENTIFY the THIRD PARTIES to whom you transmitted

3  the CLASS member DATA YOU collected and/or received through AOSP.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

5      Gen Digital objects to this Request as overly broad, unduly burdensome, and not

6  proportional to the needs of the case, because, per General Objection 1, it calls for documents

7  relating to data generally rather than *browsing* data, third parties generally rather than third-party

8  *advertisers*, and transmissions generally rather than transmissions made *through third-party*

9  *advertising cookies*, and thus the Request is not reasonably tied to Plaintiffs' theory of liability in

10  the FAC.  Gen Digital further objects to this Request to the extent it seeks documents or

11  information outside the Relevant Time Period, or documents relating to Jumpshot, as to which

12  Plaintiffs lack any timely claims.

13      Subject to the foregoing Specific and General Objections, Gen Digital responds as follows:

14  Gen Digital has no documents identifying third-party advertisers to whom it transmitted AOSP

15  users' browsing data via third-party cookies during the Relevant Time Period, as Gen Digital does

16  not engage in any such practice.

17  **REQUEST FOR PRODUCTION NO. 11:**

18      ALL contracts or other agreements between YOU and THIRD PARTIES to whom YOU

19  transmitted CLASS member DATA that YOU received and/or collected through AOSP

20  RELATING TO YOUR transmission and/or sale of CLASS member DATA to those THIRD

21  PARTIES.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

23      Gen Digital objects to this Request as overly broad, unduly burdensome, and not

24  proportional to the needs of the case, because, per General Objection 1, it calls for documents

25  relating to data generally rather than *browsing* data, third parties generally rather than third-party

26  *advertisers*, and transmissions generally rather than transmissions made *through third-party*

27  *advertising cookies*, and thus the Request is not reasonably tied to Plaintiffs' theory of liability in

28  the FAC.  Gen Digital further objects to this Request to the extent it seeks documents or

1  information outside the Relevant Time Period, or documents relating to Jumpshot, as to which

2  Plaintiffs lack any timely claims.

3       Subject to the foregoing Specific and General Objections, Gen Digital responds as follows:

4  Gen Digital has no contracts or other agreements with third-party advertisers to whom it

5  transmitted AOSP users' browsing data via third-party advertising cookies during the Relevant

6  Time Period, or sold such data to during the Relevant Time Period, as Gen Digital does not engage

7  in any such practice.

8  **REQUEST FOR PRODUCTION NO. 12:**

9       ALL DOCUMENTS and COMMUNICATIONS between YOU and THIRD PARTIES to

10  whom YOU transmitted CLASS member DATA that YOU received and/or collected through

11  AOSP RELATING TO YOUR transmission and/or sale of CLASS member DATA to those

12  THIRD PARTIES, including but not limited to sales and/or transaction DATA.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

14       Gen Digital objects to this Request as overly broad, unduly burdensome, and not

15  proportional to the needs of the case, because, per General Objection 1, it calls for documents

16  relating to data generally rather than *browsing* data, third parties generally rather than third-party

17  *advertisers*, and transmissions generally rather than transmissions made *through third-party*

18  *advertising cookies*, and thus the Request is not reasonably tied to Plaintiffs' theory of liability in

19  the FAC.  Gen Digital further objects to this Request to the extent it seeks documents or

20  information outside the Relevant Time Period, or documents relating to Jumpshot, as to which

21  Plaintiffs lack any timely claims.

22       Subject to the foregoing Specific and General Objections, Gen Digital responds as follows:

23  Gen Digital has no documents or communications with third-party advertisers to whom it

24  transmitted AOSP users' browsing data via third-party advertising cookies during the Relevant

25  Time Period, or sold such data to during the Relevant Time Period, as Gen Digital does not engage

26  in any such practice.

27

28

1  **REQUEST FOR PRODUCTION NO. 13:**

2      DOCUMENTS sufficient to IDENTIFY the purpose and function of YOUR use of

3  COOKIES and/or AVAST IDs to transmit to THIRD PARTIES the CLASS and SUBCLASS

4  member DATA that YOU collected and/or received through AOSP.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

6      Gen Digital objects to this Request as overly broad, unduly burdensome, and not

7  proportional to the needs of the case, because, per General Objection 1, it calls for documents

8  relating to cookies or identifiers generally rather than *third-party advertising* cookies, data

9  generally rather than *browsing* data, and transmissions to third parties generally rather than third-

10  party *advertisers*, and thus the Request is not reasonably tied to Plaintiffs' theory of liability in the

11  FAC.  Gen Digital further objects to this request in that it is compound, circular, and non-sensical:

12  it asks for documents sufficient to identify the purpose and function of an alleged activity whose

13  purpose is already presupposed in the Request itself – "to transmit to THIRD PARTIES the

14  CLASS and SUBCLASS member DATA that YOU collected and/or received through AOSP."

15      Subject to the foregoing Specific and General Objections, Gen Digital responds as follows:

16  Gen Digital has no documents identifying the purpose and function of Gen Digital's use of third-

17  party advertising cookies to transmit AOSP users' browsing data to third-party advertisers, as Gen

18  Digital does not engage in any such practice.

19  **REQUEST FOR PRODUCTION NO. 14:**

20      DOCUMENTS sufficient to IDENTIFY all purposes and functions of YOUR collection of

21  the CLASS's PII in connection with the CLASS's use of ANY website.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

23      Gen Digital objects to this Request because it seeks documents relating to a theory of

24  liability based on the mere collection of Plaintiffs' data, which the Court rejected and dismissed.

25  *See* Order, Dkt. 64, at 5; *see also* Hr'g Tr. May 1, 2024, at 3:22-4:1.  Gen Digital further objects

26  to this Request to the extent it seeks information and documents that are publicly available.  Gen

27  Digital further objects to this Request to the extent it seeks documents or information outside the

28

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS RELATING TO how YOU track and/or IDENTIFY individual consumers using DATA YOU collect through AOSP, including but not limited to, DIGITAL FINGERPRINTING, such that you can provide information about consumers to THIRD PARTIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Gen Digital objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, because, per General Objection 1, it calls for documents relating to data generally rather than *browsing* data, and third parties generally rather than third-party *advertisers*, and thus the Request is not reasonably tied to Plaintiffs' theory of liability in the FAC.  Gen Digital further objects to this Request as vague and ambiguous, because it is unclear what is meant by "how YOU track and/or IDENTIFY individual consumers…such that you can provide information about consumers to THIRD PARTIES," given that data about consumers can be transmitted to a third party regardless of whether any consumers have been "tracked" or identified.  Gen Digital further objects to this Request to the extent it seeks documents or information outside the Relevant Time Period, or documents relating to Jumpshot, as to which Plaintiffs lack any timely claims.

Subject to the foregoing Specific and General Objections, Gen Digital responds as follows: Gen Digital has no documents relating to the tracking and/or identification of AOSP users during the Relevant Period so that AOSP users' browsing data can be provided to third-party advertisers, as Gen Digital does not engage in any such practice.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS CONCERNING AOSP's transmission or exchange with ANY COOKIES, including but not limited to FIRST PARTY COOKIES and THIRD PARTY COOKIES, and/or AVAST IDs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Gen Digital objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, because, per General Objection 1, it calls for documents

1   relating to cookies or identifiers generally rather than *third-party advertising* cookies, and

2   transmissions generally rather than transmissions to third-party advertisers through such cookies,

3   and thus the Request is not reasonably tied to Plaintiffs' theory of liability in the FAC.  Gen Digital

4   further objects to this Request as vague and ambiguous, as it is unclear what is meant by

5   "transmission or exchange *with* ANY COOKIES".

6          Subject to the foregoing Specific and General Objections, Gen Digital responds as follows:

7   Gen Digital has no documents concerning transmission of browsing data to third-party advertisers

8   through (or "with") third-party advertising cookies, as Gen Digital does not engage in any such

9   practice.

10  **REQUEST FOR PRODUCTION NO. 21:**

11         YOUR source code, including ALL changes and/or variations to such source code, that

12  causes ANY websites, including YOUR WEBSITES and THIRD PARTY WEBSITES, to send

13  YOU DATA through AOSP that YOU can share with THIRD PARTIES, including but not limited

14  to DATA from CLASS members who have activated AOSP.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16         Gen Digital objects to this Request as overly broad, unduly burdensome, and not

17  proportional to the needs of the case, because, per General Objection 1, it calls for documents

18  relating to data generally rather than *browsing* data, and third parties generally rather than third-

19  party *advertisers*, and thus the Request is not reasonably tied to Plaintiffs' theory of liability in the

20  FAC.  Gen Digital further objects to this Request as vague and ambiguous, as well as overly broad,

21  unduly burdensome, and not proportional to the needs of the case, in that it asks for source code

22  that causes websites to send data that Gen Digital "can" share with third parties, as opposed to data

23  that Gen Digital actually *does* share with third parties, and thus it would appear to encompass any

24  source code that causes AOSP to send data to Gen Digital of any kind for any reason, as Gen

25  Digital theoretically "can" share any data it receives with third parties.  Gen Digital further objects

26  to this Request to the extent it seeks documents or information outside the Relevant Time Period,

27  or documents relating to Jumpshot, as to which Plaintiffs lack any timely claims.

28

1    Subject to the foregoing Specific and General Objections, Gen Digital responds as follows:

2    Gen Digital has no documents concerning its "decision to sell AOSP users' browsing data to third-

3    party advertisers during the Relevant Time Period or to transmit such data to third-party advertisers

4    via third-party advertising cookies, as Gen Digital does not engage in any such practices.

5    **REQUEST FOR PRODUCTION NO. 39:**

6    ALL DOCUMENTS CONCERNING YOUR sale of DATA transmitted between the

7    CLASS and ANY websites, including YOUR WEBSITES and THIRD PARTY WEBSITES, or

8    ANY SERVERS, including YOUR SERVERS and THIRD PARTY SERVERS, that you collected

9    and/or received through AOSP, including without limitation DOCUMENTS sufficient to

10   determine the types of DATA transacted, the price paid/received for the DATA, and/or ANY other

11   relevant terms of the transaction.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

13   Gen Digital objects to this Request as overly broad, unduly burdensome, and not

14   proportional to the needs of the case, because, per General Objection 1, it does not relate

15   specifically to the sale of AOSP browsing data transmitted to third-party advertisers via third-

16   party advertising cookies, and thus the Request is not reasonably tied to Plaintiffs' theory of liability in

17   the FAC.  Gen Digital further objects to this Request to the extent it seeks documents or

18   information outside the Relevant Time Period, or documents relating to Jumpshot, as to which

19   Plaintiffs lack any timely claims.

20   Subject to the foregoing Specific and General Objections, Gen Digital responds as follows:

21   Gen Digital has no documents concerning the sale of AOSP users' browsing data to third-party

22   advertisers during the Relevant Time Period, as Gen Digital does not engage in any such practice.

23   **REQUEST FOR PRODUCTION NO. 40:**

24   ALL DOCUMENTS CONCERNING YOUR internal assessment of the economic value

25   of the CLASS's DATA.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

27   Gen Digital objects to this Request as overly broad, unduly burdensome, and not

28   proportional to the needs of the case, because, per General Objection 1, it does not relate

1    transmission of AOSP users' browsing data to third-party advertisers via third-party advertising

2    cookies, as Gen Digital does not engage in any such practice

3    **REQUEST FOR PRODUCTION NO. 66:**

4       DOCUMENTS sufficient to explain the changes YOU made CONCERNING YOUR

5    transmission of CLASS and SUBCLASS member DATA to THIRD PARTIES via FIRST PARTY

6    COOKIES, THIRD PARTY COOKIES, and/or AVAST IDs, including every change and the

7    reasons that YOU made those changes.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

9       Gen Digital objects to this Request as duplicative of Request No. 65, and incorporates by

10    reference its response thereto.

11

12    DATE: June 10, 2024            LATHAM & WATKINS LLP

13                                   By   */s/ Serrin Turner*

14                                        Serrin Turner (*pro hac vice*)
                                       serrin.turner@lw.com

15                                        1271 Avenue of the Americas
                                       New York, NY 10020

16                                        Telephone: +1.212.906.1200

17                                        Michael H. Rubin (Bar No. 214636)
                                       michael.rubin@lw.com

18                                        Melanie M. Blunschi (Bar No. 234264)
                                       melanie.blunschi@lw.com

19                                        505 Montgomery St., Suite 2000

20                                        San Francisco, CA 94111
                                       Telephone: +1.415.391.0600

21

22                                        Margaret A. Upshaw (*pro hac vice*)
                                       maggie.upshaw@lw.com

23                                        555 Eleventh Street, NW, Suite 1000
                                       Washington, D.C. 20004

24                                        Telephone: +1.202.637.2200

25                                        *Attorneys for Defendants Gen Digital Inc.*
                                       *and Jumpshot Inc.*

26

27

28