# Exhibit 2

Ekwan E. Rhow - State Bar No. 174604
*erhow@birdmarella.com*
Marc E. Masters - State Bar No. 208375
*mmasters@birdmarella.com*
BIRD, MARELLA, RHOW, LINCENBERG, DROOKS, & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100

Jonathan M. Rotter - State Bar No. 234137
*jrotter@glancylaw.com*
David J. Stone - State Bar No. 208961
*dstone@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
Email: info@glancylaw.com

Korey A. Nelson (admitted *pro hac*)
*knelson@burnscharest.com*
Amanda K. Klevorn (admitted *pro hac*)
*aklevorn@burnscharest.com*
Claire E. Bosarge (admitted *pro hac*)
*cbosarge@burnscharest.com*
Logan B. Fontenot (admitted *pro hac*)
*lfontenot@burnscharest.com*
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GRACE LAU, CHRISTOPHER KARWOWSKI, MELODY KLEIN, MICHAEL MCBRIDE, and AIMEN HALIM, individual and on behalf of all others similarly situated;<br><br>          Plaintiffs,<br>     vs.<br><br>GEN DIGITAL INC. a corporation, and JUMPSHOT INC., a corporation,<br>          Defendants. | CASE NO. 3:22-cv-08981-RFL<br><br>**PLAINTIFF GRACE LAU'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |

**INTERROGATORY NO. 3:** Describe in Detail how You contend that AOSP uses the Subject Cookies to "transmit" data to third-party advertising partners, Compl. ¶ 80, including, for each third-party advertising partner to whom You contend data is transmitted: (a) what specific data You contend is transmitted to the third-party advertising partner; (b) the URL or IP address of the server to which You contend the data is transmitted; and (c) whether You contend that the data is transmitted from the AOSP user's browser or from an AOSP server.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Definitions and Instructions as if set forth fully herein. Plaintiff objects to this Interrogatory on the grounds that it is premature given that discovery in this case is ongoing. Plaintiff objects to this Interrogatory, in its entirety, as overbroad and unduly burdensome to the extent it calls for Plaintiff to reproduce, in narrative answer format, information within Defendants' possession, custody, or control. Specifically, and without limiting the scope of the foregoing objections, Defendants seek information that is readily or more accessible to Defendant from Defendant's own files and databases, and the burden and expense of providing such information is substantially less for Defendants than for Plaintiff. Plaintiff further objects to this Interrogatory because it is improperly compound and contains multiple discrete subparts.

Plaintiff further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges and immunities. Plaintiff also objects to this Interrogatory as premature to the extent it seeks disclosure of expert opinion and information outside the expert discovery timeframe in this case.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that Avast uses the Subject Cookies to transmit data to third-party advertising partners in at least the following ways: (1) embedding the Subject Cookies in AOSP's transmissions of user data from

1  users' devices to Avast's servers; and (2) transmitting the user data associated with embedded
2  cookies that Avast received from AOSP to third-party advertising partners' servers through server-
3  to-server communication. This is a non-exhaustive list of ways in which Avast transmits AOSP user
4  data to third-party advertising partners.

5  Plaintiff further states that data transmitted to an AOSP server will be specific to the AOSP
6  user depending on their web browsing activity, but may include Internet search engine keyword
7  searches, search results, full string URLs, email inbox searches, browsing histories, video viewing
8  histories, and highly sensitive protected health information, such as information on users' medical
9  conditions, immunizations, allergies, and prescriptions. Notwithstanding that subsequently
10 discovered facts may reveal additional servers to which AOSP users' data is transmitted and the
11 URL or IP address of the server(s) may have changed over time, at a minimum, as of September
12 2023, AOSP users' data was transmitted to https://urlite.ff.avast.com/v1/urlinfo.

13 On information and belief, based on the nature of the advertising, tracking, and data-sharing
14 cookies from third parties installed on AOSP users' devices, Plaintiff further states that from the
15 AOSP user's browser, the data is transmitted to an AOSP server, and from the AOSP server the data
16 is transmitted to a third-party server.

17 As discovery is ongoing, Plaintiff expressly reserves the right to supplement, clarify, revise,
18 or correct this response as additional information is discovered.

19 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:** Plaintiff hereby
20 incorporates the foregoing General Objections and Objections to Definitions and Instructions as if
21 set forth fully herein. Subject to and without waiving the foregoing general and specific objections,
22 Plaintiff responds as follows: When a device that has the AOSP plugin installed on it ("AOSP Client
23 Device") visits a webpage, AOSP intercepts the request to the website and sends it to Avast's
24 servers, along with third-party cookies that Avast installed on the AOSP Client Device browser. In

25

26

addition to the fact that those third-party cookies are installed as a result of visiting avast.com as part of the installation process, it is apparent that the cookies sent to Avast's servers were installed by Avast because those cookies are different from any cookies sent to or from the website itself. The following are two exemplar network traffic analyses of the cookies exchanged between an AOSP Client Device and the AOSP/Avast servers when a user visits the Market Watch and ESPN websites:

**Accessing Market Watch Website for Tesla**

1. When the AOSP Client Device accesses the Market Watch website to obtain information related to Tesla at the URL https://www.marketwatch.com/investing/stock/tsla, AOSP intercepts that request and sends the URL of the website and various cookies identifiers to the Avast servers.

2. The request sent by the AOSP Client Device to Market Watch servers is shown in Figure 1.

*Figure 1: Request sent by the AOSP client device to Market Watch servers.*

3. As shown in Figure 1, the request sent by the AOSP Client Device to Market Watch servers within the URL portion does not include any cookie information.

4. Figure 2 shows the cookies portion of the request sent by the AOSP Client Device to Market Watch servers.



*Figure 2: Cookies contained within the request sent by the AOSP client device to Market Watch servers.*

5. As shown in Figure 2, the request sent by the AOSP Client Device to Market Watch servers does not contain any cookie data.

6. Figure 3 shows the cookies portion of the response received by the AOSP Client Device sent by the Market Watch servers.



*Figure 3: Cookies contained within the response sent by Market Watch servers to the AOSP client device.*

7. Figure 4 shows the request sent by the AOSP Client Device to the Avast servers that includes the URL of the Market Watch website along with various cookie identifiers.

*Figure 4: Request sent by the AOSP Client Device to the Avast servers.*

8. As shown in Figure 4, the request sent by the AOSP Client Device to the Avast servers includes the Market Watch URL along with various cookie identifiers. Notably, the cookie identifiers shown in Figure 4 do not appear in the transmissions between the AOSP Client Device and the Market Watch servers (see Figure 2 and Figure 3).

9. Figure 5 shows the response sent by the Avast servers to the AOSP Client Device.

*Figure 5: Response sent by the Avast servers to the AOSP Client Device.*

**Accessing ESPN Website**

1. When the AOSP Client Device accesses the ESPN website at the URL https://www.espn.com/, AOSP intercepts that request and sends the URL of the website and various cookies identifiers to the Avast servers.

2. The request sent by the AOSP Client Device to ESPN servers is shown in Figure 6.

*Figure 6: Request sent by the AOSP client device to ESPN servers.*

3. As shown in Figure 6, the request sent by the AOSP Client Device to ESPN servers within the URL portion does not include any cookie information.

4. Figure 7 shows the cookies portion of the request sent by the AOSP Client Device to ESPN servers.



*Figure 7: Cookies contained within the request sent by the AOSP client device to ESPN servers.*

5. As shown in Figure 7, the request sent by the AOSP Client Device to ESPN servers does not contain any cookie data.

PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

6. Figure 8 shows the cookies portion of the response received by the AOSP Client Device sent by the ESPN servers.



*Figure 8: Cookies contained within the response sent by ESPN servers to the AOSP client device.*

7. Figure 9 shows the request sent by the AOSP Client Device to the Avast servers that includes the URL of the ESPN website along with various cookie identifiers.



*Figure 9: Request sent by the AOSP Client Device to the Avast servers.*

8. As shown in Figure 9, the request sent by the AOSP Client Device to the Avast servers includes the ESPN URL along with various cookie identifiers. Notably, the cookie identifiers shown in Figure 9 do not appear in the transmissions between the AOSP Client Device and the ESPN servers (see Figure 7 and Figure 8).

9. Furthermore, as shown Figure 4 and Figure 9, the cookie identifiers included within the transmission sent by the AOSP Client Device to the Avast servers are identical irrespective of whether the AOSP Client Device accesses the Market Watch website or the ESPN website.

10. Figure 10 shows the response sent by the Avast servers to the AOSP Client Device.



Figure 10: Response sent by the Avast servers to the AOSP Client Device.

**INTERROGATORY NO. 4:** Describe in Detail how You contend that AOSP collects "the unique Device ID generated by" a Subject Cookie and uses it to "link [the user's] private data . . . across multiple sessions," Compl. ¶¶ 97–98, including: (a) which of the Subject Cookies You contend that AOSP collects a "Device ID" from; (b) whether You contend that AOSP collects this Device ID from the Subject Cookie itself (i.e., from the text file constituting the cookie

that is stored on the user's browser), or in some other manner; (c) under what circumstances You contend that AOSP collects this Device ID; (d) what data You contend that AOSP "links" this Device ID to; and (e) whether You contend that this "linking" occurs on the user's device or on AOSP servers.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff hereby incorporates the foregoing General Objections and Objections to Definitions and Instructions as if set forth fully herein. Plaintiff objects to this Interrogatory on the grounds that it is premature given that discovery in this case is ongoing. Plaintiff objects to this Interrogatory, in its entirety, as overbroad and unduly burdensome to the extent it calls for Plaintiff to reproduce, in narrative answer format, information within Defendants' possession, custody, or control. Specifically, and without limiting the scope of the foregoing objections, Defendants seek information that is readily or more accessible to Defendant from Defendant's own files and databases, and the burden and expense of providing such information is substantially less for Defendants than for Plaintiff. Plaintiff further objects to this Interrogatory because it is improperly compound and contains multiple discrete subparts. Plaintiff further objects to the Interrogatory as vague and ambiguous as to the meaning of "from the text file constituting the cookie that is stored on the user's browser" and "some other manner."

Plaintiff further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privileges and immunities. Plaintiff also objects to this Interrogatory as premature to the extent it seeks disclosure of expert opinion and information outside the expert discovery timeframe in this case.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that in general, some cookies may act as or include Device IDs. For example, __adal_id (the "Adalyser Cookie") acts as a Device ID. As of September 2023, the cookies from which AOSP

1  collected a unique Device ID or information based on Device ID included the Adalyser Cookie.[2]
2  Plaintiff contends that AOSP collects the Device ID by including advertising, tracking, and data-
3  sharing cookies from third parties that act as or include Device IDs—such as the Adalyser Cookie,
4  which identifies the user's device—in the packet that is sent to Avast's servers. When these cookies
5  are installed on a user's device, AOSP transmits user data accompanied by these cookies (like the
6  Adalyser Cookie) to Avast servers.  In short, AOSP user data is transmitted to Avast's servers
7  together with advertising, tracking, and data-sharing cookies from third parties, some of which act
8  as or include Device IDs, like the Adalyser Cookie. Upon information and belief, Plaintiff contends
9  that the linking occurs on both the user's device and on AOSP servers.

10       As discovery is ongoing, Plaintiff expressly reserves the right to supplement, clarify, revise,
11  or correct this response as additional information is discovered.

12       **INTERROGATORY NO. 5:**    Identify each of Your Browsers, including the product
13  name of the Browser (e.g., "Google Chrome") and the make, model, and operating system of Your
14  Device on which the Browser ran (e.g., "ThinkPad E16 Gen 1 / Windows 10").

15       **RESPONSE TO INTERROGATORY NO. 5:**

16       Plaintiff hereby incorporates the foregoing General Objections and Objections to Definitions
17  and Instructions as if set forth fully herein. Plaintiff objects to this Interrogatory because it is
18  improperly compound and contains multiple discrete subparts. Finally, as discovery is ongoing,
19  Plaintiff expressly reserves the right to supplement, clarify, revise, or correct this response as
20  additional information is discovered.

21       Subject to and without waiving the foregoing general and specific objections, Plaintiff states:
22  I used Google Chrome on a Dell running Windows OS.

23

---

[2] *See, e.g.*, https://www.adalyser.com/en/cookies#:~:text=We%20use%20cookies%20to%20find,user%20experience%20of%20our%20website.

Specifically, and without limiting the scope of the foregoing objection, Plaintiff objects to this Interrogatory because it requests Plaintiff identify "any other lawsuit" wherein Plaintiff was a party "regardless of when such litigation was brought" and fails to tailor its scope to lawsuits and litigation involving similar or overlapping facts or legal issues. Finally, as discovery is ongoing, Plaintiff expressly reserves the right to supplement, clarify, revise, or correct this, and any, response as relevant, responsive, non-privileged documents and additional information is discovered.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states: I have not been a party in any other lawsuit.

DATED: July 12, 2024

Ekwan E. Rhow
Marc E. Masters
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.

By: _____/s/ Marc E. Masters_____
Marc E. Masters
Attorneys for Plaintiffs

DATED: July 12, 2024

Jonathan M. Rotter
David J. Stone
GLANCY PRONGAY & MURRAY LLP

By: _____/s/ Jonathan M. Rotter_____
Jonathan M. Rotter
Attorneys for Plaintiffs

DATED: July 12, 2024

Korey A. Nelson
Amanda K. Klevorn
Claire E. Bosarge
Logan B. Fontenot
BURNS CHAREST LLP

By:     /s/ Korey A. Nelson
       Korey A. Nelson
Attorneys for Plaintiffs