Michael A. Berta (SBN 194650)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:    415.471-3100
Facsimile:    415.471.3400
michael.berta@arnoldporter.com

*Attorneys for Non-Party Respondent Adobe Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GRACE LAU, CHRISTOPHER KARWOWSKI, MELODY KLEIN, MICHAEL MCBRIDE, and AIMEN HALIM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GEN DIGITAL INC. and JUMPSHOT INC.,<br><br>Defendants. | Case No. 3:22-cv-08981-RFL<br><br>**NON-PARTY ADOBE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS PURSUANT TO FRCP 45**<br><br>**Judge:** Hon. Rita F. Lin<br>**Magistrate Judge:** Hon. Sallie Kim |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 2

       A.      Plaintiffs' Claims Concerning the AOSP Browser Extension. ...................................... 2

       B.      The Subpoena to Adobe. ............................................................................................... 2

       C.      The Meet and Confer. ................................................................................................... 3

       D.      Plaintiffs' Immediate Filing of the Motion. ................................................................... 4

LEGAL STANDARD ..................................................................................................................... 5

ARGUMENT ................................................................................................................................... 6

I.      ADOBE DOES NOT HAVE ANY INFORMATION OR DOCUMENTS RELEVANT TO THIS LAWSUIT. ............................................................................................. 6

II.     THE SUBPOENA REQUESTS ARE OVERBROAD AND SEEK DOCUMENTS AND INFORMATION THAT ARE IRRELEVANT TO PLAINTIFFS' CLAIMS OR DEFENDANT'S DEFENSES. ........................................................................................... 8

III.    THE SUBPOENA IMPOSES UNDUE BURDEN ON ADOBE BECAUSE ANY RESPONSIVE INFORMATION CAN BE OBTAINED FROM DEFENDANT. ................ 12

IV.   PLAINTIFFS' CONDUCT IS SANCTIONABLE. ............................................................. 14

CONCLUSION .............................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Int'l Life Assurance Co. of N.Y. v. Vazquez*,
   No. 02-CV-141, 2003 WL 548736 (S.D.N.Y. Feb. 25, 2003) ............................................... 15

*ASUS Computer Int'l v. Micron Tech. Inc.*,
   No. 14-CV-00275-JST-NC, 2014 WL 12625461 (N.D. Cal. Apr. 21, 2014) .................... 6, 14

*Dart Indus. Co. v. Westwood Chem. Co.*,
   649 F.2d 646 (9th Cir. 1980) ................................................................................................. 6

*In re enTrilogy, LLC*,
   No. 22-MC-80134-VKD, 2022 WL 3155412 (N.D. Cal. Aug. 8, 2022) ............................... 12

*Gamefam, Inc. v. WowWee Grp. Ltd.*,
   No. 23-MC-80310-SI, 2024 WL 1181001 (N.D. Cal. Mar. 18, 2024) ................................. 15

*Gilmore v. Safe Box Logistics, Inc.*, No. 21-CV-06917-TLT-RMI, 2023 WL 361081 (N.D. Cal.
   Jan. 23, 2023 ........................................................................................................................ 11

*Maplebear Inc. v. Uber Techs., Inc.*,
   No. 21-MC-80007-SK, 2021 WL 1845535 (N.D. Cal. Mar. 23, 2021) ......................... 5, 6, 9

*Nidec Corp. v. Victor Co. of Japan*,
   249 F.R.D. 575 (N.D. Cal. 2007) ..................................................................................... 6, 12

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
   No. 16-CV-236- DMR, 2019 WL 317597 (N.D. Cal. Jan. 24, 2019) .................................... 9

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*,
   No. 16-CV-236-WHO, 2019 WL 495600 (N.D. Cal. Feb. 8, 2019) ................................. 5, 9

*Sci. Applications & Rsch. Assocs. (SARA), Inc. v. Zipline Int'l, Inc.*,
   No. 22-CV-04480-JSC, 2024 WL 3925704 (N.D. Cal. Aug. 23, 2024) ....................... 6, 9, 11

*United States v. C.B.S., Inc.*,
   666 F.2d 364 (9th Cir. 1982) ................................................................................................. 6

**Rules**

Fed. R. Civ. P. 5(b)(2) .................................................................................................................. 5

Fed. R. Civ. P. 26 ...................................................................................................................... 5, 9

Fed. R. Civ. P. 45 ................................................................................................................ 5, 6, 14

## INTRODUCTION

This lawsuit involves the Avast Online Security & Privacy internet browser extension ("AOSP"). Plaintiffs allege Defendant Gen Digital uses AOSP to collect users' browsing data from every website they visit and then Defendant transmits the collected data to third-party advertisers. Gen Digital denies any such transfers occur, and Plaintiffs represent that the purpose of their subpoenas to non-parties is to identify whether those non-parties possess such data because "Plaintiffs have reason to believe that Defendant has provided incorrect, misleading, and incomplete information." Mot. at 1-2.

Adobe provides web analytics services to Gen Digital that allow Gen Digital to collect and analyze data from *its own* websites to better understand how its websites are being used and to improve visitors' experiences. These services do not involve AOSP and do not collect data from users' browsing on third-party websites. In response to their Subpoena, Adobe told Plaintiffs that it received no data from Gen Digital connected to AOSP and therefore has no information relevant to the lawsuit.

Entirely ignoring this, and Adobe's counsel's reiteration of it at a meet and confer, Plaintiffs immediately (within one business day) filed this Motion to Compel seeking production of "*all*" data and documents that Adobe has related in any way to Gen Digital. Setting aside that a subpoena to a non-party for "all" data provided by defendant to that non-party is both facially unenforceable and asks for data in the possession of the defendant, Plaintiffs have no basis to falsely assert that Adobe has anything that could be of any relevance to this matter in any event. As confirmed in the (truncated-by-Plaintiffs) meet and confer, Adobe's web analytics services to Gen Digital have nothing to do with AOSP and are limited to data collected for Gen Digital from its own websites by an Adobe tool, not data collection of web traffic with third-party sites allegedly collected by the Gen Digital AOSP tool. And, as also confirmed by Adobe in the abbreviated meet and confer, Gen Digital (*i.e.*, the defendant in this case) has access to all of the data it collects from its own websites using Adobe analytics tools, to the extent it were relevant to anything at all in this case. Adobe respectfully requests that the Court deny the Motion in its entirety.

# BACKGROUND

### A. Plaintiffs' Claims Concerning the AOSP Browser Extension.

This lawsuit concerns the Gen Digital AOSP browser extension, which Plaintiffs allege "tracks, acquires, and stores users' browsing activity along with cookies" from third-party advertising partners. Mot. at 2 (citing First Amended Complaint ("FAC") ¶¶ 6, 7, 80). Plaintiffs' class allegations make clear that the only interception and/or collection at issue in this case is "*via that [AOSP] extension*." FAC ¶ 185 (emphasis added). Plaintiffs allege that AOSP collects and shares data *from all websites* visited by Plaintiffs and the collected data allegedly "can recreate a user's entire web browsing history." FAC ¶ 41; *see id.* ¶ 229 (AOSP collects "data exchanged between Plaintiffs . . . and the websites . . . to which they navigate"). Plaintiffs further allege that "AOSP uses . . . third-party advertising cookies designed to transmit the intercepted, collected, and stored data on its servers to numerous third-party advertising partners." *Id.* ¶ 80. Adobe is not identified as a "third-party advertising partner" in the First Amended Complaint, and "Defendant disclaims any transmission whatsoever of [this] data" to any third parties, including Adobe. Mot. at 1.

### B. The Subpoena to Adobe.

Plaintiffs served Adobe with the Subpoena on July 12, 2024. Declaration of Claire Curwick ("Curwick Decl.") ¶ 2. The Subpoena's Requests for Production request data and documents which are not limited to AOSP or the lawsuit. Indeed, the Subpoena seeks basically *all* web browsing data[1] transmitted by Defendant[2] and *all* documents and communications related to such transferred data:

- Request No. 1: "ALL DATA YOU have received from AVAST other than web browsing information from the avast.com website." *Id.* Ex. A at 11.

---

[1] "Data" is defined as "ANY and ALL digitally stored and transmitted information generated by browsing websites other than the avast.com website and packaged together with YOUR COOKIES that you receive from AVAST." Curwick Decl. Ex. A at 5.

[2] Avast is defined to include its "successors in interest," which Adobe understands includes Defendant Gen Digital. *Id.* at 4.

- Request No. 2: "ALL DOCUMENTS and COMMUNICATIONS—including but not limited to DATABASES, DATA logs, datasets, and reports—RELATING TO DATA YOU have received from AVAST other than web browsing information from the avast.com website. *Id.*

- Request No. 3: "ALL DOCUMENTS sufficient to show YOUR representations to and agreements with AVAST RELATING TO YOUR receipt of DATA from AVAST other than web browsing information from the avast.com website." *Id.*

- Request No. 4: "ALL DOCUMENTS sufficient to show YOUR past and present policy(ies) or practice(s) RELATING TO YOUR use, retention, and/or destruction of DATA YOU have received from AVAST other than web browsing information from the avast.com website." *Id.*

- Request No. 5: "ALL DOCUMENTS sufficient to show YOUR purposes for YOUR COOKIES on AOSP users' browsers and receiving DATA from AVAST other than from the avast.com website." *Id.* at 12.

Plaintiffs agreed to extend Adobe's deadline to serve responses and objections to the Subpoena to August 16, 2024, and Adobe served its responses and objections to the Subpoena on that date. Declaration of David B. Schwartz ("Schwartz Decl.") ¶¶ 4-5. Adobe objected to each of the Requests in the Subpoena on a number of grounds, including, among others, that:

- They sought "(1) Data unconnected to AOSP, which is the only Avast product at issue in this case, and (2) Data from other Avast websites are not relevant to a party's claims or defenses or proportional to the needs of the case"; and

- They were "premature and unduly burdensome" to the extent they sought data or documents in the possession, custody, or control of Defendant because Plaintiffs can obtain the data or documents "directly from Defendant[] without unduly burdening Adobe, a nonparty in this case." Curwick Decl., Ex. D at 5-6 (objecting to Request No. 1); *see also id.* at 6-11.

Ultimately, Adobe responded to each of the Requests by stating that subject to its objections and based on current information, Adobe "received no Data from Avast connected to AOSP . . . and therefore has no materials responsive to this Request in its possession, custody, or control." *Id.* Ex. D at 6, 7, 9-11.

C. **The Meet and Confer.**

Seven days after Adobe served its objections and responses, Adobe's counsel participated in a meet and confer with Plaintiffs' counsel. Schwartz Decl. ¶ 6. At the meet and confer, Adobe's counsel explained that Adobe undertook a reasonable search and did not find any

1   relevant data or documents responsive to the Requests.  *Id.* ¶ 7.  Adobe's counsel reiterated
2   Adobe's statement from its objections and responses that based on current information, Adobe
3   received no Data from Avast connected to AOSP and therefore has no materials responsive to the
4   Requests.  *Id.* ¶ 8.
5       Additionally, Adobe's counsel explained that Adobe is a service provider to Gen Digital
6   and had been a service provider for certain Gen Digital predecessor companies other than Avast.
7   *Id.* ¶ 9.  Adobe provides web analytics services that utilize certain Adobe cookies that companies
8   like Gen Digital use to collect and analyze data from ***their own websites*** to better understand how
9   ***their own websites*** are being used in order to improve their visitors' experiences.  *Id.* ¶ 10.
10  Adobe's customers, like Gen Digital, control and configure the implementation of these services,
11  what data is collected, and how it is used and analyzed.  *Id.* ¶ 11.  All data on Adobe servers
12  collected in connection with these services are in the direct control of Adobe's customers,
13  including Gen Digital.  *Id.*  Adobe's counsel further explained that given Gen Digital's control
14  over any data on Adobe's servers collected in connection with Adobe services, Plaintiffs should
15  seek discovery of such data and related documents from Gen Digital directly rather than burdening
16  Adobe, a non-party.  *Id.* ¶ 12.
17      Nevertheless, Adobe's counsel offered to continue to work with Plaintiffs' counsel to
18  resolve any dispute over the Subpoena, including by considering any additional information that
19  Plaintiffs' could provide to better clarify why they believe data connected with AOSP was being
20  transferred to Adobe.  *Id.* ¶ 13.
21      **D.    Plaintiffs' Immediate Filing of the Motion.**
22      About an hour after the meet and confer, Plaintiffs emailed Adobe to provide additional
23  "information to assist Adobe in searching for information responsive to Plaintiffs' subpoena."
24  Curwick Decl. Ex. G at 2; *see* Schwartz Decl. ¶ 14.  The new information was Plaintiffs' counsel's
25  theory that "[o]n information and belief," "browsing data is packaged together with Adobe's
26  cookies and transmitted by [Gen Digital] to Adobe through server-to-server communication."
27  Curwick Decl., Ex. G at 2.  Plaintiffs' supposed support for this theory was that they had
28  identified "transmissions between AOSP users' devices ***and Gen Digital's and AOSP's servers***

- 4 -

and databases, " specifically, "the **urlite.ff.avast.com server receives Plaintiffs' data**, together with Adobe's cookies." *Id.* at 2-3 (emphasis added).

In the same email providing the additional information to Adobe—sent about an hour after the meet and confer— Plaintiffs informed Adobe it must either agree to stipulate to the Court's joint discovery letter process within the next three hours or they would file a motion to compel the next business day. *Id.* at 3. Adobe declined to sign the stipulation on three hours' notice. *Id.* at 1. Plaintiffs filed the Motion on August 26, 2024, one business day after the meet and confer.[3]

## LEGAL STANDARD

"Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena." *Maplebear Inc. v. Uber Techs., Inc.*, No. 21-MC-80007-SK, 2021 WL 1845535, at *1 (N.D. Cal. Mar. 23, 2021). Because Rule 45 incorporates the Rule 26 relevancy requirement, the Court must first consider whether the discovery sought is "relevant to any party's claim or defense" in the underlying litigation and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Maplebear*, 2021 WL 1845535, at *1. It is the movant's "burden to present a reasoned explanation why they [are] entitled to discovery under each specific [request for production] on which they move[] to compel." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*, No. 16-CV-236-WHO, 2019 WL 495600, at *2 (N.D. Cal. Feb. 8, 2019).

Next, the Court must assess any objections to the subpoena under the standards supplied by Rule 45, which "provides that the Court shall quash or modify a subpoena that imposes an undue burden." *Maplebear*, 2021 WL 1845535, at *1 (citing Fed. R. Civ. P. 45(d)(3)(A)(iii)). "A court must also limit discovery if it is unreasonably duplicative, if it can be obtained from a source that is more convenient or less burdensome, or if the burden of producing it outweighs its likely benefit." *Id.* (citing Fed. R. Civ. P. 26(b)(2)(C)). A party to the lawsuit is a more convenient source, and "[t]here is simply no reason to burden nonparties when the documents sought are in

---

[3] Plaintiffs improperly effectuated service of the Motion and the Court's subsequent Notice of Referral for Discovery on Adobe via email to counsel, despite Adobe never consenting to this method of service. *See* ECF Nos. 99, 103; Fed. R. Civ. Pro. 5(b)(2) (service may be effectuated via electronic means only if the party has consented in writing).

possession of the party defendant." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007).

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Maplebear*, 2021 WL 1845535, at *1 (citation omitted); *see also Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("[T]he word nonparty serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery.") This protection is in part because "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *United States v. C.B.S., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982). For this reason, "'[t]he information requested from a non-party should be narrowly drawn to meet specific needs for information.'" *Sci. Applications & Rsch. Assocs. (SARA), Inc. v. Zipline Int'l, Inc.*, No. 22-CV-04480-JSC, 2024 WL 3925704, at *3 (N.D. Cal. Aug. 23, 2024) (citation omitted).

Rule 45(d)(1) imposes an affirmative duty on the party or attorney serving the subpoena to "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "When a party fails to take reasonable steps to avoid undue burden to a subpoenaed non-party, Rule 45 requires that sanctions be imposed." *ASUS Computer Int'l v. Micron Tech. Inc.*, No. 14-CV-00275-JST-NC, 2014 WL 12625461, at *4 (N.D. Cal. Apr. 21, 2014).

## ARGUMENT

**I.     Adobe Does Not Have Any Information or Documents Relevant To This Lawsuit.**

Plaintiffs' Motion seeks to compel production of information and documents responsive to Plaintiffs' Requests in the Subpoena, but Adobe has no relevant data or documents to produce. This lawsuit concerns AOSP, which Plaintiffs allege "tracks, acquires, and stores users' browsing activity along with cookies from Adobe" and others. Mot. at 2 (citing FAC ¶¶ 6, 7, 80); *see* FAC ¶ 185 (the proposed classes are persons "who used a web browsers with the Avast Online Security & Privacy browser extension installed and who had their private data . . . intercepted and/or collected *via that extension*") (emphasis added). "Defendant disclaims any transmission

- 6 -

whatsoever of the data sought. " Mot. at 1.  Plaintiffs argue that the "primary question being addressed [by the Subpoena] is whether Defendant . . . transmits those cookies[] and associated browsing data" **collected by AOSP** to Adobe.  *Id.* at 2.  And Plaintiffs' entire argument in the Motion on why its Subpoena seeks relevant information is that the Subpoena purportedly seeks to determine whether Plaintiffs' "internet browsing data" **collected by AOSP** was sent by Defendant to third parties like Adobe.  *Id.* at 8.

In its responses and objections, at the meet and confer, and in a subsequent communication, Adobe has repeatedly stated that based on its investigation to date, "***it received no Data from Avast connected to AOSP . . . and therefore has no materials responsive to [the Subpoena].***"  Curwick Decl., Ex. D at 6, 7, 9-11 (emphasis added); *see* Schwartz Decl. ¶ 8; Curwick Decl., Ex. G at 1 ("Adobe is not aware of Gen Digital using its services in connection with AOSP and therefore has no materials responsive to your requests.").  This should be the end of the inquiry.  Plaintiffs' "primary question" has been answered by both Defendant and Adobe.  Adobe has no data or documents related to AOSP to produce.

But Plaintiffs have been unwilling to accept this answer.  Shortly after the meet and confer, Plaintiffs' counsel provided additional "information to assist Adobe in searching for information responsive to [the Subpoena]."  *Id.* at 2.  The new information was the theory that "on information and belief," "browsing data is packaged together with Adobe's cookies and transmitted by [Gen Digital] to Adobe through server-to-server communication."  *Id.*  Plaintiffs' only proffered support for this theory was their identification of transmission of Plaintiffs' data ***to Defendant*** ("transmission between AOSP users' devices ***and Gen Digital's and AOSP's servers*** and databases") and one of Defendant's servers in particular ("the ***urlite.ff.avast.com server receives Plaintiffs' data***, together with Adobe's cookies").  *Id.* at 2-3 (emphasis added).

Plaintiffs obviously did not provide Adobe sufficient time to evaluate this new information with their threats of filing a motion within hours, *see supra* at 5, but Plaintiffs' assertion that they think some form of data is transmitted from Plaintiffs to ***Defendant's servers*** does not provide any basis to disbelieve the fact that Adobe has not received data from Defendant connected to AOSP.  Adobe has no information or documents relevant to the lawsuit, so the Motion should be denied.

## II. The Subpoena Requests Are Overbroad And Seek Documents And Information That Are Irrelevant To Plaintiffs' Claims Or Defendant's Defenses.

Adobe has no relevant data or documents to produce because it received no data connected to AOSP. Nevertheless, through their Motion, Plaintiffs seek to compel production of *all* data and documents connected to Adobe's *unrelated* services to Gen Digital websites. Plaintiffs' Requests are overbroad and seek irrelevant materials. The Motion is properly denied.

Despite Adobe's repeated statements that it has received no data from Defendant related to AOSP, Plaintiffs wrongly assert that "Adobe's counsel further qualified Adobe's response" by "represent[ing] that Adobe receives data from Defendant Gen Digital, but not from Avast or the avast.com website." Mot. at 11. Adobe's counsel did not "qualify" Adobe's response. At the meet and confer and in a subsequent communication, Adobe's counsel reiterated that Adobe has received no data connected to AOSP. Schwartz Decl. ¶ 8; Curwick Decl., Ex. G at 1 ("Adobe is not aware of Gen Digital using its services in connection with AOSP and therefore has no materials responsive to your requests."). But in discussing its other objections, Adobe's counsel explained that "Adobe provides services to Gen Digital *unrelated to AOSP*." Curwick Decl., Ex. G at 1 (emphasis added); Schwartz Decl. ¶ 9. Those web analytics services, which involve the use of Adobe cookies *on Gen Digital-owned websites* (including potentially avast.com), result in data being transferred to Adobe, but as explained below, such data is irrelevant to the lawsuit. *See* Schwartz Decl. ¶ 10.

Plaintiffs' own Subpoena seems to implicitly acknowledge that data obtained from Defendant-owned websites is irrelevant to this case because the Requests specifically *exclude* data collected "from the avast.com website." *See* Curwick Decl., Ex. A at 11-12. But, rather than agreeing that this exclusion should also apply to any other Gen Digital-owned websites, Plaintiffs take the inexplicable position that any other Gen Digital website information was *within* the subpoena, *even if it had nothing to do with AOSP*. Indeed, based solely on the disclosure that Adobe provides unrelated services to Gen Digital websites, Plaintiffs seek expansive discovery of data and documents associated with those unrelated services that (1) do not involve AOSP and (2) collect data from Gen Digital-owned websites.

Specifically, Plaintiffs argue that "Adobe should be compelled to produce web browsing information from websites other than avast.com that Gen Digital transmits to it" because "Plaintiffs' subpoena's Request No. 1 explicitly seeks the data Adobe has admitted is within its possession, custody, or control: 'ALL DATA YOU have received from AVAST other than web browsing information from the avast.com website.'" Mot. at 11 (quoting *id.* Ex. B at 11). Plaintiffs also argue that (i) "Adobe should also be compelled to search for and produce information responsive to Plaintiffs' Requests No. 2, 4, and 5, which Adobe objected to on the basis that it does not receive the data," and (ii) "Adobe should be compelled to produce its data sharing agreements with Gen Digital," which are "responsive to Plaintiffs' subpoena request No. 3." Mot. at 11-12.

As described below, Adobe specifically objected to each of these Requests as overbroad and seeking irrelevant materials. In the Motion, Plaintiffs make no attempt to meet their burden to show that such documents and information are "relevant to any party's claim or defenses" and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see Maplebear*, 2021 WL 1845535, at *1. And contrary to their obligations, Plaintiffs made no attempt to serve only narrow requests on a non-party. *SARA, Inc.*, 2024 WL 3925704, at *5 ("'[t]he information requested from a non-party should be narrowly drawn to meet specific needs for information.'"). The Motion should be denied.

As an initial matter, Plaintiffs do not satisfy their burden to establish the relevance of each of their Requests individually. Instead, Plaintiffs improperly only discuss relevance and proportionality at a generalized level. *E.g.*, Mot. at 7 ("[T]he Subpoenas seek information that is plainly relevant to Plaintiffs' claim for invasion of privacy."). For this reason, the Court and Adobe are left "to guess at" the movant's "unstated relevance and proportionality arguments" for each category of documents requested. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-CV-236-DMR, 2019 WL 317597, at *3 (N.D. Cal. Jan. 24, 2019), *aff'd*, 2019 WL 495600, *2 (N.D. Cal. Feb. 8, 2019) (affirming magistrate judge's ruling because "it was defendants' burden to present a reasoned explanation why they were entitled to discovery under

each specific [request for production] on which they moved to compel"). This is basis enough to deny the Motion.

Even if the Court were to consider Plaintiffs' generalized discussion of relevance and proportionality, the Motion is properly denied. The Requests are facially overbroad seeking "ALL DATA" received from Gen Digital and "ALL DOCUMENTS AND COMMUNICATIONS" related to that data. Curwick Decl., Ex. A at 12. Adobe made specific objections that these Requests were overbroad and sought irrelevant information because: "(1) Data unconnected to AOSP, which is the only Avast product at issue in this case, and (2) Data from other Avast websites are not relevant to a party's claims or defenses or proportional to the needs of the case." Curwick Decl., Ex. D at 5-6 (objecting to Request No. 1).[4] But Plaintiffs' arguments on relevance—like much of the Motion—are focused on their discovery disputes with Defendant, not Adobe. Mot. at 7-8. As a result, Plaintiffs' arguments relate to Defendant's "assertions that they do not transmit user browsing data to third[] parties" using AOSP, and Plaintiffs fail to acknowledge, much less address, Adobe's specific objections that non-AOSP data and browsing data from Gen Digital's own websites are not and could not be relevant where the lawsuit is solely concerned with data collection **by AOSP**, *see supra* at 6-7, and Plaintiffs provide no argument or explanation for why data collected by Adobe's unrelated web analytics services could be relevant to the AOSP claims.

In addition, the data collection by AOSP at issue in the lawsuit is of users' browsing data on **third-party websites**—not websites owned by Defendant. *See*, *e.g.*, FAC ¶ 41 (alleging that the

---

[4] Adobe made similar objections to the other Requests. Curwick Decl., Ex. D at 7 (objecting to Request No. 2 because "(1) Data unconnected to AOSP, which is the only Avast product at issue in this case, and (2) Data from other Avast websites are not relevant to a party's claims or defenses or proportional to the needs of the case"); *id.* at 8 (objecting to Request No. 3 because "(1) Data unconnected to AOSP, which is the only Avast product at issue in this case, and (2) Data from other Avast websites are not relevant to a party's claims or defenses or proportional to the needs of the case."); *id.* at 9 (objecting to Request No. 4 because "(1) Data unconnected to AOSP, which is the only Avast product at issue in this case, (2) Data from other Avast websites, and (3) Adobe's policies and practices are not relevant to a party's claims or defenses or proportional to the needs of the case"); *id.* at 10 (objecting to Request No. 5 because "(1) cookies on AOSP users' browsers unconnected to AOSP, which is the only Avast product at issue in this case, (2) Data unconnected to AOSP, (3) Data from other Avast websites, and (4) Adobe's purposes are not relevant to a party's claims or defenses or proportional to the needs of the case").

1  supposed collected data "can recreate a user's entire web browsing history"); ¶ 229 (alleging
2  Defendant collected and shared "all data exchanged between Plaintiffs . . . and the websites . . . to
3  which they navigate").  Prior to filing the Motion, Plaintiffs were clear on this point.  Each of the
4  Requests specifically carves out from its scope "web browsing information from the avast.com
5  website," which is owned by Defendant.  Curwick Decl., Ex. A at 11-12.  And after the meet and
6  confer, Plaintiffs admitted that the only data sought by their Requests was "browsing data from
7  *third-party websites* sent to you by Gen Digital together with Adobe cookies."  *Id.*, Ex. G at 2
8  (emphasis added).  Plaintiffs again provide no arguments or explanation why they have now
9  about-faced from their own Subpoena and are asserting that browsing data from Gen Digital-
10 owned websites could be relevant to their claims.

11         Plaintiffs' stated theory that some unidentified data is transferred to Adobe through
12 "server-to-server communications," *see* Mot. at 11-12, *supra* at 7, cannot overcome Adobe's
13 objections or confer relevance on the sought after materials.  As an initial matter, it is entirely
14 unclear what the alleged mode of a hypothetical communication, *i.e.*, "server-to-server," has to do
15 with what actual data is communicated.  And Plaintiffs do nothing to explain this glaring logical
16 gap.  "'Relevance must be established with a concrete logical chain, as opposed to speculation,
17 guesswork or hopes and wishes as to what the documents or information *might* reveal.'"  *SARA,*
18 *Inc.*, 2024 WL 3925704, at *5 (quoting *Gilmore v. Safe Box Logistics, Inc.*, No. 21-CV-06917-
19 TLT-RMI, 2023 WL 361081, at *3 (N.D. Cal. Jan. 23, 2023)). Plaintiffs have not met this burden
20 when they have failed to address Adobe's objections or explain how theorized "server-to-server
21 communications" make unrelated data relevant.

22         Because Adobe's services to Gen Digital (1) do not involve AOSP and (2) collect data
23 from Gen Digital's own websites, these services and the documents and information related to
24 them sought by Plaintiffs simply have nothing to do with this lawsuit.  Adobe respectfully
25 requests that the Motion be denied.

26
27
28

**III.    The Subpoena Imposes Undue Burden on Adobe Because Any Responsive Information Can Be Obtained From Defendant.**

Even if the Court found that data and documents related to Adobe's services to Gen Digital regarding Gen Digital's own websites are relevant to Plaintiffs' claims regarding alleged data collection from browsing third-party websites by an unrelated tool (they are not), Plaintiffs' Motion is properly denied because any data collected using the Adobe services *are in the control of Defendant Gen Digital*. "There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant." *Nidec*, 249 F.R.D. at 577 (granting motion to quash non-party subpoena because "the vast majority of the discovery sought from [the non-party] is discovery obtainable from a source more direct, convenient, and less burdensome—namely, from Defendants."). Adobe is a service provider to Gen Digital, and Gen Digital has control over any data on Adobe's servers collected as part of those services or documents related to those services.

Plaintiffs argue that there are no absolute rules that discovery from parties must always come before discovery from non-parties. Mot. at 9-10. But the lack of an absolute rule does not mean parties are free to be cavalier about irrelevant non-party discovery. In most cases, including here, parties should "endeavor in the first instance to obtain this discovery from the defendant[] . . . before seeking documents . . . from Non-Parties." *In re enTrilogy, LLC*, No. 22-MC-80134-VKD, 2022 WL 3155412, at *4 (N.D. Cal. Aug. 8, 2022) (quashing subpoena where movant "has not shown that such discovery is unavailable from the defendants"). Plaintiffs have not done so. Rather than attempt to compel Defendant to produce the data and documents sought from Adobe, they instead have sought to ambush a non-party with a one-day comply-or-file threat.

Plaintiffs assert that discovery from non-parties may be appropriate where movant "make[s] 'a convincing showing that the subpoena is likely to yield unique and material evidence from the third party[.]" Mot. at 9-10 (citing *Nidec*, 249 F.R.D. at 577). To this end, Plaintiffs argue that "two of the Requests [(Nos. 4 and 5)] expressly seeks documents and information in the exclusive possession, custody, or control of the Non-Parties." Mot. at 9. Plaintiffs are mistaken.

First, Plaintiffs apparently concede that Request Nos. 1-3 do not seek documents and information uniquely in Adobe's possession, custody, or control, and the Motion as to those Requests should be denied.  Second, this is not a case where Adobe has "unique and material evidence," and Plaintiffs have wholly failed to make a "convincing showing" otherwise.  Adobe does not have even potentially more complete or better data than Gen Digital:  Gen Digital has control over the exact same data on Adobe's servers that Adobe would produce.  As to the two Requests relied on by Plaintiffs, neither seek relevant information,[5] but any responsive information can be obtained from Gen Digital.  Gen Digital controls the Adobe cookies it utilizes in connection with Adobe's services (and so can provide materials responsive to Request No. 5), and Gen Digital controls access to and directs Adobe's actions with any data collected (and so can provide materials responsive to Request No. 4).  Gen Digital, as the controller of Adobe's services, has control over any responsive materials.

Plaintiffs are also mistaken when they assert that the burden on Adobe would not be considerable.  Plaintiffs wrongly assert that the Requests "are reasonably tailored to capture only those documents that would tend to reflect or bear on Defendant's transfer of AOSP user data to each of the Non-Parties."  Mot. at 10.  But the Requests seeking "ALL DATA" received from Gen Digital and "ALL DOCUMENTS AND COMMUNICATIONS" related to that data are facially overbroad and would require Adobe to produce all data and documents related to its services to Gen Digital rather than any specific information connected to AOSP, which does not exist.  Curwick Decl., Ex. A at 11-12.  Indeed, when Adobe sought to exclude the facially irrelevant Gen Digital owned website information from the subpoena consistent with Plaintiffs' own exclusion of avast.com data, Plaintiffs *refused* and instead filed the Motion seeking its expansive discovery.

---

[5] In addition to the relevance objections discussed above, *see supra* at 8-11, Adobe objected to Request No. 4 because "Adobe's policies and practices are not relevant to a party's claims or defenses or proportional to the needs of the case," and Request No. 5 because "cookies on AOSP users' browsers unconnected to AOSP, which is the only Avast product at issue in this case . . . [and] Adobe's purposes are not relevant to a party's claims or defenses or proportional to the needs of the case."  Curwick Decl., Ex. D at 9-10.  As with Adobe's other relevance objections, Plaintiffs failed to address these objections in its Motion.

Contrary to Plaintiffs' assertions, Adobe possesses no unique or material evidence that cannot be obtained from Defendant and the burden on Adobe to produce the materials sought in the Subpoena would be significant. Therefore, Plaintiffs should pursue every avenue available to them to obtain this information from Defendant before burdening Adobe, a non-party to the lawsuit.

### IV.  Plaintiffs' Conduct is Sanctionable.

Plaintiffs' conduct in connection with their facially defective Subpoena and this frivolous and premature Motion are sanctionable. Adobe is not seeking sanctions at this time—it does not seek to prolong this dispute—but reserves the right to do so in the future, particularly if Plaintiffs continue to disregard their duties to non-parties.

Rule 45(d)(1) imposes an affirmative duty on the party or attorney serving the subpoena to "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Rule 45 "requires that sanctions be imposed" when a party "fails to take reasonable steps to avoid undue burden to a subpoenaed non-party." *ASUS*, 2014 WL 12625461, at *4. Plaintiffs' counsel has failed to perform their duty under Rule 45(d)(1).

As described above, the Subpoena is facially overbroad seeking "ALL DATA" received from Gen Digital and "ALL DOCUMENTS AND COMMUNICATIONS" related to that data. Curwick Decl., Ex. A at 11-12. Yet Plaintiffs have never offered to narrow the Subpoena in any respect.[6] And all data and documents sought in the Subpoena can be obtained from Defendant Gen Digital. *See supra* at 12-14. Likewise, Plaintiffs' Motion is utterly without merit. It fails even to attempt to justify the relevance or proportionality of the Subpoena's separate Requests for production. And the Motion wholly ignores Adobe's specific objections that the data and materials sought are not and could not be relevant because they (1) do not involve AOSP and (2) do not involve data collected from browsing third-party websites. The Court would therefore be justified in imposing the "appropriate sanction" of ordering Plaintiffs to pay Adobe's attorneys' fees related to responding to Plaintiffs' facially defective Subpoena and litigating this meritless

---

[6] Plaintiffs twice amended their Subpoena to Adobe to cure its defect in location for compliance, but did not narrow or otherwise alter their Requests.

1  Motion. *See Gamefam, Inc. v. WowWee Grp. Ltd.*, No. 23-MC-80310-SI, 2024 WL 1181001,
2  at *5 (N.D. Cal. Mar. 18, 2024) (awarding legal fees to non-party because "by, on a short time
3  frame, requesting documents from [non-party] that could have been, or were, requested from a
4  party to the [l]awsuit, [subpoenaing party] did not meet its burden of taking 'reasonable steps to
5  avoid imposing undue burden or expense'") (quoting Fed. R. Civ. P. 45(d)(1)); *Am. Int'l Life
6  Assurance Co. of N.Y. v. Vazquez*, No. 02-CV-141, 2003 WL 548736, at *3 (S.D.N.Y. Feb. 25,
7  2003) (awarding sanctions because "[t]he sweeping subpoena seeking '[a]ny and all records
8  pertaining to the [party]' was *prima facie* improper") (citation omitted).

## CONCLUSION

For the foregoing reasons, Adobe respectfully requests that the Court *deny* Plaintiffs' Motion to Compel and *quash* the Subpoena.

Dated:  September 6, 2024                ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Michael A. Berta*
Michael A. Berta (SBN 194650)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:       415.471-3100
Facsimile:        415.471.3400
michael.berta@arnoldporter.com

*Attorneys for Non-Party Respondent Adobe Inc.*