United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER KARWOWSKI, et al.,
Plaintiffs,
v.
GEN DIGITAL INC., et al.,
Defendants.

Case No. 22-cv-08981-RFL (SK)

**ORDER ON MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS**

Regarding Docket No. 97

Now before the Court is Plaintiffs' motion to compel compliance with subpoenas issued pursuant to Federal Rule of Civil Procedure 45 ("Rule 45") to non-parties Adobe, Inc. ("Adobe") and META Platforms Inc. ("Meta"). Plaintiffs move to compel compliance with subpoenas issued under Rule 45 to Adobe and Meta, both non-parties, to prove that Defendants Gen Digital Inc. and Jumpshot, Inc. ("Defendants") sent information about their browsing histories to Meta and Adobe. For the reasons below, the Court DENIES Plaintiffs' motion to compel compliance with the subpoenas.

**BACKGROUND**

As the District Court explained in the order addressing Defendants' motion to dismiss, Plaintiffs allege here that Defendants[1] marketed a browser extension, Avast Online Security & Privacy ("ASOP"), to Plaintiffs and other consumers "as a way to stop third parties from tracking and" collecting "their data, and to stop malicious code that might try to steal their data." (Dkt. No. 64.) However, Plaintiffs allege that "ASOP itself collected that same browsing data from users" and "then used the browsing data for its own financial benefit by transmitting it to third-party

[1] Gen Digital and a previous company, Avast, merged in 2022, and Gen Digital continues to sell software under the name "Avast." Avast dissolved Jumpshot, Inc. in 2020, but it remains a Defendant. (Dkt. No. 47.)

advertisers." (Dkt. No. 64.) Plaintiffs' claims remaining after the motion to dismiss are for invasion of privacy, intrusion upon seclusion, and unjust enrichment. (Dkt. Nos. 47, 64.)

Here, Plaintiffs seek information from Adobe and Meta to prove that Defendants sent data to them, because Defendants have maintained that they do not have any evidence showing that they transmitted data to third parties for advertisement and because Defendants failed to produce any documents showing such transmission.

**ANALYSIS**

Rule 45 governs discovery of nonparties by subpoena. The scope of the discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Rule 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and that is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A court must protect a nonparty subject to a subpoena if the subpoena "requires disclosure of privileged or other protected matter" or the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). A court must also limit discovery if it is unreasonably duplicative, if it can be obtained from a source that is more convenient or less burdensome, or if the burden of producing it outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). Rule 45 also provides that the Court shall quash or modify a subpoena that imposes an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii). "The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (citation omitted).

**A. Adobe.**

Adobe claims that it does not have relevant data and that the subpoena, to the extent that it seeks data not related to the sole issue in the case, is overly broad and burdensome because it is not relevant. The subpoena to Adobe contains the following requests:

Request No. 1: "ALL DATA YOU have received from AVAST other than web browsing information from the avast.com website." (Dkt. No. 97-1, Ex. A.) "Data" is defined as "ANY and ALL digitally stored and transmitted information generated by browsing websites other than the avast.com website and packaged together with YOUR COOKIES that you receive from AVAST." (*Id.*)

Request No. 2: "ALL DOCUMENTS and COMMUNICATIONS – including but not limited to DATABASES, DATA logs, datasets, and reports – RELATING TO DATA YOU have received from AVAST other than web browsing information from the avast.com website. (*Id.*)

Request No. 3: "ALL DOCUMENTS sufficient to show YOUR representations to and agreements with AVAST RELATING TO YOUR receipt of DATA from AVAST other than web browsing information from the avast.com website." (*Id.*)

Request No. 4: "ALL DOCUMENTS sufficient to show YOUR past and present policy(ies) or practice(s) RELATING TO YOUR use, retention, and/or destruction of DATA YOU have received from AVAST other than web browsing information from the avast.com website." (*Id.*)

Request No. 5: "ALL DOCUMENTS sufficient to show YOUR purposes for YOUR COOKIES on AOSP users' browsers and receiving DATA from AVAST other than from the avast.com website." (*Id.*)

Adobe explains that it is not an advertiser but rather a seller of services to Defendants and thus has no internet browsing data collected by AOSP. Instead, Adobe provides services for web analytics that utilize Adobe's cookies to collect and analyze data from Defendants' own websites to understand how Defendants' websites are used so that Defendants can improve their own services. (Dkt. No. 111-1.) Given the nature of the services, any information from Adobe responsive to the subpoena is irrelevant to the litigation. Plaintiffs provide no information to show

that Adobe received data about Plaintiffs' browsing history.

**B. Meta.**

Meta makes a slightly different argument. Meta argues mainly that Plaintiffs' request to them is improper both because Plaintiffs should make this request to Defendants instead of to a third party like Meta and that Plaintiffs failed to provide them with sufficient information to allow Meta to search for responsive documents. Finally, Meta argues that Plaintiffs did not deal with them in good faith because Plaintiffs waited 18 months to serve the subpoena and told Meta, in the first attempt to meet and confer about Meta's objections, that Meta had only three days before Plaintiffs would file a motion to compel.

The subpoena issues requests to Meta are similar to the requests to Adobe:

Demand No. 1: ALL DATA [Meta has] received from AVAST other than web browsing information from the avast.com website. (Dkt. No, 97-1.) The subpoena defines "DATA" as "ANY and ALL digitally stored and transmitted information generated by browsing websites other than the avast.com website and packaged together with YOUR COOKIES that you receive from AVAST."

Demand No. 2: ALL DOCUMENTS and COMMUNICATIONS— including but not limited to DATABASES, DATA logs, datasets, and reports—RELATING TO DATA [Meta has] received from AVAST other than web browsing information from the avast.com website. (*Id.*)

Demand No. 3: ALL DOCUMENTS sufficient to show [Meta's] representations to and agreements with AVAST RELATING TO [Meta's] receipt of DATA from AVAST other than web browsing information from the avast.com website. (*Id.*)

Demand No. 4: ALL DOCUMENTS sufficient to show [Meta's] past and present policy(ies) and practice(s) RELATING TO [Meta's] use, retention, and/or destruction of DATA [Meta has] received from AV s] use, retention, and/or destruction of DATA [Meta has] received from AVAST other than web browsing information from the avast.com website. (*Id.*)

Meta argues that it should not be forced to respond to the subpoena because Plaintiffs should seek the relevant evidence from Defendants, not a third party like Meta. Rule 26 does provide that a court must limit discovery if, among other things, "the discovery sought is

United States District Court
Northern District of California

unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Here, Plaintiffs imply that Defendants are not truthful in claiming that they have no responsive evidence and, thus, that Plaintiffs are forced to search for relevant evidence from third parties. It is understandable that Plaintiffs might want to "kick the tires" to make sure that Defendants' representations are truthful, but even if it were true that Defendants are falsely withholding relevant data, Plaintiffs fail to show how Meta would be a likely recipient of such data. Tellingly, Plaintiffs' motion to compel mentions nothing about Meta and instead only complains that Defendants are disingenuous in arguing that there is no evidence to show that they transmitted Plaintiffs' browsing history to third parties. (Dkt. No. 97.) Given this failure to show any involvement by Meta, forcing Meta to respond to this subpoena makes no sense. And balanced against Plaintiffs' desire to search Meta's files for evidence is the burden on Meta. Meta claims that Plaintiffs failed to provide it with sufficient information even to allow Meta to conduct a meaningful search. Meta claims that, in order to provide a meaningful search, Meta "needs to understand which Business Tool may have transmitted the particular data and the dataset ID, such as a Pixel ID or Apple ID." (Dkt. Nos. 109-2, 111). Because Plaintiffs have not provided this additional data, Meta says that it cannot search.

Finally, Meta points to the shortened time frame in which it was allowed to search. Meta was involved in a process of meeting and conferring with Plaintiffs to attempt a search for responsive documents. The timeline shows that Meta was given a very short amount of time to meet and confer before Plaintiffs filed this motion. This factor alone does not overcome Plaintiffs' need for evidence, but coupled with the factors listed above, justifies the denial of Plaintiffs' motion to compel.

/ / /

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

**CONCLUSION**

For all these reasons, the Court DENIES Plaintiffs' motion to compel compliance with subpoenas issued to Adobe and Meta.

**IT IS SO ORDERED**.

Dated: September 27, 2024

SALLIE KIM
United States Magistrate Judge