Ekwan E. Rhow - State Bar No. 174604
erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
mmasters@birdmarella.com
Christopher Jumin Lee - State Bar No. 322140
clee@birdmarella.com
BIRD, MARELLA, RHOW, LINCENBERG. DROOKS. & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Jonathan M. Rotter - State Bar No. 234137
jrotter@glancylaw.com
David J. Stone - State Bar No. 208961
dstone@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
Email: info@glancylaw.com

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
Amanda K. Klevorn (admitted *pro hac vice*)
aklevorn@burnscharest.com
Claire E. Bosarge (admitted *pro hac vice*)
cbosarge@burnscharest.com
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, Louisiana 70130
Telephone: (504) 799-2845

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

CHRISTOPHER KARWOWSKI, MELODY KLEIN, MICHAEL MCBRIDE, and AIMEN HALIM, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

GEN DIGITAL INC. a corporation.

Defendants.

CASE NO. 3:22-cv-08981-RFL

**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (FED. R. CIV. P. 72(A); L.R. 72-2)**

Judge: Hon. Rita F. Lin
Date: October 1, 2024
Time: 10:00 am

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2, Plaintiffs Christopher Karwowski, Melody Klein, Michael McBride, and Aimen Halim respectfully move this Court for relief from the Non-dispositive Pretrial Order of Magistrate Judge Sallie Kim on Plaintiffs' Motion to Compel Compliance with Subpoenas. ECF No. 120 (the "Order").

This motion is made on the grounds that (1) the Magistrate's factual determinations set forth in Order are clearly erroneous as to META Platforms Inc. and Adobe, Inc.; and (2) the Magistrate Judge's legal determinations are contrary to controlling legal precedent.

The Motion is based upon this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, the underlying Motion to Compel and supporting declarations and exhibits, all of the papers on file in this action, and upon such other and further evidence or argument that the Court may consider.

DATED: October 11, 2024

Ekwan E. Rhow
Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLP

By: */s/ Ekwan E. Rhow*
Ekwan E. Rhow
Attorneys for Movants Grace Lau, Christopher Karwowski, Melody Klein, Michael McBride, and Aimen Halim

DATED: October 11, 2024

Jonathan M. Rotter
David J. Stone
GLANCY PRONGAY & MURRAY LLP

By: */s/ Jonathan M. Rotter*
Jonathan M. Rotter
Attorneys for Plaintiffs

DATED: October 11, 2024

Korey A. Nelson
Amanda K. Klevorn
Claire Bosarge Curwick
Logan B. Fontenot
BURNS CHAREST LLP

By: */s/ Korey A. Nelson*
Korey A. Nelson
Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Christopher Karwowski, Melody Klein, Michael McBride, and Aimen Halim respectfully submit this memorandum in support of their Motion for Relief from Non-dispositive Pretrial Order on Plaintiffs' Motion to Compel Compliance with Subpoenas against Adobe, Inc. and META Platforms Inc. ECF No. 120 (the "Order"). Plaintiffs therefore ask the Court to enforce the Subpoenas.

## I. FACTUAL BACKGROUND

In its prior Order on Defendant Gen Digital Inc.'s Motion to Dismiss, this Court held that Plaintiffs' First Amended Complaint "plausibly alleges an intrusion based on the defendants' access to the plaintiffs' extensive private browsing data, which the plaintiffs would not have provided had they known that the defendants would allegedly store and share the data in contravention of their reasonable expectations." ECF No. 64 at 6. This Court thus directed the parties to focus their discovery on the theory that Defendant sent data and cookies collected by its AOSP Program to third parties. ECF No. 80 at 3-4. The primary question to be addressed in discovery is whether Defendant transmits cookies, with associated browsing data, to third parties.

Plaintiffs served subpoenas on certain third parties, including Adobe and Meta, to address that question. These Subpoenas were very limited, with only five narrowly tailored requests aimed at answering that exact question. The Subpoenas focus on Defendant's transmission of AOSP data to third parties, including the nature of those transmissions, the terms and conditions under which Defendant provided such information, and compensation to Defendant.

In ruling on the Motion to Compel Compliance with the Subpoenas, Magistrate Judge Kim erroneously held that the information sought from the third parties, which was tailored to Defendant's transmissions of AOSP data, was somehow not relevant to the primary question in this dispute. The Order does not state that Adobe and Meta complied with the Subpoenas. Rather, it holds that the Subpoenas should not be enforced.

## II. LEGAL STANDARD

Under FRCP 72(b)(2), and LR 72-2, Plaintiffs may serve and file objections to the proposed findings and recommendations of a magistrate judge within 14 days. Pretrial orders of a magistrate judge "are reviewable under the 'clearly erroneous and contrary to law' standard." *Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); *see also* Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A). "A ruling is clearly erroneous if the reviewing court, after considering the evidence, is left with the 'definite and firm conviction that a mistake has been committed.'" *Global Plasma Solutions, Inc. v. IEE Indoor Env't Eng'g*, No. 21-cv-02884-JSW, 2022 WL 16773475, at *1 (N.D. Cal. June 6, 2022) (internal citations omitted). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Aavid Thermalloy LLC v. Cooler Master Co., Ltd.*, No.17-cv-05363-JSW, 2018 WL 11348437, at *2 (N.D. Cal. July 18, 2018) (internal citations omitted).

## III. SPECIFIC OBJECTIONS TO PORTIONS OF THE ORDER

### A. Clearly Erroneous Factual and Legal Determinations Regarding Meta

Two of Judge Kim's factual findings and legal determinations as to Meta are clearly erroneous. The Order states that "Plaintiffs' motion to compel mentions nothing about Meta[.] . . . Given this failure to show any involvement by Meta, forcing Meta to respond to this subpoena makes no sense." ECF No. 120 at 5. This statement is clearly erroneous. The Motion to Compel and the supporting Atif Hashmi Declaration clearly and specifically identify ***Meta*** cookies installed by Defendant's servers when a device that has the AOSP browser extension installed on it accesses https://www.avast.com, and such cookies can be sent together with browsing data for analytics and other purposes, including advertising. ECF Nos. 97 at 2-5; 97-2 at ¶¶ 7, 11.

Judge Kim further stated that "[t]he timeline shows that Meta was given a very short amount of time to meet and confer before Plaintiffs filed this motion." This factual finding is clearly erroneous. After Plaintiffs granted Meta's request for an extension of time to respond from the original compliance date of July 29, 2024, Meta served its

objections on August 12, 2024. ECF 97-1 at ¶¶ 2-4. Plaintiffs sent a meet and confer request on August 16, 2024, proposing three dates. Meta was not available until the latest date, August 21, 2024. After the telephonic meeting on August 21, 2024, Plaintiffs continued to confer with Meta via email on August 22, 23, 25, and 26, 2024. ECF 97-1, Ex. E. To provide more time to meet and confer, Plaintiffs even offered to stipulate to engage in the Court's discovery letter briefing process on August 23, 2024, which Meta declined on August 26, 2024. ECF 97-1, Ex. F at 1. During this time, Meta confirmed that it would ***not*** conduct a search. ECF No. 97-1, Ex. E. Plaintiffs and Meta ultimately reached an impasse, necessitating the filing of the Motion to Compel. *Id.* That is not "a very short amount of time to meet and confer," and Meta specifically declined to avail itself of the additional time that would have been afforded by the Court's joint discovery letter process. *See Tucker v. AMCO Ins. Co.*, No. 1:17-cv-01761-DAD-SKO, 2019 WL 3767579, at *5 (E.D. Cal. Aug. 9, 2019) ("the Court will not deny the motion based on Plaintiff's contention that Defendant failed to engage in the meet-and-confer process prior to filing the motion").

### B. Clearly Erroneous Factual and Legal Determinations Regarding Adobe

The ruling's factual and legal findings as to Adobe are likewise clearly erroneous and contrary to law. For example, solely on the basis of the Schwartz Decl. in support of Adobe's Opposition, Judge Kim found that "Adobe provides services for web analytics that utilize Adobe's cookies to collect and analyze data from Defendants' own websites to understand how Defendants' websites are used so that Defendants can improve their own services. (Dkt. No. 111-1.) Given the nature of the services, any information from Adobe responsive to the subpoena is irrelevant to the litigation." ECF 120 at 3.

This finding is clearly erroneous. First, Mr. Schwartz failed to establish foundation for any of his statements. He is Adobe's outside counsel and does not have firsthand knowledge of the technical facts of Adobe's provision of services to Defendant. Conclusory denials without foundation from outside counsel are insufficient. *See Zetz v. Boston Scientific Corp.*, 1:19-cv-00451-AWI-SAB, 2022 WL 605356, at *7 n.5

(disregarding "conclusory legal statements in Counsel's declaration"). Second, again without any foundation, Mr. Schwartz states that Adobe "provides services to Gen Digital unrelated to AOSP." ECF No. 111-1 at ¶ 9. Critically, however, he does not state that Adobe ***only*** provides such services unrelated to AOSP. *Id.* Nor does he state that Adobe does not receive any data related to AOSP. *Id.* In fact, as the evidence Plaintiffs provided to Judge Kim shows, Adobe does provide web analytics services that are apparently directly related to AOSP – given that AOSP embeds Adobe's cookies within Plaintiffs' network traffics sent to the AOSP server. ECF No. 97-2 at ¶¶ 9-11. Third, Mr. Schwartz incorrectly presumes that web analytics services and advertising services are mutually exclusive when they are not. Adobe had about a month from service of the Subpoena, and this erroneous declaration, which lacks foundation, was its sole response. That is telling.

Judge Kim's finding that responsive information from Adobe would be irrelevant is also contrary to law. Adobe's outside counsel's unfounded description of the services Adobe provides is insufficient to make that determination. Moreover, the Order does not make any findings as to the relevance of the information sought, and Judge Kim did not provide Plaintiffs the opportunity to respond to Adobe's description. ECF No. 102. Had Plaintiffs been given the opportunity, they would have sought to clarify the overlapping relationship of analytical and advertising purposes in the industry, and would have challenged Adobe's artificial distinction between the two. Judge Kim simply accepted the Schwartz Decl. on its face and declined to enforce the Subpoena on that basis. This was improper where Plaintiffs have made a showing that "completeness . . . is more likely to be achieved" by "allowing for discovery from . . . the non-party." *Software Rights Archive, LLC v. Google Inc.*, No. 09–017–JJF, 2009 WL 1438249 at *2 (D. Del. May 21, 2009).

Adobe makes a conclusory representation that it conducted a reasonable search for responsive documents but neither its Opposition nor the Schwartz Declaration describe what that search supposedly entailed. ECF Nos. 111; 111-1. Adobe took a very narrow view of what could be understood as relevant information, which necessarily limited Adobe's understanding of what constitutes a "reasonable" search. In its objections, Adobe

stated that it "received no Data from Avast connected to AOSP." ECF No. 97-1, Ex. D at 6, 9, 11. Adobe has relied on this "connected to AOSP" language in an attempt to distance itself from Gen Digital's transmissions. Rather than denying that Adobe receives browsing data and cookies from Gen Digital, which would have been easy enough if true, Adobe instead states that it did not understand such data to be "connected to AOSP." ECF No. 97-1, Ex. D at 6, 9, 11. Regardless of whether Adobe realized that the data Gen Digital was sending was connected to AOSP or not, Plaintiffs are entitled to examine what non-Avast.com browsing data Adobe received from Defendant to address the primary question in this litigation: whether Defendant transmits Plaintiffs' browsing data to third parties.

The Order further stated that "Plaintiffs provide no information to show that Adobe received data about Plaintiffs' browsing history." ECF No. 120 at 3-4. This factual finding ignored the posture of the case and status of discovery. If Plaintiffs had otherwise been given opportunity to explore Defendant's transmission of AOSP data to third parties through Defendant or otherwise, Plaintiffs would be better equipped to present information and evidence of what Defendant actually sent and what Adobe actually received. Unsatisfied by Plaintiffs' expert declarations presenting evidence that Defendant collects, stores and processes Plaintiffs' browsing data, that Plaintiffs and their expert(s) have identified Adobe's cookies in the network traffic from Plaintiffs' devices to Defendant's servers, and that Defendant sends and Adobe receives data from Defendant's AOSP servers, *see* ECF No. 97-2 at ¶¶ 7-11, Plaintiffs were instead required to present additional evidence of specific wrongdoing in order to justify their valid discovery requests for Defendant's transmissions to Adobe. That puts the cart before the horse and requires proof of a claim before discovery. Plaintiffs were and are entitled to investigate circumstances that have a tendency to make the fact that Defendant invaded Plaintiffs' reasonable expectation of privacy and intruded upon seclusion "more or less probable than it would be without the evidence." Fed. R. Evid. 401. The determination of the action hinges on proving that Plaintiffs' data was indeed transmitted by Defendant, and on testing Defendant's defenses to that claim. Plaintiffs should be given the chance to do just that.

## IV. CONCLUSION

For the foregoing reasons, this Motion for Relief from Non-dispositive Pretrial Order should be granted in full and Meta and Adobe should be ordered to comply with the Subpoenas.

DATED: October 11, 2024

Ekwan E. Rhow
Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLP

By: */s/ Ekwan E. Rhow*
Ekwan E. Rhow
Attorneys for Movants Grace Lau, Christopher Karwowski, Melody Klein, Michael McBride, and Aimen Halim

DATED: October 11, 2024

Jonathan M. Rotter
David J. Stone
GLANCY PRONGAY & MURRAY LLP

By: */s/ Jonathan M. Rotter*
Jonathan M. Rotter
Attorneys for Plaintiffs

DATED: October 11, 2024

Korey A. Nelson
Amanda K. Klevorn
Claire Bosarge Curwick
Logan B. Fontenot
BURNS CHAREST LLP

By: */s/ Korey A. Nelson*
Korey A. Nelson
Attorneys for Plaintiffs