LATHAM & WATKINS LLP
Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Serrin Turner (*pro hac vice*)
*serrin.turner@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendant Gen Digital Inc.*

*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

CHRISTOPHER KARWOWSKI, MELODY KLEIN, MICHAEL MCBRIDE, and AIMEN HALIM, individually and on behalf of all others similarly situated;

Plaintiffs,

v.

GEN DIGITAL INC.,

Defendant.

CASE NO. 3:22-cv-08981-RFL

**DEFENDANT GEN DIGITAL'S AND PLAINTIFFS' JOINT DISCOVERY LETTER RE: GEN DIGITAL'S REQUEST FOR COOKIE DATA OR AN ADVERSE INFERENCE**

**Judge:** Hon. Rita F. Lin
**Magistrate Judge:** Hon. Sallie Kim

Defendant Gen Digital Inc. ("Defendant") and Plaintiffs Christopher Karwowski, Melody Klein, Michael McBride, and Aimen Halim (collectively, "Plaintiffs") (together with Defendant, "the Parties") hereby submit this joint discovery letter setting forth their respective positions with respect to Defendants' Interrogatory Nos. 6 and 7 and Request for the Production of Documents No. 4 concerning cookies installed on Plaintiffs' browsers.

Gen Digital files this letter brief to inform the Court that, as of October 14, 2024, Plaintiffs have not completed their production of records responsive to these outstanding discovery requests. The Parties met and conferred telephonically on June 17, 2024, July 23, 2024, and September 11, 2024, wherein Gen Digital requested updates regarding Plaintiffs' production of records responsive to the outstanding discovery requests. At the July 23, 2024, and September 11, 2024 meet and confers, Plaintiffs confirmed that they intended to produce the requested records. On October 4, 2024, the parties met and conferred telephonically, and Gen Digital requested a date by which Plaintiffs would produce records responsive to the outstanding document requests. Plaintiffs did not provide this date. On October 8, 2024 and October 10, 2024, Gen Digital informed Plaintiffs that it would seek court intervention if Plaintiffs could not produce documents responsive to Interrogatories No. 6 and 7 and RFP No. 4 by October 11, 2024. On October 11, 2024, Plaintiffs produced the requested records for one Plaintiff, but did not produce any records for the remaining three Plaintiffs and were unable to provide a date certain as to when those records would be available. As Plaintiffs have not committed to producing the requested documents by a certain date, the Parties have reached an impasse. The Parties' respective positions are set forth below.

The Parties have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery before filing this joint letter brief. The close of fact discovery related to summary judgment was October 7, 2024.

Dated: October 14, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ *Serrin Turner*

Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Serrin Turner (*pro hac vice*)
*serrin.turner@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendants Gen Digital Inc.*

Dated: October 14, 2023

GLANCY PRONGAY & MURRAY LLP

By /s/ *Jonathan Rotter*

Jonathan Rotter (#234137)
*jrotter@glancylaw.com*
David Stone (#208961)
*dstone@glancylaw.com*
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

Ekwan E. Rhow - State Bar No. 174604
*erhow@birdmarella.com*
Marc E. Masters - State Bar No. 208375
*mmasters@birdmarella.com*
Christopher Jumin Lee - State Bar No. 322140
*clee@birdmarella.com*
BIRD, MARELLA, RHOW, LINCENBERG,
DROOKS & NESSIM, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100

Facsimile: (310) 201-2110

Korey A. Nelson (admitted pro hac vice)
*knelson@burnscharest.com*
Amanda K. Klevorn (admitted pro hac vice)
*aklevorn@burnscharest.com*
Claire E. Bosarge (admitted pro hac vice)
*cbosarge@burnscharest.com*
Logan B. Fontenot (admitted pro hac vice)
*lfontenot@burnscharest.com*
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845

*Attorneys for Plaintiffs*

**DEFENDANT'S POSITION**

In contrast to the overbroad discovery that Plaintiffs have sought throughout this case, Gen Digital has kept its discovery requests to Plaintiffs narrowly focused—and still Plaintiffs have failed to comply. Plaintiffs' liability theory is that the browser extension at issue in this case—AOSP—has collected certain cookies (the "Subject Cookies") from Plaintiffs' browsers and used them for targeted advertising purposes. Gen Digital asked Plaintiffs to produce records showing that the Subject Cookies are actually installed on their browsers. If they are not, it would show that Plaintiffs lack standing. Gen Digital requested this information over five months ago and has requested a status update on the production of this information at every meet-and-confer since. Despite assurances from Plaintiffs over the past three months that they were in the process of collecting these materials, only materials for one of the four named Plaintiffs has been produced. No information has been produced for the other Plaintiffs, and Plaintiffs continue to make excuses for the delay without providing a date certain by which production will be made. Up to now, Gen Digital has relied on Plaintiffs' repeated assurances and sought to avoid burdening the Court on an issue that did not seem to be in dispute. However, as this is the last day to move for discovery relief, Gen Digital has no choice but to seek intervention from the Court. Gen Digital requests that the Court order that Plaintiffs produce the requested records within 10 days, with a warning that otherwise an adverse inference shall be imposed that the records do not exist.

**I. BACKGROUND**

Gen Digital served its first set of discovery requests and interrogatories on May 11, 2024, which included two interrogatories and one request for the production of documents ("RFP") asking for evidence of whether any of the Subject Cookies were installed on Plaintiffs' browsers:

> **INTERROGATORY NO. 6:** Describe in Detail any of the Subject Cookies that are currently installed on any of Your Browsers, including for each cookie: the filename of the cookie; the name and domain associated with the cookie; the value or content of the cookie (including any "Device ID" or other identifier it contains); and the creation date of the cookie.
>
> **INTERROGATORY NO. 7:** For each of the Subject Cookies identified in response to Interrogatory No. 1, identify any forensic evidence from Your Device(s) that You contend indicates the cookie was installed by AOSP.

> **REQUEST FOR PRODUCTION NO. 4:** Copies of any of the Subject Cookies installed on Your Devices, produced in native format, including metadata showing the creation date of each file.

In their June 11, 2024, responses and objections, Plaintiffs stated they were willing to meet and confer concerning each of these requests.

On the parties' June 17, 2024, meet-and-confer, Plaintiffs sought clarification on what specific information Gen Digital sought—e.g., whether the requests sought just the "cookie text" or something else. With respect to Interrogatories No. 6 and 7, Gen Digital explained that it was seeking the name, domain, and date of installation of the cookies on Plaintiffs' browsers. Gen Digital directed Plaintiffs to where this information would be located and noted that, although it would be helpful to receive any forensic evidence depicting which website installed the subject cookies, the information sought by Interrogatory No. 7 would likely be covered by the production made in response to Interrogatory No. 6. With respect to RFP No. 4, Gen Digital explained that production would entail actual copies of the cookie text files and that this information should be stored by Plaintiffs' web browsers in designated system folders on the users' devices. Gen Digital also explained that if the easiest way to respond to Interrogatories No. 6 and 7 were to produce the documents requested in RFP No. 4, Gen Digital would be willing to forego separate interrogatory responses. Plaintiffs stated that this context was helpful and agreed to look into the issue.

On the parties' July 23, 2024, meet-and-confer, Gen Digital noted that it was still awaiting information regarding the cookie data stored on Plaintiffs' devices. Plaintiffs responded that they were in the process of gathering documentation responsive to the requests.

On the parties' September 11, 2024 meet-and-confer, Gen Digital again requested a status update on the outstanding discovery requests. Plaintiffs responded that there was "ongoing work" to obtain the documents and that they would follow up with the relevant individuals.

On the parties' October 4, 2024, meet and confer, held three days before the close of fact discovery, Gen Digital noted that it had been months since Plaintiffs agreed to produce the requested information and that it would be forced to seek relief from the Court if Plaintiffs did not make the production soon. Plaintiffs' counsel stated—for the first time—that they "believe" they

had materials "as to the majority of Plaintiffs" but not all, given "data imaging" issues, "health issues," and other purported obstacles. Plaintiffs' counsel could not provide a date on which they planned to produce the documents, but the attorney on the call noted she would "talk to the team."

Having received no update from Plaintiffs, on October 8, 2024, Gen Digital requested a status update on the outstanding discovery requests, noting that Gen Digital would be forced to seek court intervention if Plaintiffs could not produce documents responsive to RFP No. 4 and Interrogatories No. 6 and 7 by October 11, 2024. Plaintiffs did not respond. Gen Digital emailed two days later, on October 10, emphasizing that it would be forced to move for relief if Plaintiffs continued to be non-responsive. Plaintiffs responded that "a motion should not be necessary" and that they planned to produce the requested information "ASAP." On October 11, Plaintiffs produced certain of the requested records for one named plaintiff, Michael McBride. Notably, the records produced for McBride only include a small number of cookies, all but one of which were created *in the past several months*—indicating that McBride either did not have these cookies on his device at the time of bringing suit or failed to preserve evidence of the same. As to the other three Plaintiffs, Plaintiffs merely stated that they "have not yet been able to complete the process" of collecting the requested information, citing "technical issues with the ChromeOS operating system" for Plaintiff Karwowski, and providing no elaboration as to the other two Plaintiffs. Plaintiffs did not provide any indication as to when the requested materials for the remaining Plaintiffs would be produced.

## II. ARGUMENT

The crux of Plaintiffs' entire case is cookie data, which they allege Gen Digital collected from their devices. Yet Plaintiffs have failed to provide any documents demonstrating that the Subject Cookies actually exist on their devices for three of the four Plaintiffs. Plaintiffs' counsel should have looked for these artifacts on their clients' devices before filing their complaint. But they certainly have had sufficient time to retrieve them since Gen Digital requested them months ago. And Gen Digital now needs to know whether this evidence exists as it prepares to move for summary judgment in early November.

Rule 37 allows a party to move to compel a response where the opposing party has failed

to answer an interrogatory or produce requested records. Fed. R. Civ. P. 37(a)(3)(B). The rule also permits a court to impose sanctions for failing to comply with a court order compelling production of information, including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claim." Fed. R. Civ. P. 37(b)(2)(A)(i). Given Plaintiffs' failure to produce all the requested information, despite promising to do so for months, the Court should order Plaintiffs to make the outstanding productions within 10 days. The Court's order should further provide that, if Plaintiffs fail to do so, the fact that the Subject Cookies do not exist on the corresponding Plaintiffs' computers shall be taken as established for purposes of the action. *See, e.g.*, *Granite Payments, LLC v. 1Point Merch. Sols., Inc.*, 2019 WL 4013636, *4 (E.D. Cal. 2019) (ordering responses to outstanding discovery requests within 10 days and ordering party to show cause why evidentiary sanctions should not be imposed); *Bradford v. Davis*, 2013 WL 6047810, *2 (E.D. Cal. 2013) (ordering plaintiff to produce requested documents within 14 days and warning that failure to do so will result in sanctions, potentially including evidentiary sanctions); *see generally Alexander v. S.C. State Conf. of the NAACP*, 602 U.S. 1, 36 (2024) (citing "the venerable rule that a factfinder may draw an adverse inference when a party fails to produce highly probative evidence that it could readily obtain if in fact such evidence exists

**PLAINTIFFS' POSITION**

Defendant's request that Plaintiffs should be ordered to produce responsive cookie data is premature and should be denied. And Defendant's requested remedies are unwarranted under the facts and applicable law.

Defendant and Plaintiffs are not at an impasse, and an order compelling production would be improper here because Plaintiffs are endeavoring to produce more responsive cookie data. On Friday, October 11, 2024, Plaintiffs produced Plaintiff Michael McBride's cookie data. In their October 11, 2024 production letter, Plaintiffs advised Defendant that Plaintiffs are working to complete processing and review of Plaintiff Klein and Halim's data, and advised Defendant of technical issues impeding the effort to extract data from Plaintiff Karwowski's device. Plaintiffs are working diligently on these issues and will produce responsive data as soon as possible, but on

October 14, 2024, Defendant informed Plaintiff that it insisted on going forward with this joint discovery letter.

Additionally, Defendant argues that this data is relevant to standing, but the Court directed the parties in the first phase to focus on the issue of whether and how information is being shared with third party advertisers,[1] not questions of standing, which can be taken up at the next phase of the case. For all these reasons, Plaintiffs' cookie data production is not untimely, and an order compelling its production would be unwarranted, particularly because Plaintiffs are diligently endeavoring to produce the remaining responsive cookie data. And Defendant provides no basis for its arbitrary request for production within 10 days.

The potential evidentiary remedies Defendant requests—deeming certain facts established and drawing adverse inferences—are also unwarranted. Rule 37's dispositive sanctions are extreme and severe and should only be ordered under similarly extreme and severe circumstances. *See Funai Elec. Co. v. Daewoo Elecs. Corp.*, No. C 04-1830 CRB (JL), 2007 WL 9735062, at *3 (N.D. Cal. Mar. 28, 2007) ("Under Rule 37(b)(2), subsections (A) through (C), sanctions are appropriate only in extreme circumstances and where the violation is due to willfulness, bad faith, or fault of the party." (internal citations omitted) (internal quotation marks omitted)); *see also Prime Media Grp., LLC v. Acer Am. Corp.*, No. 12-CV-05020-BLF, 2015 WL 527836, at *2 (N.D. Cal. Feb. 6, 2015) ("The adverse inference instruction is an 'extreme sanction and should not be taken lightly.'").

**Defendant's request fails under Fed. R. Civ. P. 37(e)(2).** Importantly, the 2015 amendment to Federal Rule of Civil Procedure 37(e), "Failure to Preserve Electronically Stored Information," "rejects cases such as *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99 (2d Cir. 2002), that authorize the giving of adverse-inference instructions on a finding of negligence or gross negligence." Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment.

[1] *See* Initial Case Management Conference Tr. at 6:12-22 ("[I]n terms of the proposed schedule, I understand the parties have these competing proposals. I do understand why it would make sense in this case to have the motion for summary judgment in advance of the motion for class certification, because there's – it seems to be such a hotly contested issue as to whether and – and how information is being shared with third party advertisers that is being gathered by the ASOP Program. So, I think it makes sense to address that right off the bat. It will save you all money and time and will be more efficient for everybody.").

The rule instead requires a finding that "that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2); *see Dish Network L.L.C. v. Jadoo TV, Inc.*, No. 20-CV-01891-CRB (LB), 2022 WL 11270394, at *4 (N.D. Cal. Oct. 19, 2022) (refusing to find intent even where facts arguably suggested negligence and gross negligence).

Further, Defendant does not even suggest that the status of Plaintiffs' cookie data production is the result of willfulness, bad faith, or the fault of Plaintiffs, nor has Defendant suggested, much less demonstrated, that Plaintiffs have acted with an intent to deprive Defendant of access to their cookie data. *See Dish Network L.L.C.*, 2022 WL 11270394, at *4 ("The moving party has the burden to establish intent to obtain the more severe sanctions available under Rule 37(e)(2)."). Thus, under Federal Rule of Civil Procedure 37(e)(2), the adverse inference relief Defendant requests is unavailable. Plaintiffs have been working diligently alongside experts to extract and produce data from Plaintiffs' devices that is responsive to Defendant's requests. However, this process takes time and has not proven to be as simple as Defendant suggests. Not all operating systems and file structures are the same, so before data collection and processing began, it was necessary devise reliable ways of extracting cookie data from Plaintiffs' devices with different operating systems. Once Plaintiffs' data was collected, Plaintiffs' forensic experts needed to recover and reconstruct historical cookie data found on their devices. Then it was necessary to analyze the data to find the cookies of interest.

Plaintiffs have done their best to timely produce the results of that process. Plaintiffs produced responsive cookie data on October 11, 2024, and will be producing outstanding responsive cookie data as soon as practicable, and that process would not be helped by the imposition of Defendant's requested ten-day window. And while Defendant's sanctions proposal fails at the outset under Fed. R. Civ. P. 37(e)(2), its request to impose an adverse inference after an arbitrary ten-day window is particularly unwarranted.

<u>**Defendant's request also fails under Fed. R. Civ. P. 37(e)(1).**</u> Further, even under the milder "measures no greater than necessary to cure the prejudice" standard of FRCP 37(e)(1), which Defendant has not requested, there has been no showing whatsoever of prejudice. *AliveCor, Inc. v. Apple, Inc.*, No. 21-CV-03958-JSW, 2023 WL 4335293, at *4 (N.D. Cal. June 2, 2023)

("Rule 37(e)(1) requires a showing of prejudice before sanctions may issue. […] "Prejudice exists where the [nonmoving party's] actions impaired [the moving party's] ability to go to trial or threatened to interfere with the rightful decision of the case." (internal citations omitted) (internal quotations marks omitted)). And the remedies Defendant requests are improper because they are greater than necessary to cure any hypothetical prejudice here. Plaintiffs' rolling production of responsive cookie data will not impair Defendant's ability to go to trial or interfere with deciding this case; there is still ample time before even the summary judgment deadlines in this case. Therefore, by definition any measures would be greater than necessary to cure the nonexistent prejudice here. Indeed, there is a much easier and fairer alternative here. Information in Defendant's possession—their own records concerning which cookies it configured its website to install on which dates—can show that the Subject Cookies were installed by their website on Plaintiffs' devices and therefore provide the information Defendants seek.

Whether or not certain cookies were still on Plaintiffs' devices when Defendant issued its discovery requests is not determinative of whether they were affected by Defendant's conduct. After all, cookies are particularly ephemeral data, they may be lost for innocent reasons through no fault of any party, and Plaintiffs' experts can attest to that. For example, some cookies have expiration dates, others are temporary instead of persistent cookies, and still others are deleted automatically or overwritten due to the policies of third parties or the domain they are associated with. Thus, it is possible some cookie data that existed in the past will be incapable of being produced. But, that is not evidence of willfulness, bad faith, or the fault of a party, nor is it evidence that Plaintiffs acted with an intent to deprive Defendant of access to their cookie data. And, for the same reasons as explained above, Defendant will not suffer prejudice; it has the information functionally equivalent to the data it seeks in its own possession. Defendant cannot be said to have suffered any prejudice under these facts. Therefore, Defendant's requested Rule 37 sanctions are improper, and Defendant's request should be denied under FRCP 37(e)(1) for lack of prejudice, as well as under FRCP 37(e)(2) for lack of intent.

Accordingly, Defendant's request should be denied in its entirety

**[PLAINTIFFS' PROPOSED] ORDER**

On the date below, the Court considered Plaintiffs' and Defendant Gen Digital's Joint Discovery Letter re: Gen Digital's Request for Cookie Data or an Adverse Inference. The Court, having considered the Parties' joint letter, as well as any other argument and evidence of the record, orders as follows:

Defendant Gen Digital's requested relief is **DENIED**

**IT IS SO ORDERED**.

DATED: ____________________________

____________________________________
The Honorable Sallie Kim
United States Magistrate Judge

**[DEFENDANT'S PROPOSED] ORDER**

On the date below, the Court considered Plaintiffs' and Defendant Gen Digital's Joint Discovery Letter re: Gen Digital's Request for Cookie Data or an Adverse Inference. The Court, having considered the Parties' joint letter, as well as any other argument and evidence of the record, orders as follows:

Defendant Gen Digital's requested relief is **GRANTED**.

Plaintiffs are ordered to produce documents responsive to Gen Digital's Interrogatories No. 6 and 7 and Request for Production of Documents No. 4 within 10 days of the date of this Order. Should Plaintiffs fail to comply with this Order, an adverse inference shall be imposed whereby the parties may infer that Plaintiffs did not produce records demonstrating the Subject Cookies have been installed on Plaintiffs' browsers because such records do not exist.

**IT IS SO ORDERED**.

DATED: ___________________________

___________________________________
The Honorable Sallie Kim
United States Magistrate Judge

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Defendant Gen Digital's and Plaintiffs' Joint Discovery Letter re Gen Digital's Request for Cookie Data or an Adverse Inference. Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I, Serrin Turner, attest that concurrence in the filing of this document has been obtained.

Executed this 14th day of October 2024, in New York, New York.

.

*/s/Serrin Turner*
Serrin Turner