Ekwan E. Rhow - State Bar No. 174604
erhow@birdmarella.com
Marc E. Masters - State Bar No. 208375
mmasters@birdmarella.com
Christopher Jumin Lee - State Bar No. 322140
clee@birdmarella.com
BIRD, MARELLA, RHOW, LINCENBERG. DROOKS. & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Jonathan M. Rotter - State Bar No. 234137
jrotter@glancylaw.com
David J. Stone - State Bar No. 208961
dstone@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
Email: info@glancylaw.com

Korey A. Nelson (admitted *pro hac vice*)
knelson@burnscharest.com
Amanda K. Klevorn (admitted *pro hac vice*)
aklevorn@burnscharest.com
Claire Bosarge Curwick (admitted *pro hac vice*)
cbosarge@burnscharest.com
Logan B. Fontenot (admitted *pro hac vice*)
lfontenot@burnscharest.com
BURNS CHAREST LLP
201 Saint Charles Avenue, Suite 2900
New Orleans, Louisiana 70170
Telephone: (504) 799-2845
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

CHRISTOPHER KARWOWSKI, MELODY KLEIN, MICHAEL MCBRIDE, and AIMEN HALIM, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

GEN DIGITAL INC. a corporation.

Defendants,

CASE NO. 3:22-cv-08981-RFL

**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (FED. R. CIV. P. 72(A); L.R. 72-2) AT ECF 128**

Judge: Hon. Rita F. Lin

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2, Plaintiffs Christopher Karwowski, Melody Klein, Michael McBride, and Aimen Halim (together "Plaintiffs") respectfully move this Court for relief from the Nondispositive Pretrial Order of Magistrate Judge Sallie Kim on Plaintiffs' And Defendant Gen Digital's Joint Discovery Letter Re: Source Code. ECF No. 128 (the "Order").

This motion is made on the grounds that (1) the factual determinations set forth in Order are clearly erroneous; and (2) the legal determinations are contrary to the controlling legal precedent.

The Motion is based upon this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, the Declaration of Jonathan Rotter, accompanying exhibits, all of the papers on file in this action, and upon such other and further evidence or argument that the Court may consider.

DATED: October 22, 2024

Ekwan E. Rhow
Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLP

By: */s/ Ekwan E. Rhow*
Ekwan E. Rhow
Attorneys for Movants Grace Lau, Christopher Karwowski, Melody Klein, Michael McBride, and Aimen Halim

**Introduction**: Plaintiffs ask the Court to vacate the Order denying Plaintiffs' motion to compel Defendant to produce the requested source code. Despite not allowing for the submission of declarations (Judge Kim Standing Order at 5:5-8), and thus depriving Plaintiffs of the chance to submit a declaration from their expert explaining the need to inspect Defendant's source code, Judge Kim relied on two declarations from Defendant filed in connection with a different motion, briefed under different rules that allowed the submission of declarations, to conclude that Plaintiff's position was not convincing. Plaintiffs were not provided an opportunity to submit a rebuttal declaration explaining why Defendant's assertions fail to prove their position. Further, as Defendant provided no actual evidence of burden, Judge Kim correspondingly made no factual findings of burden, but denied discovery on the basis of burden as well. Judge Kim also held, without explanation, that the protective order agreed to by the parties and entered by the Court, which includes highly protective source code provisions, was insufficient. There's no evidence of that, but even if it were true, the appropriate remedy would have been to order additional protections. Judge Kim also faulted Plaintiffs for "the late date that Plaintiffs" made the request, which was well within the period that this Court sets for the submission of discovery disputes, and further, where Defendant delayed the submission of the dispute.

Judge Kim should have ordered the source code inspection or, at the very least, should have determined "what future proceedings are necessary" (per Judge Kim's standing order) for the Court to have an adequate record on which to make this critical discovery decision.

**Objections**: First, Plaintiffs object to Judge Kim's presumption that Defendant's cherry-picked production of source code (a) contained *all* relevant source code, and (2) was sufficient for Plaintiffs to evaluate the truth of Defendant's assertions. Judge Kim erred in relying on declarations submitted with another motion briefed under different rules that allowed the submission of declarations to conclude Plaintiffs did not need to review the entirety of the source code. Judge Kim gave Plaintiffs no opportunity to submit a declaration from their expert on this issue.

Second, Judge Kim denied discovery on grounds of burden without any evidence.

Third, Judge Kim concluded, without explanation, that the highly-protective source code

provisions of the stipulated protective order were insufficient, but did not order further protections.

Fourth, the Court's emphasis on the "late date" that Plaintiffs filed the Joint Letter was erroneous, considering the Joint Letter was filed timely and Defendant delayed the submission of the dispute the Court.

**<u>Plaintiffs' Expert Needs Independent Access to the Source Code</u>**: Judge Kim's joint discovery letter process did not allow Plaintiff to submit an expert declaration explaining the need to inspect the source code, so it was error to rely on Defendant's declarations submitted in connection with a different motion briefed under different rules under which declarations could be submitted. Nor was it correct to rely on Defendant's unilateral decision to cherry-pick what source code *it* deemed "relevant." It is inappropriate to rely on one party's view of what portions of the source code are relevant:

> ***Although defendant says it has produced what it believes are the relevant portions of the source code***, and although the court assumes that defendant's counsel made a sincere effort to produce what was relevant, litigants frequently disagree about what is relevant, partly because each litigant may perceive relevance differently based upon its distinct views concerning the case. Moreover, ***experience suggests that the ability of plaintiff's counsel (and plaintiff's expert) to properly understand the directly relevant portions of the source code may depend in part on their ability to review other portions of the source code*** that may not appear to defendant's counsel (who has the benefit of his client's tutoring) to be relevant or necessary to place the directly relevant portions of the source code in context. Accordingly, ***plaintiff's counsel should have at least some access to the entirety of the source code***.

*InTouch Techs., Inc. v. V*GO Commc'ns, Inc., 2012 WL 7783405, at *1 (C.D. Cal. Apr. 23, 2012) (emphasis added). Plaintiffs cited *InTouch*, but Judge Kim did not address it. *InTouch* explains why it is crucial Plaintiffs are provided at least some access to the entirety of Defendant's source code, because Plaintiffs' ability to confirm the relevance of *any* of Defendant's source code depends on their ability to "have at least some access to the entirety of the source code" *without* just accepting Defendant's word. *Id*. Judge Kim's order is thus clearly erroneous and contrary to law.

Plaintiffs explained their testing only provides visibility into AOSP's operations on the user's side, not on the server- or database-side, and therefore their testing can only confirm AOSP

includes third party cookies in transmissions of AOSP users' browsing data back to Defendant's and AOSP's servers. Joint Letter at 3. Without the requested source code (or discovery into what data third parties receive, which the Court already ruled Plaintiffs are not entitled to), Plaintiffs cannot directly show what happens to AOSP users' data *after* it is transmitted to AOSP's servers and databases. Joint Letter at 3. Judge Kim failed to address Plaintiffs' argument and erroneously found the source code to have "minimal relevance." That was error. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 941 F. Supp. 2d 513, 519 (D.N.J. 2005) (finding the Magistrate Judge's decision "was not accompanied by explanation and reasons, [and] such direction was arbitrary, and … clearly erroneous and contrary to law."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 (11th Cir. 1997) ("While [a Magistrate] has discretion to grant or deny [a motion to compel], it should not grant [or deny] the motion…without a meaningful explanation of its decision.").

It was clearly erroneous and contrary to law to accept as true Defendant's assertions that it "already produced [all] relevant source code" and that the source code Plaintiffs requested now contains "irrelevant information." Order at 1. Plaintiffs explained their testing shows that Defendant intentionally configured AOSP to transmit cookies back to its servers, as it is AOSP, not the web browsers used in Plaintiffs' testing, that is the origin of cookie-filled transmissions to Defendant's servers. Joint Letter at 4. For Defendant's servers to segment incoming cookie data and separate it from the millions of incoming data streams before supposedly ingesting a cookie-less data stream, it would cost Defendant *millions* of dollars over the relevant period. Joint Letter at 4. Given the value of Plaintiffs' cookie-linked data, it is unreasonable to assume that Defendant would incur such costs when Defendant could just configure AOSP to omit the third party cookies from the traffic flowing to its servers in the first place.

**<u>There Was no Showing of Burden</u>**: Judge Kim found Plaintiffs' source code requests to be "overly burdensome." Order at 1. However, Defendant offered no evidence of undue burden other than claiming without support that producing the code would be a "gargantuan undertaking." That is clearly erroneous and contrary to law. *In re Google Litig.*, 2011 WL 286173, at *5 (N.D. Cal. Jan. 27, 2011) ("no concrete, particularized evidence regarding the undue burden of

production…leads the court to conclude that no such undue burden is present, and that a production is warranted of all documents…"); *eDirect Publishing, Inc. v. LiveCareer, Ltd.*, 2014 WL 2527401 (N.D. Cal. 2014) (compelling source code production where no concrete undue burden identified).

**<u>The Stipulated Protective Order is Sufficient and, if Not, Should Have Been Modified</u>**: Judge Kim ruled that Plaintiffs' request "is not justified because the burden to Defendants and the threat to their confidential information outweighs its probative value to Plaintiffs." …" Order at 1. First, Defendant failed to provide any explanation as to why the stipulated protective order is insufficient to protect Defendant's source code. Joint Letter at 10. A stipulated protective order's conditions for treating confidential information are presumed reasonable in this district. *Karl Storz Endoscopy–Am., Inc. v. Stryker Corp.*, 2014 WL 6629431, at *2 (N.D. Cal. Nov. 21, 2014) ("[i]n the ordinary course, the court treats the [Northern District's] model protective order as setting forth presumptively reasonable conditions regarding the treatment of highly confidential information." (citation omitted)).

Second, just because the inspection might expose some irrelevant portions of the source code does not render the protective order's confidentiality protections inadequate, nor does it suggest "undue burden." *In re Subpoena to Third Party Sentieon, Inc.*, 2022 WL 17477092 (N.D. Cal. 2022) (no undue burden in producing source code pursuant to the protections in the protective order); *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 3246094, at *26 (N.D. Cal. June 26, 2013) (presence of a negotiated and stipulated protective order "sufficiently protected" Apple's interests in its source code production). Absent explanation why the protective order is inadequate, Judge Kim's ruling is clearly erroneous and contrary to law.

**<u>Plaintiffs' Request for Source Code and Submission of This Dispute Were Timely</u>**: Judge Kim erroneously held that seeking an order eleven days *before* the close of fact discovery (October 7, 2024) is a "late date" for such a request. Order at 1. That was enough time to receive a response after submission of the dispute, per this Court's Standing Order's requirements. And it was well before "more than 7 days after the applicable discovery cutoff", which is the outside date provided by the Standing Order. Further, Defendants delayed the presentation of the dispute to the

Court. Plaintiff served Defendant with Plaintiffs' portion of the joint letter concerning source code on September 17, 2024. Rotter Decl. at ¶ 2, Ex. 1. On the same date, counsel for Defendant expressed their "surprise" to receive Plaintiffs' letter, contending Plaintiffs had not yet exhausted the meet and confer process, and refused to provide their portion of the joint letter. *Id.* On September 18, 2024, Plaintiffs emailed Defendant, explaining that Defendant had rejected their narrowed request for source code, so Plaintiffs *had* exhausted the meet and confer requirements, but that if Defendant was willing to produce the source code, Plaintiffs were amenable to another meet and confer. *Id.* Defendant agreed to meet and confer again on September 19, 2024, but then simply refused to produce any source code. Defendant thus delayed Plaintiffs' submission of the joint discovery letter by another week. Rotter Decl. at ¶ 3, Ex. 2.

Plaintiffs' joint source code letter was not untimely and Judge Kim erred in characterizing the timing of the motion and in relying on that timing as part of the denial.

**Conclusion**: For the foregoing reasons, the Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge should be granted.

DATED: October 22, 2024

Ekwan E. Rhow
Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLP

By: */s/ Ekwan E. Rhow*
Ekwan E. Rhow
Attorneys for Movants Grace Lau, Christopher Karwowski, Melody Klein, Michael McBride, and Aimen Halim

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On October 22, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 22, 2024.

*s/ Jonathan M. Rotter*
Jonathan M. Rotter